IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:23-cv-01057-TDS-JLW

| | | |
|---|---|---|
| SHAUNA WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **STATE BOARD DEFENDANTS'** |
| | ) | **ANSWER** |
| REPRESENTATIVE DESTIN HALL, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, the North Carolina State Board of Elections, Alan Hirsch, Jeff Carmon, Stacy Eggers, IV, Kevin N. Lewis, and Siobhan O'Duffy Millen (collectively, the "State Board Defendants"), hereby answer Plaintiffs' Complaint [D.E. 1] as follows:

## INTRODUCTION

1.     It is admitted that Senate Bill 757 was passed on October 25, 2023. Otherwise, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

2.     It is admitted that North Carolina gained a congressional district as a result of the 2020 Census. Otherwise, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph

contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

3. State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

4. State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

5. State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

6. State Board Defendants neither admit nor deny this allegation to the extent the allegation states Plaintiffs' request for relief. As to remainder of the allegation, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations,

- 2 -

no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**PARTIES**

**A.      Plaintiffs**

7.      Admitted to the extent it is alleged that Shauna Williams is a registered voter residing in Warrenton, Warren County, whose residence is within Congressional District 1 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

8.      Admitted to the extent it is alleged that Flor Herrera-Picasso is a registered voter residing in Wilson, Wilson County, whose residence is within Congressional District 1 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

9.      Admitted to the extent it is alleged that Minerva Freeman is a registered voter residing in Pitt County, whose residence is within Congressional District 1 under the 2022 Congressional Plan and Congressional District 3 under the 2023 Congressional Plan. Denied to the extent that the paragraph alleges Ms. Freeman's residence is currently in Greenville, North Carolina. Review of information available through the State Election Information Management System ("SEIMS") indicates that Ms. Freeman's residence is in Fountain, North Carolina. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

Case 1:23-cv-01057-TDS-JLW   Document 27   Filed 02/12/24   Page 3 of 32

10.     Admitted to the extent it is alleged that Maura Aceto is a registered voter residing in Greenville, Pitt County, whose residence is within Congressional District 1 under the 2022 Congressional Plan and Congressional District 3 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

11.     Admitted to the extent it is alleged that Javier Limon is a registered voter residing in Pitt County, whose residence is within Congressional District 1 under the 2022 Congressional Plan and Congressional District 3 under the 2023 Congressional Plan. Denied to the extent that the paragraph alleges Mr. Limon's residence is currently in Greenville, North Carolina. Review of information available through SEIMS indicates that Mr. Limon's residence is in Winterville, North Carolina. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

12.     Admitted to the extent it is alleged that Armenta Eaton is a registered voter residing in Louisburg, Franklin County, whose residence is within Congressional District 1 under the 2022 Congressional Plan and Congressional District 13 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

13.     Admitted to the extent it is alleged that James Adams is a registered voter residing in High Point, Guilford County, whose residence is within Congressional District 6 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

14.     Admitted to the extent it is alleged that Luciano Gonzalez-Vega is a registered voter residing in Greensboro, Guilford County, whose residence is within Congressional District 6 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

15.     Admitted to the extent it is alleged that Chenita Johnson is a registered voter residing in Winston-Salem, Forsyth County, whose residence is within Congressional District 6 under the 2022 Congressional Plan and Congressional District 10 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

16.     Admitted to the extent it is alleged that Pamlyn Stubbs is a registered voter residing in Greensboro, Guilford County, whose residence is within Congressional District 6 under the 2022 Congressional Plan and Congressional District 5 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

17.     Admitted to the extent it is alleged that Earl Jones is a registered voter residing in Greensboro, Guilford County, whose residence is within Congressional District 6 under the 2022 Congressional Plan and Congressional District 5 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

18.     Admitted to the extent it is alleged that Allison Shari Allen is a registered

voter residing in Charlotte, Mecklenburg County whose residence is within Congressional District 14 under the 2022 Congressional Plan and Congressional District 12 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

19.     Admitted to the extent it is alleged that Laura McClettie is a registered voter residing in Charlotte, Mecklenburg County whose residence is within Congressional District 14 under the 2022 Congressional Plan and Congressional District 12 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

20.     Admitted to the extent it is alleged that Nelda Leon is a registered voter residing in Charlotte, Mecklenburg County whose residence is within Congressional District 14 under the 2022 Congressional Plan and Congressional District 12 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

21.     Admitted to the extent it is alleged that German De Castro is a registered voter residing in Charlotte, Mecklenburg County whose residence is within Congressional District 14 under the 2022 Congressional Plan and Congressional District 12 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

22.     Admitted to the extent it is alleged that Alan Rene Oliva Chapela is a registered voter residing in Charlotte, Mecklenburg County whose residence is within

Congressional District 14 under the 2022 Congressional Plan and Congressional District 12 under the 2023 Congressional Plan. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

23.     Admitted to the extent it is alleged that Virginia Keogh is a registered voter residing in Charlotte, Mecklenburg County whose residence is within Congressional District 14 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

