# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*, <br><br> Defendants. | Case No. 1:23-cv-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*, <br><br> Defendants. | Case No. 1:23-cv-1104 |

## REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO LEGISLATIVE DEFENDANTS' MOTION TO CONSOLIDATE

Both *NAACP* and *Williams* Plaintiffs' (collectively the "Plaintiffs") responses to Legislative Defendants' Motion to Consolidate reveal that these cases are more alike than different. Plaintiffs concede that the threshold requirement of having common questions of law and fact for consolidation is met as both *Williams* and *NAACP* Plaintiffs challenge

the 2023 Congressional Plan under the Fourteenth and Fifteenth Amendments for alleged intentional discrimination by Legislative Defendants. [*Williams*, 1:23-cv-1057, D.E. 28 at 6; *NAACP*, 1:23-cv-1104, D.E. 32 at 16]. Furthermore, weighing the required factors under *Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, (4th Cir. 1982) shows that the benefits of consolidation greatly outweigh any minimal risks articulated by Plaintiffs. Legislative Defendants' Motion to Consolidate should be granted.

## ARGUMENT

Plaintiffs' responses concede that when the threshold requirement of having "a common question of law and fact" is met, the court has full discretion to grant a consolidation motion. [*Williams*, 1:23-cv-1057, D.E. 28 at 2 (citing *Pariseau v. Andoyne Healthcare Mgmt., Inc.*, No. 3:04-CV-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006)); *NAACP*, 1:23-cv-1104, D.E. 32 at 11]. Plaintiffs further agree that in exercising this discretion, courts generally "weigh the risk of prejudice and confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit." *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 371 (M.D.N.C. 2003) (citation omitted). [*Williams*, 1:23-cv-1057, D.E. 28 at 2 (citing same); *NAACP*, 1:23-cv-1104, D.E. 32 at 11 (citing same)]. Because all factors weigh in favor of consolidation, the Court should grant Legislative Defendants' Motion.

## I. It is undisputed that these cases involve common questions of law and fact.

Rule 42(a) of the Federal Rules of Civil Procedure does not require complete overlap of claims and facts for cases to be consolidated. *Pariseau*, 2006 WL 325379, at *1; *see En Fuego Tobacco Shop LLC v. U.S. FDA*, 356 F. Supp. 3d 1, 11 (D.D.C. 2019) ("The fact that one set of plaintiffs advances different claims or theories does not, without more, defeat the benefits of a single judge deciding related challenges."). A "single common question" can be sufficient for consolidation under Rule 42(a). *Pariseau*, 2006 WL 325379, at *2 (question of legality of the sale of certain corporate assets was "sufficient to meet the threshold requirement" under Rule 42(a)).

Here, Plaintiffs concede that each case brings a statewide challenge to the 2023 Congressional Plan under the Fourteenth and Fifteenth Amendments for alleged intentional discrimination. [*Williams*, 1:23-cv-1057, D.E. 28 at 6; *NAACP*, 1:23-cv-1104, D.E. 32 at 16]. That single common question, in and of itself, is sufficient to meet the threshold requirement under Fed. R. Civ. P. 42(a). However, in addition to this common claim as to the 2023 Congressional Plan, *NAACP* Plaintiffs bring the exact same statewide intentional discrimination claim for the 2023 Senate and House Plans. [*NAACP*, 1:23-cv-1104, D.E. 32 at 9 citing Counts 5 and 9 of their Complaint]. This means that all three 2023 redistricting plans are challenged statewide, under the same theory of intentional discrimination.

In addition to the complete overlap in statewide intentional discrimination claims, *NAACP* Plaintiffs challenge seven Senate Districts and thirteen House Districts under

theories that they categorize as "Malapportionment" claims. *[Id.* citing counts 3 and 7]. But, really these are poorly disguised claims of intentional discrimination. [*See* NAACP D.E. 1. ¶273]. Notably five of the seven Senate Districts and six of the thirteen House Districts challenged under this theory are in the same areas of the state challenged by *Williams* Plaintiffs under discrimination or racial gerrymandering theories. Thus under both *Williams* and *NAACP,* the crux of the claims in this area involve the question of whether the legislature intentionally discriminated on the basis of race in drawing districts. That question is common to both cases under the principle that, even though racial-gerrymandering claims must be brought against specific districts, courts may "consider evidence pertaining to an area that is larger or smaller than the district at issue" in evaluating such a claim because "a legislature may pursue a common redistricting policy as to multiple districts." *Bethune-Hill v. Va. St. Bd. of Elec.,* 580 U.S. 178, 192 (2017). *See also Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 263 (2015) ("[v]oters, of course, can present statewide *evidence* in order to prove racial gerrymandering in a particular district"). And there is no need for this inquiry to be conducted in two separate cases. In sum, the Court would be hard pressed to find any constitutional cases with more overlapping questions of law than these.

