## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

SHAUNA WILLIAMS, et al.,

                Plaintiffs,

vs.

REPRESENTATIVE DESTIN HALL, in his
official capacity as Chair of the House Standing
Committee on Redistricting; et al.,

                Defendants.

Case No. 1:23-cv-1057

**ANSWER OF LEGISLATIVE
DEFENDANTS TO AMENDED
COMPLAINT**

---

Defendants Representative Destin Hall, Senator Ralph Hise, Senator Paul Newton, Senator Warren Daniel, Speaker Timothy K. Moore, and President Pro Tem Philip E. Berger, all in their official capacities ("Legislative Defendants") answer the specific allegations of Plaintiffs' Amended Complaint as follows:

### "INTRODUCTION"

1. Legislative Defendants admit that North Carolina's 2023 Congressional Plan was ratified as Senate Bill 757 on October 25, 2023. In all other respects, Legislative Defendants deny the allegations of paragraph 1.

2. Legislative Defendants admit that North Carolina gained a congressional district after the 2020 Census. In all other respects, Legislative Defendants deny the allegations of paragraph 2.

3. Legislative Defendants deny the allegations of paragraph 3.

4. Legislative Defendants deny the allegations of paragraph 4.

5.     Legislative Defendants deny the allegations of paragraph 5.

6.     Legislative Defendants admit that Plaintiffs seek relief as specified in Plaintiffs' Amended Complaint, but specifically deny that Plaintiffs are entitled to any relief whatsoever. In all other respects, Legislative Defendants deny the allegations of paragraph 6.

## "PARTIES

**A. Plaintiffs"**

7.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10.     Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 10.

11.     Legislative Defendants lack knowledge or information sufficient to form a belief about the allegations of paragraph 11.

12.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13.

14.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

**"B. Defendants"**

25.     Legislative Defendants admit the allegations of paragraph 25.

26.     Legislative Defendants admit the allegations of paragraph 26.

27.     Legislative Defendants admit the allegations of paragraph 27.

28.     Legislative Defendants admit that allegations of paragraph 28.

29.     Legislative Defendants admit the allegations of paragraph 29.

30.     Legislative Defendants admit the allegations of paragraph 30.

31.     Legislative Defendants admit the allegations of paragraph 31.

32.     Legislative Defendants admit the allegations of paragraph 32.

33.     Legislative Defendants admit the allegations of paragraph 33.

34.     Legislative Defendants admit the allegations of paragraph 34.

35.     Legislative Defendants admit the allegations of paragraph 35.

36.     Legislative Defendants admit the allegations of paragraph 36.

**"JURISDICTION AND VENUE"**

37.     Legislative Defendants admit that Plaintiffs allege that their claims arise under the Fourteenth and Fifteenth Amendments to the U.S. Constitution and Section 2 of the Voting Rights Act. Legislative Defendants specifically deny that the 2023 Congressional Plan violates the Fourteenth or Fifteenth Amendments to the U.S.

4

Constitution, or Section 2 of the Voting Rights Act. In all other respects, Legislative Defendants deny the allegations of paragraph 37.

38.     Legislative Defendants admit that the statutes cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 38.

39.     Legislative Defendants admit the allegations of paragraph 39.

40.     Legislative Defendants admit that the statute cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 40.

41.     Legislative Defendants admit the allegations of paragraph 41.

42.     Legislative Defendants admit that the Federal Rules of Civil Procedure and statutes cited by Plaintiffs speak for themselves. Legislative Defendants specifically deny that Plaintiffs are entitled to any relief whatsoever. In all other respects, Legislative Defendants deny the allegations of paragraph 42.

## "STATEMENT OF FACTS

### A. North Carolina's Post-2020 Census Redistricting Process"

43.     Legislative Defendants admit that the federal and state constitutional provisions cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 43.

44.     Legislative Defendants admit that North Carolina gained a congressional district after the 2020 Census. In all other respects, Legislative Defendants deny the allegations of paragraph 44.

45.     Legislative Defendants admit that the General Assembly ratified new redistricting plans for Congress and the state house and state senate on or about November 4, 2021. In all other respects, Legislative Defendants deny the allegations of paragraph 45.

46.     Legislative Defendants deny the allegations of paragraph 46.

47.     Legislative Defendants admit that on February 4, 2022, the North Carolina Supreme Court issued a ruling that the congressional and state house and state senate redistricting plans violated the North Carolina Constitution and that this decision, which was subsequently overruled, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 47.

48.     Legislative Defendants admit that the *Harper* decision cited by Plaintiffs speaks for itself. Legislative Defendants further admit that neither the North Carolina Superior Court, nor the North Carolina Supreme Court, found evidence of legally significant racially polarized voting in the *Harper* litigation. In all other respects, Legislative Defendants deny the allegations of paragraph 48.

