# EXHIBIT A

Legislative Defendants' Discovery Requests

Exhibit to Declaration of Hilary Harris Klein

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*,<br><br>    *Defendants.* | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*,<br><br>    *Defendants.* | Civil Action No. 23-CV-1104 |

### LEGISLATIVE DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO *NAACP* PLAINTIFFS

Defendants Representative Destin Hall, Senator Ralph Hise, Senator Paul Newton, Senator Warren Daniel, Speaker Timothy K. Moore, and President Pro Tempore Philip E. Berger, each in their official capacities (collectively, "Legislative Defendants"), by and through undersigned counsel and pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, serve their First Set of Interrogatories and Requests for Production of Documents on Plaintiffs in the above-

captioned consolidated matters. Legislative Defendants request that Plaintiffs respond to the following within 30 days:

## DEFINITIONS

For purposes of responding to these Interrogatories and Document Requests, the common usage of a word or term should apply unless the word or term is otherwise defined. The following definitions are operative unless the text of a specific Interrogatory or Document Request clearly indicates that a different meaning is intended:

1. "Communication" means the delivery or transfer of information of any type, regardless of whether it involves face-to-face conversations, conferences, telephone conversations, written communications and correspondence, electronic communications or correspondence, computerized communications or correspondence, or any other means.

2. "*Williams* Plaintiffs" means all named Plaintiffs in Civil Action No. 1:23-CV-1057.

3. "*NAACP* Plaintiffs" means all named Plaintiffs in Civil Action No. 1:23-CV-1104, which has been consolidated with Civil Action No. 1:23-CV-1057.

4. "Complaint" means the Complaint filed by Plaintiffs in the above-captioned actions. As to *Williams* Plaintiffs, this means the Amended Complaint filed on March 4, 2024, D.E. 30. As to *NAACP* Plaintiffs, this means the Complaint filed on December 19, 2023, D.E. 1.

5. The term "Legislative Defendants" means Defendants Representative Destin Hall, Senator Ralph Hise, Senator Paul Newton, Senator Warren Daniel, Speaker Timothy K. Moore, and President Pro Tempore Philip E. Berger, each in their official capacities, as named in the above-caption actions.

6. The term "document," whether singular or plural, is used herein in the broadest sense of the term and means each and every writing of whatever nature, and shall mean the original

and any draft or copy which differs in any way from the original of any written or graphic matter, however produced or reproduced, and shall mean, without limitation, each and every tangible thing from which information can be processed or transcribed from disk, diskette, compact disc, tape or other electronic media or data computations. The term includes, but is not limited to, letters, electronic mail ("email") and any attachments, messages, text messages, facsimile transmissions, telegrams, memoranda, handwritten notes, reports, books, agreements, correspondence, contracts, financial statements, instruments, ledgers, journals, accountings, minutes of meetings, payrolls, studies, statements, calendar and diary entries, notes, charts, schedules, tabulations, maps, work papers, brochures, evaluations, memoranda of telephone conversations, audio and video recordings, internal communications, bills, tapes, computer printouts, drawings, designs, diagrams, exhibits, photographs, reproductions, any marginal comments appearing on any document and copies of documents which are not identical duplicates of the originals (e.g., because handwritten or "blind copy" notes or notations appear thereon or are attached thereto). The term "document(s)" includes the defined terms, "Communication" and "Electronically-Stored Information," as defined herein.

7. The term "Electronically-Stored Information" or "ESI" means any and all electronic data or information stored on a computing device. Information and data is considered "electronic" if it exists in a medium that can only be read through the use of a computing device. This term includes but is not limited to databases; all text file and word processing documents (including metadata); presentation documents; spreadsheets; graphics, animations, and images (including but not limited to "JPG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, and instant messages (including attachments, logs of email history and usage, header information and "deleted" files); email attachments; calendar and scheduling information; cache memory; Internet

3

history files and preferences; audio; video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; computer system activity logs; servers; archives; back-up or disaster recovery systems; hard drives; discs; CDs; diskettes; removable drives; tapes; cartridges and other storage media; printers; scanners; personal digital assistants; computer calendars; handheld wireless devices; cellular telephones; pagers; fax machines; and voicemail systems. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, and all file fragments and backup files.