24.     Admitted to the extent it is alleged that Natalee Nanette Nieves is a registered voter residing in Gastonia, Gaston County, whose residence is within Congressional District 14 under the 2022 and 2023 Congressional Plans. Otherwise, State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

**B.     Defendants**

25.     Admitted upon information and belief.

26.     Admitted upon information and belief.

27.     Admitted upon information and belief.

28.     Admitted upon information and belief.

29.     Admitted upon information and belief.

30.     Admitted upon information and belief.

31.     Admitted.

32.     Admitted.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

## JURISDICTION AND VENUE

37.    Admitted upon information and belief.

38.    Admitted.

39.    Admitted.

40.    Admitted upon information and belief.

41.    Admitted.

42.    Admitted.

## STATEMENT OF FACTS

**A.     North Carolina's Post-2020 Census Redistricting Process**

43.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

44.    It is admitted that North Carolina gained a congressional district based upon the 2020 Census. State Board Defendants lack sufficient information to admit or deny the

remaining allegations in this paragraph.

45.　It is admitted that on November 4, 2021, the North Carolina General Assembly enacted new legislative and congressional districts, which is a matter of public record, speaks for itself, and is the best evidence of its content.

46.　State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

47.　Neither admitted nor denied to the extent that the allegation refers to the result and content of a case that is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

48.　Neither admitted nor denied to the extent that the allegation refers to legislation and the results and content of the cited case that are matters of public record, speak for themselves, are the best evidence of their content, and contain legal conclusions.

49.　Neither admitted nor denied to the extent that the allegation refers to action taken in the course of litigation that is a matter of public record, which speaks for itself and is the best evidence of its content.

50.　Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

51.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislation that is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

52.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

53.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

54. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

55. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

56. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

57. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

58.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

59.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

60.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

61.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

62.     Admitted to the extent that the legislative act and its legislative history are matters of public record which speak for themselves and are the best evidence of their content.

### B.     The 2023 Congressional Redistricting Plan

63.     State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

64.     State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

- 13 -

**Congressional District 1**

65.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegations in the paragraph.

66.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

67.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

68.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

69.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

70.     Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

71.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

- 15 -

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

72.     Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**Congressional District 6**

73.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegations in the paragraph.

74.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegations in the paragraph.

75. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

76. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

77. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

78. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

79.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

80.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

81.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

82. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

83. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

84. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

85.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

86.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

87.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

88.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

### **Congressional Districts 12 and 14**

89.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegations in the paragraph.

90.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegations in the paragraph.

91.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

92. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

93. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

94. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

95. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

96. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

97. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that the allegation refers to legislative action that is a matter of public record which speaks for itself and is the best evidence of

its content, it is neither admitted nor denied. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

98.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

99.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

100.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

101.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or

conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

### C. Racial Discrimination and Voting in North Carolina

102.    Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

103.    Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

104.    Neither admitted nor denied to the extent that the allegation refers to matters that are of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory

allegations, or any remaining allegations.

105.    Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

106.    Neither admitted nor denied to the extent that the allegation refers to matters that are of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

107.    Neither admitted nor denied to the extent that the allegation references cases that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

108.    Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of

their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

109. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

110. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

111. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the

argument, conclusory allegations, or any remaining allegations.

## CAUSES OF ACTION

### COUNT I
**2023 Congressional Plan's violations of the Fourteenth Amendment to the U.S.
Constitution: CDs 1, 6, 12, and 14
U.S. Const. amend. XIV; 42 U.S.C. § 1983
(Racial Gerrymandering)**

112.    State Board Defendants incorporate their previous responses.

113.    Neither admitted nor denied to the extent that the law cited is a matter of public record, speaks for itself, and is the best evidence of its contents.

114.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

115.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

116.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

117.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

118.    State Board Defendants neither admit nor deny the allegation as it is not

directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

119. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

120. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

121. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

122. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or

conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**COUNT II**
**2023 Congressional Plan's violations**
**of the Fourteenth and Fifteenth Amendments to the**
**U.S. Constitution**
**U.S. Const. amends. XIV and XV; 42 U.S.C §1983**
**(Intentional Discrimination)**

123.    State Board Defendants incorporate their previous responses.

124.    Neither admitted nor denied to the extent that the law cited is a matter of public record, speaks for itself, and is the best evidence of its contents.

125.    Neither admitted nor denied to the extent that the law cited is a matter of public record, speaks for itself, and is the best evidence of its contents.

126.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

127.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

128.    Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

- 30 -

129.   State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

130.   State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

131.   State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

132.   State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

133.   State Board Defendants neither admit nor deny the allegation as it is not

directed at State Board Defendants. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFFS' COMPLAINT, INCLUDING THE RELIEF REQUESTED, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.**

**FURTHER ANSWERING THE COMPLAINT AND AS FOR ANY DEFENSES THERETO, DEFENDANTS ASSERT THE FOLLOWING:**

State Board Defendants reserve the right to assert defenses against Plaintiff that may become apparent during the course of litigation and discovery.

Respectfully submitted this the 12th day of February, 2024.

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Mary Carla Babb
Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
mcbabb@ncdoj.gov

Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov


N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6567
Facsimile: (919) 716-6761

*Attorneys for the State Board*

- 32 -