**II. Plaintiffs' arguments regarding the balancing factors are unavailing.**

Plaintiffs' balancing factors arguments boil down to a simple school-yard fear of their trial being picked last. [*Williams*, 1:23-cv-1057, D.E. 28 at 6; *NAACP*, 1:23-cv-1104, D.E. 32 at 16]. Because of their fear that each could be denied potential relief ahead of the

4

2026 elections (which are more than two years away), Plaintiffs offer nothing but circular arguments that actually support consolidation.

First, the two sets of Plaintiffs insist their cases ought not be consolidated because *Williams* Plaintiffs' challenge is "far narrower" than NAACP Plaintiffs' challenge, and consolidation would add "substantial, unnecessary expense to litigating their claims." [*Williams*, 1:23-cv-1057, D.E. 28 at 1, 3. *See also NAACP*, 1:23-cv-1104, D.E. 32, at 6, 8–11 (raising similar points).] But they do not say how that is so. As set forth above, it is undeniable that both *Williams* and *NAACP* Plaintiffs challenge the entire congressional plan in their respective intentional discrimination claims, and that each assert district-specific challenges to two of the same congressional districts (CD-1 and CD-6). [*NAACP*, 1:23-cv-1104, D.E. 32 at 5–6]. That overlap is substantial, and consolidation would enhance judicial economy, not detract from it. And while it is true that *Williams* Plaintiffs do not challenge the state legislative plans, nothing about a consolidation order would compel them to actively take discovery or otherwise litigate *NAACP* Plaintiffs' claims against those other plans.

Plaintiffs' answer to the case-administration problems inherent in their overlapping challenges is to claim that, instead of consolidation, the parties could just come up with some solution for joint discovery or depositions. [*Williams*, 1:23-cv-1057, D.E. 28 at 4; *NAACP*, 1:23-cv-1104, D.E. 32 at 16]. But the potential for joint discovery without consolidation falls apart under the slightest scrutiny. Tellingly, neither set of Plaintiffs propose a practical solution for how discovery could proceed jointly when cases set on

5

different tracks will have different discovery periods. And even if joint discovery was feasible, Plaintiffs ignore that absent consolidation, these trials cannot be conducted simultaneously—which, practically speaking, means someone must be picked last. And importantly, separate trials could lead to inconsistent results on the same claims of intentional discrimination claims, or make key factual findings that are inconsistent in the same geographic area.

*Second,* Plaintiffs claim that it would be inappropriate for the Court to consolidate these actions over their objections. But the mere fact that Plaintiffs oppose the Motion does not doom consolidation. *See League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-259-DCG-JES-JVB, 2021 WL 5417402, *1-*2 (W.D. Tex. Nov. 19, 2021) (granting partially opposed motion and *sua sponte* consolidating additional cases challenging Texas's 2021 congressional and state legislative plans under the Fourteenth Amendment and Section 2 of the Voting Rights Act); *Arnold,* 681 F.2d at 194 (affirming consolidation over objections); *United States v. Wesley,* Nos. 1:14-cv-1032, 1:14-cv-422, 2015 WL 3767151, at *1 (M.D.N.C. Jun. 16, 2015) (adopting recommendation to consolidate discovery and trial over objections); *NuPro Techs., Inc., v. E.I. Du Pont de Nemours Co.,* Nos. 1:06cv1061, 1:08cv199, 2008 WL 11355091, at *1-2 (M.D.N.C. Jul. 15, 2008) (granting motion to consolidate cases over the plaintiff's objection). In fact, as recognized by *Williams* Plaintiffs in their response (n.4), courts do consolidate redistricting cases involving both congressional and legislative districts, even when a party objects. *See*

*Georgia State Conference of the NAACP,* NO. 1:21-cv-538ELB-SCJ-SDG, 2023 WL 7093025, ECF No. 40.