49.     Legislative Defendants admit that on February 17, 2022, the General Assembly ratified remedial maps in response to the decision by the North Carolina Supreme Court that the Wake County Superior Court subsequently held that the remedial congressional map violated the North Carolina Constitution, and that the opinion by the Superior Court in *Harper v. Hall*, File No. 21 CVS 015426, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 49.

50.     Legislative Defendants admit the allegations of paragraph 50.

6

51.     Legislative Defendants admit that the cited case speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 51.

52.     Legislative Defendants deny the allegations of paragraph 52.

53.     Legislative Defendants deny the allegations of paragraph 53.

54.     Legislative Defendants admit that the General Assembly held three public hearings during the 2023 redistricting process and that none of the hearings occurred in the cities cited by Plaintiffs. In all other respects, Legislative Defendants deny the allegations of paragraph 54.

55.     Legislative Defendants admit that the Legislative Record regarding Senate Bill 757, including the adoption of criteria, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 55.

56.     Legislative Defendants admit that statements made at public hearings are a matter of public record and speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 56.

57.     Legislative Defendants admit that the Legislative Record of Senate Bill 757 and the documents of the Senate Redistricting and Elections Committee are publicly available on the General Assembly's website and speak for themselves. In all other respects, the Legislative Defendants deny the allegations of paragraph 57.

58.     Legislative Defendants admit that the Legislative Record of Senate Bill 757 and the documents of the Senate Redistricting and Elections Committee and the House Standing Committee on Redistricting are publicly available on the General Assembly's

website and speak for themselves. In all other respects, the Legislative Defendants deny the allegations of paragraph 58.

59. Legislative Defendants admit that published criteria for congressional redistricting speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 59.

60. Legislative Defendants admit that the Legislative Record of Senate Bill 757 and the documents of the Senate Redistricting and Elections Committee, including the public videos of the Committee meetings, are publicly available on the General Assembly's website and speak for themselves. In all other respects, the Legislative Defendants deny the allegations of paragraph 60.

61. Legislative Defendants admit that the Legislative Record of Senate Bill 757 and the documents of the Senate Redistricting and Elections Committee, including the public videos of the Committee meetings, are publicly available on the General Assembly's website and speak for themselves. In all other respects, the Legislative Defendants deny the allegations of paragraph 61.

62. Legislative Defendants admit that the Legislative Record of Senate Bill 757 and the documents of the Senate Redistricting and Elections Committee, including the public videos of the Committee meetings, are publicly available the General Assembly's website and speak for themselves. In all other respects, the Legislative Defendants deny the allegations of paragraph 62.

8

63.     Legislative Defendants admit that the General Assembly ratified a new congressional plan on October 25, 2023, and that under the North Carolina Constitution redistricting plans are not subject to gubernatorial veto. In all other respects, Legislative Defendants deny the allegations of paragraph 63.

**"B. The 2023 Congressional Redistricting Plan"**

64.     Legislative Defendants deny the allegations of paragraph 64.

65.     Legislative Defendants deny the allegations of paragraph 65.

**"Congressional District 1"**

66.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 66.

67.     Legislative Defendants deny the allegations of paragraph 67.

68.     Legislative Defendants deny the allegations of paragraph 68.

69.     Legislative Defendants deny the allegations of paragraph 69.

70.     Legislative Defendants deny the allegations of paragraph 70.

71.     Legislative Defendants deny the allegations of paragraph 71.

72.     Legislative Defendants deny the allegations of paragraph 72.

73.     Legislative Defendants deny the allegations of paragraph 73.

**"Congressional District 6"**

74.     Legislative Defendants deny that "minority voters were carved out of the district." In all other respects, Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 74.

9

75. Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 75. To the extent a further response is required, Legislative Defendants deny the allegations of paragraph 75.

76. Legislative Defendants deny the allegations of paragraph 76.

77. Legislative Defendants admit that the population of Guilford County does not exceed the amount of population that could be lawfully assigned to a congressional district. In all other respects, Legislative Defendants deny the allegations of paragraph 77.

78. Legislative Defendants deny the allegations of paragraph 78.

79. Legislative Defendants deny the allegations of paragraph 79.

80. Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 80.

81. Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 81.

82. Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 82.

83. Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 83.

84.     Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 84.

85.     Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 85.

86.     Legislative Defendants deny the allegations of paragraph 86.

87.     Legislative Defendants deny the allegations of paragraph 87.

88.     Legislative Defendants deny the allegations of paragraph 88.

89.     Legislative Defendants deny the allegations of paragraph 89.

### "Congressional Districts 12 and 14"

90.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 90. To the extent a further response is required, Legislative Defendants deny the allegations of paragraph 90.