8. The words "identify" or "specify" as related to a person mean, in each instance, to state his or her full name, present or last known address, and telephone number.

9. The words "identify" or "specify" as related to a document mean, in each instance, the document should be identified with sufficient specificity to form the basis of a request pursuant to Rule 34 of the Rules of Civil Procedure, including the date, author, type of document, and the present location and custodian of the document.

10. The term "Individual Plaintiffs" refers to all Plaintiffs except for the organizational plaintiffs as defined below.

11. The term "Organizational Plaintiffs" refers to the North Carolina State Conference of the NAACP and Common Cause.

12. The term "person" means natural persons, all corporate organizations, all private or governmental organizations, all associations, all other entities and the representatives of each natural person, organization or entity.

13. The term "Plaintiff" means the plaintiff to whom each Interrogatory and Document Request is addressed, and any persons acting or purporting to act on that person's behalf.

4

14. The terms "relate to," "pertain to," "relating to," and "regarding" mean discussing, constituting, embodying, concerning, reporting, regarding, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, demonstrating, describing, setting forth, containing, analyzing, reflecting, presenting, refuting, mentioning, supporting, referring to, or being in any way factually connected with, directly or indirectly, the subject matter identified in the request, but does not include any information which may be subject to any privilege, including, but not limited to, attorney-client communications and attorney work product.

15. The word "you" or "your" means the plaintiff to whom each Interrogatory or Document Request is addressed and all other persons acting or purporting to act on that person's behalf.

16. The term "2023 Plans" refers to the Congressional (SL 2023-145), state Senate (SL 2023-146), or state House (SL 2023-149) districting plans enacted by the North Carolina General Assembly in 2023.

17. The term "2023 redistricting process" refers to the redistricting process undertaken by the North Carolina General Assembly to modify the Congressional, State Senate, and state House districting plans used in the 2022 general election, including but not limited to the consideration of the configuration of one or more of the election district boundaries used to election congressional members of members of the state Senate and State House.

18. The term "alternative maps" includes any proposal, draft, concept, or configuration of any redistricting plan or any subpart of a redistricting plan that was generated, developed, and/or created in any way during the 2023 redistricting process. This shall include, but is not limited to, all plans or partial plans that were never incorporated into a full redistricting plan or redistricting bill, amendments that were discussed and/or drafted without being formally proposed or offered

5

in the legislative process, and verbal or textual descriptions of possible district lines and/or configurations that were never turned into actual maps and/or legislative language.

19. The term "Social Media" means any and all communications, documents, information, pictures, videos, audio files, and media written on, uploaded to, or posted to any mobile device, software application, website, business, or entity commonly known as a "social media" site or "app," which includes but is not limited to Facebook, YouTube, Twitter, LinkedIn, Pinterest, Google Plus+, Tumblr, Instagram, Snapchat, WhatsApp, KIK, TikTok, Reddit, Signal, and Slack.

## **INSTRUCTIONS**

The following instructions shall apply to these Interrogatories and Document Requests except as otherwise required by context:

1. You are required to answer these Interrogatories and Document Requests separately and fully in writing and to serve a copy of your answers on undersigned counsel for Legislative Defendants. Interrogatory responses must be answered under oath.

2. In answering these Interrogatories and Document Requests, you must furnish all requested information, not subject to valid objection, that is known by, possessed by, available to, or subject to reasonable access or control by you or any of your employees, attorneys, consultants, representatives, investigators, agents, and all others acting on your behalf.

3. For each Interrogatory and Document Request and subpart of each Interrogatory and Document Request, if the information furnished in your answer is not within personal knowledge of you or the person signing and verifying the answers to these Interrogatories and Document Requests, identify each person to whom the information is a matter of personal knowledge, if known.