*Third,* Plaintiffs repeatedly claim that the time before the 2026 elections weighs heavily against consolidation. But Plaintiffs waited approximately six (*Williams*) to eight (*NAACP*) weeks to file suit and have added additional time in simply opposing this motion. *NAACP* Plaintiffs' opposition is especially curious given that many of their claims, by their own admission, overlap with *Williams* Plaintiffs' claims. [D.E. 32 p. 4-5]. *NAACP* Plaintiffs' Section 2 challenge to Senate Districts 1 and 2 also overlap with another case, *Pierce v. North Carolina State Board of Elections*, No. 4:23-CV-193, pending in the Eastern District of North Carolina. And, as the last in time to file their redistricting challenge, *NAACP* Plaintiffs have multiple claims that are subject to the first-to-file rule. *See, e.g., Walker Group, Inc. v. First Layer Communications, Inc.*, 333 F. Supp. 2d 256, 459 (M.D.N.C. 2004). This means that, if the *Williams* and *NAACP* cases proceed separately, several of the *NAACP's* claims, in addition to the Section 2 claim as to Senate Districts 1 and 2, should be stayed pending final adjudication of both *Pierce* and *Williams*. *See id.* As a result, if ensuring prompt relief is the goal, *NAACP* Plaintiffs should support consolidation.

*Fourth*, other synergies make consolidation an easy choice under the balancing test. *See Harris v. L & L Wings, Inc.*, 132 F.3d 987, 981 n. 2 (4th Cir. 1997) (noting consolidation was appropriate where claims were "brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same

7

defenses, clearly meet this standard"). The pool of experts in redistricting cases is small, and there is likely overlap in experts for both Plaintiffs and Legislative Defendants. This means that not only could there be a time savings for both parties, but an economic saving as well. The same is true for costs like deposition and trial transcripts. The fact witnesses, at least on the defense side, are the same, if not identical. The legislative record is identical. The taxpayers of North Carolina should not have to shoulder the burden for duplicative proceedings, especially when it is likely consolidation would result in a cost savings for Plaintiffs, too. Moreover, consolidation conserves the judicial resources of busy judges, who should not be forced to listen to the same arguments, the same testimony from the same witnesses or review the same exhibits and legislative record twice—all because Plaintiffs object to playing together in the schoolyard.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in their Memorandum in Support of Motion, Legislative Defendants respectfully ask the Court to grant their Motion to Consolidate.

Respectfully submitted, this the 29th day of February, 2024.

| **BAKERHOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| Richard B. Raile** <br> DC Bar No. 1015689 <br> Katherine L. McKnight** <br> Trevor Stanley** <br> 1050 Connecticut Ave. NW <br> Suite 1100 <br> Washington DC 20036 | By: /s/ Phillip J. Strach <br> Phillip J. Strach <br> North Carolina State Bar no. 29456 <br> Thomas A. Farr <br> North Carolina State Bar no. 10871 <br> Alyssa M. Riggins <br> North Carolina State Bar no. 52366 |

Ph: (202) 861-1500
rraile@bakerlaw.com
kmcknight@bakerlaw.com
tstanley@bakerlaw.com

Rachel Hooper**
Texas State Bar no. 24039102
Tyler G. Doyle**
Texas State Bar no. 24072075
811 Main Street, Suite 1100
Houston, Texas 77002
Ph: (713) 751-1600
rhooper@bakerlaw.com
tgdoyle@bakerlaw.com

Patrick T. Lewis**
Ohio State Bar no. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

*\* Notice of Special Appearance Forthcoming*

Cassie A. Holt
North Carolina State Bar no. 56505
Alexandra M. Bradley
North Carolina State Bar no. 54872
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
alex.bradley@nelsonmullins.com

9

Case 1:23-cv-01057-TDS-JLW   Document 29   Filed 02/29/24   Page 9 of 11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 1794 words as counted by the word count feature of Microsoft Word.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:/s/ Phillip J. Strach
 Phillip J. Strach
 N.C. State Bar No. 29456

## CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 29th day of February, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456