91.     Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 91. To the extent a further response is required, Legislative Defendants deny the allegations of paragraph 91.

92.     Legislative Defendants deny the allegations of paragraph 92.

93.     Legislative Defendants deny the allegations of paragraph 93.

94.     Legislative Defendants admit that the district lines for the 2022 and 2023 version of Congressional District 12 are a matter of public record which speak for

11

themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 94.

95.     Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 95.

96.     Legislative Defendants admit that the district lines under the 2023 North Carolina Congressional Plan are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 96.

97.     Legislative Defendants admit that the district lines for the 2023 and 2022 versions of Congressional District 12 are a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 97.

98.     Legislative Defendants admit that the district lines for the 2023 version of Congressional District 14 is a matter of public record which speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 98.

99.     Legislative Defendants deny the allegations of paragraph 99.

100.    Legislative Defendants deny the allegations of paragraph 100.

101.    Legislative Defendants deny the allegations of paragraph 101.

102.    Legislative Defendants deny the allegations of paragraph 102.

**"C. Racial Discrimination and Voting in North Carolina"**

103.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 103.

104.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 104.

105.    Legislative Defendants admit that the history of North Carolina politics speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 105.

106.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 106.

107.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 107.

108.    Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 108.

109.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 109.

110.     Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 110.

111.     Legislative Defendants admit that the political history of North Carolina and the any uncited political campaign ads speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 111.

112.     Legislative Defendants admit that the quoted ad, which contains no citations for verification, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 112.

113.     Legislative Defendants admit that the quoted ad, which contains no citations for verification, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 113.

114.     Legislative Defendants admit that the quoted ad, which contains no citations for verification, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 114.

115.     Legislative Defendants admit that the quoted ad, which contains no citations for verification, speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 115.

116.     Legislative Defendants deny that North Carolina's minority citizens are unable to participate in the political process. Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations because

14

Plaintiffs' fail to include a citation to their vague allegation. To the extent a further response is required, Legislative Defendants deny the allegations of Paragraph 116.

117. Legislative Defendants admit that the cited American Community Survey speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 117.

118. Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118, because Plaintiffs' fail to include a citation to their vague allegation. To the extent a further response is required, Legislative Defendants deny the allegations of Paragraph 118.

119. Legislative Defendants deny that North Carolina's minority citizens are unable to participate in the political process. Legislative Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations because Plaintiffs' fail to include a citation to their vague allegation. To the extent a further response is required, Legislative Defendants deny the allegations of Paragraph 119.

120. Legislative Defendants deny the allegations of paragraph 120.

121. Legislative Defendants admit that North Carolina's past election results speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 121.

122. Legislative Defendants admit that CD 1 and CD 12 enacted by the Democratic controlled General Assembly in the early 1990s were majority black and that CD 12 was later struck down as a racial gerrymander by the Supreme Court of the United

15

States. Legislative Defendants further admit that a majority black CD 1 was likewise struck down by the Supreme Court of the United States in 2017 as a racial gerrymander because of the lack of legally significant racially polarized voting in the region. Legislative Defendants further admit that North Carolina's past election results speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 122.

123.    Legislative Defendants admit that the current Lieutenant Governor is African American. Legislative Defendants also admit that there are several African Americans running for statewide office ahead of the 2024 November elections. Legislative Defendants further admit that North Carolina's past election results speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 123.

124.    Legislative Defendants admit that the cited cases speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 124.

125.    Legislative Defendants deny the allegations of paragraph 125.

126.    Legislative Defendants admit that the cited cases speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 126.

## "CAUSES OF ACTION

### COUNT I
**2023 Congressional Plan's violations of the Fourteenth Amendment to the U.S. Constitution: CDs 1, 6, 12, and 14**
**U.S. Const. amend. XIV; 42 U.S.C. § 1983**
**(Racial Gerrymandering)"**

127.    Legislative Defendants reincorporate their responses to paragraphs 1-126 of Plaintiffs' Complaint as if set forth fully herein.

16

128.    Legislative Defendants admit that the section of the Constitution cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 128.

129.    Legislative Defendants admit that the section of the Constitution and case cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 129.

130.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 130.

131.    Legislative Defendants admit that the cases cited by Plaintiffs speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 131.

132.    Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 132.