6

4. If you are unable to answer fully any of these Interrogatories and Document Requests, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswerable portion.

5. These Interrogatories and Document Requests are continuing in nature. Accordingly, you are under a continuing duty to supplement your responses to these Interrogatories and Document Requests in a timely manner, and to amend a prior response if you obtain information or documents on the basis of which you know that the response was incorrect when made or that the response, though correct when made, is no longer true. Additionally, any information or documents created or obtained after you serve your responses to these Interrogatories and Document Requests must be produced to counsel for Defendants in supplemental responses and/or productions.

6. Words used in singular form shall include the plural form, and words used in the plural form include the singular form.

7. The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory or Document Request all responses that otherwise might be construed to be outside of its scope.

8. If any Interrogatory or Document Request is objected to on the grounds of its being overly broad or unduly burdensome, state the manner in which it is overly broad or unduly burdensome and respond to the Interrogatory or Document Request as narrowed to conform to such objection.

9. For any document no longer in your possession, custody, or control, identify the document and the type of information contained within it, state whether it is missing, lost,

7

destroyed, transferred to others or otherwise disposed of, and identify any person who currently has custody or control of the document or who has knowledge of the contents of the document.

10. If any documents, communications, information, or other items are withheld on the ground of any privilege, provide a description of the basis for the claimed privilege and all information necessary for the Defendants to assess the claim of privilege, including but not limited to the following:

    a. the names and addresses of the speaker or author of the communication or document;

    b. the date of the communication or document;

    c. the name and address of any person to whom the communication was made or the document was sent or to whom copies were sent or circulated at any time;

    d. the name and address of any person currently in possession of the information or document or a copy thereof; and

    e. the privilege claimed and specific grounds therefor.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please state or identify: your full legal name, date of birth, and each address where you have resided in the past 8 years.

For each of the Organizational Plaintiffs, please state or identify:

    (a)    Your organization's full legal name and any other names (including acronyms, pseudonyms, or assumed names) that you have used in the past 10 years; and

    (b)    Whether your organization has members and, if so, the current qualifications for membership.

**RESPONSE:**

**INTERROGATORY NO. 2**

For all Plaintiffs: State whether you, your organization, or any organization of which you are a member has drawn or created any alternative maps to the 2023 Plans. If you have drawn or created such maps, identify each individual involved in the development of each map you created, the software used to draw or create each map, and describe the criteria you or your organization used to draw or create each map.

**RESPONSE:**

**INTERROGATORY NO. 3**

Identify each district you are challenging for each of your claims under Section 2 of the Voting Rights Act (Counts 1, 4, 6, 8, 10, 11), the Fourteenth Amendment (Counts 2, 3, 7), and the Fourteenth and Fifteenth Amendment (Counts 5, 9, 12).

**RESPONSE:**

**INTERROGATORY NO. 4**

For each Individual Plaintiff, describe in detail how you are allegedly harmed by the 2023 Congressional, state Senate, or state House district you are challenging for each of your claims under Section 2 of the Voting Rights Act (Counts 1, 4, 6, 8, 10, 11), the Fourteenth Amendment (Counts 2, 3, 7), and the Fourteenth and Fifteenth Amendments (Counts 5, 9, 12).

For each of the Organizational Plaintiffs, please state or identify:

(a) The members of your organization living in each challenged Congressional, state Senate, and state House district whose standing you will assert and the corresponding district(s) in which they reside; and

(b) All facts and documents on which you intend to rely to support your organization's standing, including but not limited to allegations of "harm" resulting from the 2023 Plans with respect to each challenged district in your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 5**

For all Plaintiffs: Identify all persons or entities from whom you have obtained any written or oral statement, report, memorandum, or testimony (including via email or text message) concerning any matter related to the allegations contained in your Complaint from January 1, 2020 through the present.