133.    Legislative Defendants deny the allegations of paragraph 133.

134.    Legislative Defendants deny the allegations of paragraph 134.

135.    Legislative Defendants deny the allegations of paragraph 135.

136.    Legislative Defendants deny the allegations of paragraph 136.

137.    Legislative Defendants deny the allegations of paragraph 137.

**"COUNT II**
**2023 Congressional Plan's violations of the Fourteenth and Fifteenth Amendments
to the U.S. Constitution
U.S. Const. amends XIV and XV; 42 U.S.C. § 1983
(Intentional Discrimination)"**

17

138.     Legislative Defendants reincorporate their responses to paragraphs 1-137 of Plaintiffs' Complaint as if set forth fully herein.

139.     Legislative Defendants admit that the Fourteenth and Fifteenth Amendments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 139.

140.     Legislative Defendants admit that the Fourteenth and Fifteenth Amendments speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 140.

141.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself and that paragraph 141 makes legal conclusions to which no response is required. In all other respects, Legislative Defendants deny the allegations of paragraph 141.

142.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 142.

143.     Legislative Defendants admit that the case cited by Plaintiffs speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 143.

144.     Legislative Defendants deny the allegations of paragraph 144.

145.     Legislative Defendants deny the allegations of paragraph 145.

146.     Legislative Defendants deny the allegations of paragraph 146.

147.     Legislative Defendants deny the allegations of paragraph 147.

148.     Legislative Defendants deny the allegations of paragraph 148.

**"COUNT III**
**2023 Congressional Plan's violations of Section 2 of the Voting Rights Act**
**52 U.S.C. §10304; 42 U.S.C.§ 1983**
**(Intentional Vote Dilution)"**

149.    Legislative Defendants reincorporate their responses to paragraphs 1-148 of Plaintiffs' Complaint as if set forth fully herein.

150.    Legislative Defendants admit that Section 2 of the Voting Rights Act speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 150.

151.    Legislative Defendants admit that the Arlington Heights factors speak for themselves and the Senate Report on the 1982 amendments to the Voting Rights Act speak for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 151.

152.    Legislative Defendants admit that the Senate Report on the 1982 amendments to the Voting Rights Act speaks for itself. In all other respects, Legislative Defendants deny the allegations of paragraph 152.

153.    Legislative Defendants admit that the Senate Report on the 1982 amendments to the Voting Rights Act and the cited cases speak for themselves. In all other respects, Legislative Defendants deny the allegations of paragraph 153.

154.    Legislative Defendants deny the allegations of paragraph 154.

155. Legislative Defendants admit that Plaintiffs purport to seek relief under 42 U.S.C. §1983 and Section 2 of the Voting rights Act, 52 U.S.C. §10301, but specifically deny that Plaintiffs are entitled to any relief whatsoever.

## "PRAYER FOR RELIEF"

No response is required to the allegations in the Prayer for Relief. To the extent this Court requires a response, Legislative Defendants deny the allegations in the Prayer for Relief and deny Plaintiffs are entitled to any of the relief sought in the Complaint, including those items listed in sub-paragraphs A-G of the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The relief sought by Plaintiffs would involve unconstitutional racial gerrymanders because they request districts in which racial considerations predominate over traditional districting criteria.

### THIRD DEFENSE

It would be inequitable to afford Plaintiffs relief so soon before the 2024 elections.

### FOURTH DEFENSE

Any allegations in paragraphs 1-155 of the Complaint not specifically admitted are denied.

20

## FIFTH DEFENSE

Race did not predominate in the drawing of any district.

## SIXTH DEFENSE

The General Assembly did not "crack" or "pack" minority voters in its Senate districting plan.

## **PRAYER FOR RELIEF**

WHEREFORE, Legislative Defendants respectfully request that the court enter an order dismissing Plaintiffs' claims with prejudice, and that Legislative Defendants be awarded their costs and attorneys' fees and such other relief as may be just and proper.

Respectfully submitted, this the 18th day of March, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Phillip J. Strach
      Phillip J. Strach
      North Carolina State Bar no. 29456
      Thomas A. Farr
      North Carolina State Bar no. 10871
      Alyssa M. Riggins
      North Carolina State Bar no. 52366
      Cassie A. Holt
      North Carolina State Bar no. 56505
      Alexandra M. Bradley
      North Carolina State Bar no. 54872
      301 Hillsborough Street, Suite 1400
      Raleigh, North Carolina 27603
      Ph: (919) 329-3800
      phil.strach@nelsonmullins.com

21

tom.farr@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
alex.bradley@nelsonmullins.com

E. Mark Braden*
Katherine L. McKnight*
Trevor Stanley*
Richard B. Raile*
BAKERHOSTETLER LLP
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Legislative Defendants*
*\* Notice of Special Appearance forthcoming*

## CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 18th day of March, 2024.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456