**RESPONSE:**

**INTERROGATORY NO. 6**

For each Individual Plaintiff: Identify every organization (e.g. civic or non-profit), group, church, campaign (including your own campaign for political office, if any), political party, or political committee (including any of the Organizational Plaintiffs in this action) in which you are or were a member or in which you are or were otherwise involved during the last 8 years by stating the following:

(a) the name of the organization, group, church, campaign, political party, or political committee;

10

(b) the date your affiliation with the organization, group, church, campaign, political party, or political committee began and, if applicable, the date your affiliation ended;

(c) any title, office, or position you hold or have held in the organization, group, church, campaign, political party, or political committee; and

(d) whether you pay or paid dues, a membership fee, or any other sum of money to be a member or to be affiliated with the organization, group, church, campaign, political party, or political committee.

**RESPONSE:**

**INTERROGATORY NO. 7**

For all Plaintiffs: Except for your attorney, identify each person who participated in the preparation, factual investigation, and/or drafting of your responses to these Interrogatories or who you consulted, relied upon, or otherwise received information from in preparing your answers to these Interrogatories and specify each Interrogatory for which he/she participated in the preparation, factual investigation, and/or drafting of your responses or was consulted, relied upon, or otherwise constituted a source of information.

**RESPONSE:**

**INTERROGATORY NO. 8**

Identify all direct evidence supporting your allegations in Paragraphs 128 and 136 of the Complaint that "map-drawers" and others involved in the map-drawing process were "aware of" and "intended" the alleged "disparate impact of new district lines on Black voters." The term "direct evidence" in this interrogatory holds the meaning of the term "direct evidence" in *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221, 1234 (2024).

**RESPONSE:**

**INTERROGATORY NO. 9**

Excluding expert witness evidence to be sponsored under Federal Rule of Evidence 702, identify all circumstantial evidence supporting your allegations in Paragraphs 128 and 136 of the

Complaint that the "map-drawers" and others involved in the map-drawing process were "aware of" and "intended" the alleged "disparate impact of new district lines on Black voters." The term "circumstantial evidence" in this interrogatory holds the meaning of the term "circumstantial evidence" in *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221, 1234–36 (2024).

**RESPONSE:**

**INTERROGATORY NO. 10**

Identify all direct evidence supporting your allegations in Paragraphs 265, 280, and 290 of the Complaint that the 2023 Plans were "enacted with the intent to discriminate on the basis of race as a motivating factor . . . ." The term "direct evidence" in this interrogatory holds the meaning of the term "direct evidence" in *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221, 1234 (2024).

**RESPONSE:**

**INTERROGATORY NO. 11**

Excluding expert witness evidence to be sponsored under Federal Rule of Evidence 702, identify all circumstantial evidence supporting your allegations in Paragraphs 265, 280, and 290 of the Complaint that the 2023 Plans were "enacted with the intent to discriminate on the basis of race as a motivating factor . . . ." The term "circumstantial evidence" in this interrogatory holds the meaning of the term "circumstantial evidence" in *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221, 1234–36 (2024).

**RESPONSE:**

**INTERROGATORY NO. 12**

Identify all evidence supporting your allegations of intentional vote dilution against the 2023 Senate Plan, the 2023 House Plan, and Congressional Districts 1, 5, 6, 9, and 10 as set forth in Counts 4, 8, 10, and 11 of the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 13**

Identify all witnesses you may call at any hearing or trial in this matter to present evidence supporting your allegations regarding the General Assembly's intent in drawing the 2023 Plans.

**RESPONSE:**

**INTERROGATORY NO. 14**

Identify the basis for alleging that racial considerations drove the General Assembly to draw Senate District 39, Senate District 42, House District 21, House District 34, House District 37, House District 41, House District 66, and House District 75 above the ideal population.

**RESPONSE:**

**INTERROGATORY NO. 15**

Identify what percentages of BVAP you consider to be a "High BVAP district[]" and to be a "Low BVAP district[]" as used Table 3 of Paragraph 185 of your Complaint.

**RESPONSE:**

**INTERROGATORY NO. 16**

Identify the basis for your alleged injury in House Districts 33, 38, 39, and 72 under the malapportionment doctrine under the Fourteenth Amendment, as alleged in Paragraphs 174-188 & 273 of the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 17**

Identify the basis for your alleged injury in House Districts 27, 28, 29, 30, 31, and 32 under the malapportionment doctrine under the Fourteenth Amendment, as alleged in Paragraph 273 of the Complaint.

13

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

To all Plaintiffs: Produce all documents identified in your answers to the above Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**

To all Plaintiffs: Any non-privileged communications or documents created, received, or maintained by you that relate to the political performance of the 2023 Plans, any alternative maps, or any individual districts, in any form including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**

To all Plaintiffs: Any alternative maps created, received, or maintained by you related to North Carolina's 2023 redistricting process, and all documents or other electronically stored media relating to or otherwise supporting the creation of any alternative maps.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**

To Organizational Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans, including but not limited to financial records, communications, emails, notes, text messages, or recordings.

To Individual Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any third party about any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans,

15

including but not limited to, emails, notes, text messages, or recordings of any such conversations or communications.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

To all Plaintiffs: Copies of all posts, statuses, or direct messages made by you on any Social Media platform or other website that relate to or reflect any of the allegations or claims you have made in this lawsuit, or otherwise related to redistricting since January 1, 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**

To all Plaintiffs: Copies of all documents referenced in your Rule 26(a)(1) Initial disclosures.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

To all Plaintiffs: Copies of any source code, software parameters, or other backup data used or produced by any of your experts in connection with this litigation. This includes, but is not limited to, any EI codes, comparisons, data disaggregation, data reaggregations, algorithms, algorithm parameters, or any vignettes or other instructions relied upon to manipulate or instruct electronic programs/applications used by any of your experts in connection with this litigation. To the extent such items were not developed by your expert but are otherwise available, please identify the code, software, programs, or applications and the name(s) and contact information of the person or entity that created the code, software, programs, or applications.

**RESPONSE:**

This the 11th day of June, 2024.

| | |
|---|---|
| **BAKER & HOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
| Richard B. Raile* <br> DC Bar No. 1015689 <br> Katherine L. McKnight* <br> Trevor Stanley* <br> 1050 Connecticut Ave. NW <br> Suite 1100 <br> Washington DC 20036 <br> Ph: (202) 861-1500 <br> rraile@bakerlaw.com <br> kmcknight@bakerlaw.com <br> tstanley@bakerlaw.com | By: /s/ Phillip J. Strach <br>    Phillip J. Strach <br>    North Carolina State Bar No. 29456 <br>    Alyssa M. Riggins <br>    North Carolina State Bar No. 52366 <br>    Cassie A. Holt <br>    North Carolina State Bar No. 56505 <br>    Alexandra M. Bradley <br>    North Carolina State Bar No. 54872 <br>    301 Hillsborough Street, Suite 1400 <br>    Raleigh, North Carolina 27603 <br>    Ph: (919) 329-3800 <br>    phil.strach@nelsonmullins.com <br>    alyssa.riggins@nelsonmullins.com <br>    cassie.holt@nelsonmullins.com <br>    alex.bradley@nelsonmullins.com |
| Patrick T. Lewis* <br> Ohio State Bar No. 0078314 <br> Key Tower <br> 127 Public Square, Suite 2000 <br> Cleveland, Ohio 44114 <br> Ph: (216) 621-0200 <br> plewis@bakerlaw.com | *Attorneys for Legislative Defendants* |
| Erika D. Prouty* <br> Ohio State Bar No. 0095821 <br> 200 Civic Center Drive, Suite 1200 <br> Columbus, Ohio 43215 <br> Ph: (614) 462-4710 <br> eprouty@bakerlaw.com | |
| *\* Appeared via Special Notice* | |

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served by email on all counsel of record in this action.

This the 11th day of June, 2024.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456

18

Case 1:23-cv-01104-TDS-JLW   Document 41-1   Filed 10/04/24   Page 19 of 19