# EXHIBIT C

Legislative Defendants'
September 5, 2024 Discovery Letter

Exhibit to Declaration of Hilary Harris Klein



**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW
301 Hillsborough Street
Suite 1400
Raleigh, NC 27603
T: (919) 329-3800   F: (919) 329-3799
**nelsonmullins.com**

Alyssa M. Riggins
Attorney
T: (919) 329-3810
alyssa.riggins@nelsonmullins.com

September 5, 2024

**Via E-mail**

**To:**   Hilary Harris Klein
Southern Coalition for Social Justice
PO Box 51280
Durham, NC 27717
hilaryhklein@scsj.org

Abha Khanna
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
AKhanna@elias.law

**RE:**   Plaintiffs' Responses to Legislative Defendants' First Sets of Discovery – *Williams v. Hall*, M.D.N.C. No. 23-CV-1057 (lead) and *NC NAACP v. Berger*, No. 23-CV-v1104 (consolidated)

Hilary and Abha,

We have reviewed *NAACP* Plaintiffs' and *Williams* Plaintiffs' written responses to Legislative Defendants' First Set of Interrogatories and Requests for Production of Documents. We believe that both sets of responses do not fully respond to Legislative Defendants' requests. As the issues across both sets of responses are similar, we have consolidated this letter to address both responses. To the extent a discussion of an issue is limited to a specific set of plaintiffs, we have noted the same.

As a preliminary matter, in order to allow time to resolve these disputes and take depositions after written discovery and document productions are complete, we ask that you please provide the date by which both sets of plaintiffs will complete their document production. This will allow us to fully assess the adequacy of your responses and production in advance of depositions.

We outline specific concerns with Plaintiffs' written responses in greater detail below.[1]

---

[1] This letter is meant to illustrate only certain preliminary concerns with Plaintiffs' responses. It is not meant to be an exhaustive list of each and every deficiency therein. Failure to include a specific deficiency in this

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | ILLINOIS | MARYLAND | MASSACHUSETTS | MINNESOTA
NEW YORK | NORTH CAROLINA | OHIO | PENNSYLVANIA | SOUTH CAROLINA | TENNESSEE | TEXAS | VIRGINIA | WEST VIRGINIA
4890-8002-0193 v.1

Case 1:23-cv-01104-TDS-JLW   Document 41-3   Filed 10/04/24   Page 2 of 12

I.  **<u>Failure to Adequately Respond to Certain Interrogatories</u>**

Plaintiffs' responses to certain interrogatories are particularly deficient. Full answers to these interrogatories are critical for Legislative Defendants to adequately assess Plaintiffs' claims in this matter.

Notably, several of your responses cite to the First Amendment along with cases such as *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), *NAACP v. Button*, 371 U.S. 415 (1963), and *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981). None of these citations provide a valid basis to withhold the information requested. To the extent you have not provided any information based on these objections—including but not limited to the specific interrogatories identified below—this is improper and we request that you supplement your responses appropriately as requested below.

   a.  *Organizational Plaintiffs cannot use the First Amendment privilege as both a sword and a shield.*

Legislative Defendants requested that Organizational Plaintiffs identify the members whose standing they will assert for each of the challenged districts so that discovery may be taken into that subject matter. *See* Interrogatory No. 4. This request clearly passes the low relevance threshold for discovery. Organizational Plaintiffs state that they will assert representational standing, which requires that they "name the individuals" whose standing they assert, *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009), and prove the elements of standing for each, *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023); *see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands*, *LLC*, 713 F.3d 175, 183-186 (4th Cir. 2013).

In spite of this, Legislative Defendants understand that Organizational Plaintiffs refuse to respond to Interrogatory No. 4. They also understand that the sole basis for the refusal is an assertion of First Amendment privilege. As an initial matter, Organizational Plaintiffs have not made the threshold showing necessary to support the privilege assertion. *See Buckley v. Valeo*, 424 U.S. 1, 71 (1976) (describing the "record evidence" necessary to this privilege).

More importantly, an assertion of privilege operates to bar the party asserting privilege from introducing evidence within the subject matter of the privilege assertion. *See In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (discussing the sword-and-shield doctrine). Accordingly, if Organizational Plaintiffs refuse to respond to Interrogatory No. 4 on privilege grounds, they will be prohibited from introducing evidence in this case, including at the summary-judgment or trial stages, concerning the subject matter of members whose standing Organizational Plaintiffs will

---

letter is not intended to be a waiver of the issue by Legislative Defendants, nor should it be treated as such. Legislative Defendants specifically reserve the right to raise such deficiencies at a later date, as applicable. All specific rights and remedies are specifically reserved.

assert. Needless to say, it would be highly prejudicial for Organizational Plaintiffs to refuse discovery on this subject and later introduce evidence concerning it.

Legislative Defendants are already prejudiced by Organizational Plaintiffs' failure to respond to Interrogatory No. 4—without names, Legislative Defendants have no way of verifying anything about Organizational Plaintiffs' members whose standing they assert, including whether they are registered to vote or actually reside in the challenged districts.

In the interest of resolving this matter without court intervention, Legislative Defendants propose that Organizational Plaintiffs confirm in writing that they will not seek to introduce any evidence concerning the subject matter of members whose standing Organizational Plaintiffs will assert at any time in this case. If that occurs, Legislative Defendants—despite their doubts that a First Amendment privilege is supportable here—will not seek to compel discovery into that subject matter. Please let us know if Organizational Plaintiffs will agree to this resolution or, if not, their good-faith basis for believing privilege can be used as both sword and shield.

### b. *The First Amendment does not shield Individual Plaintiffs from disclosing requested correspondence and affiliations.*

Individual Plaintiffs in both *Williams* and *NAACP* refused to identify certain organizational affiliations or produce requested correspondence. While Plaintiffs cite to various First Amendment principles and cases, neither are applicable, nor do they support Individual Plaintiffs withholding the requested information. Not only is the information sought highly relevant to the claims and defenses in this matter, but much of what is sought—if not all—has been publicly disclosed to third parties. Individual Plaintiffs have therefore waived any objections they otherwise might have had over this information.

Regarding individual organizational affiliations, *Alexander v. S.C. State Conference of the NAACP*, 144 S. Ct. 1221 (2024), made it clear that politics is a defense to claims like those here. Thus, Individual Plaintiffs' other affiliations are highly relevant. Similarly, understanding each Individual Plaintiff's civic engagement (or lack thereof) speaks directly to any harm allegedly suffered. *Williams* Plaintiffs' quotation from *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981) proves our point: politics is one of the operative questions at issue in this case. Thus, the information sought (i.e. political and community affiliations) is crucial here. It is also worth noting that some, if not all of this information, is publicly disclosed through various reporting mechanisms and platforms, further mooting any concerns regarding purported negative impacts on speech. Moreover, to the extent Plaintiffs have identified their memberships or affiliations to third parties in a public way (including but not limited to, in social media posts, or participating in public meetings, rallies, or fundraisers), Plaintiffs have waived this privilege. Finally, the protective order and its confidentiality provisions entered in this case further alleviate any concerns of adverse effects on speech. [Dkt. no. 55].

### c. *Other specific interrogatory responses are deficient.*

With the foregoing considerations in mind, please review each of your responses and supplement as necessary. The following specific interrogatory responses are deficient.[2]

### INTERROGATORY NO. 5 to *NAACP* Plaintiffs

For all Plaintiffs: Identify all persons or entities from whom you have obtained any written or oral statement, report, memorandum, or testimony (including via email or text message) concerning any matter related to the allegations contained in your Complaint from January 1, 2020 through the present.

### *NAACP* Plaintiffs' Objections:

"Plaintiffs object to this request to the extent it seeks information protected by the attorney-client and/or attorney work product privilege, including communications from counsel or those acting under counsel's supervision.

Plaintiffs further object to this Request because it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, and the internal deliberations of the Organizational Plaintiffs and their members, and communications between Individual Plaintiffs and organizations, would chill protected First Amendment speech and activities. As it is the actions and intent of the North Carolina General Assembly, not Plaintiffs, at issue in this matter, there is no compelling need for the disclosure of this information.

Furthermore, the burden and expense of redacting or screening for this information would far outweigh any use or relevance it has to the claims and defenses in this matter, and Plaintiffs further object to this Request as its timing (January 1, 2020 through present) is overbroad and disproportionate to the needs of the case given it is Legislative Defendants' actions, not Plaintiffs', that are have caused the harm alleged in this matter and form the basis of the defenses asserted."

### Legislative Defendants' Response:

Again, your arguments regarding the First Amendment and your citation to *NAACP v. Alabama ex rel. Patterson* are misplaced. Withholding otherwise discoverable information on this

---

[2] With regard to *Williams* Plaintiffs, the specific responses used in this letter are from Shauna Williams' responses to Legislative Defendants' discovery requests. However, the noted deficiencies are representative of all individual *Williams* Plaintiffs' responses.

4890-8002-0193 v.1

basis is unjustifiable. This interrogatory is narrowly tailored and seeks information that is probative of both *NAACP* Plaintiffs' specific alleged injuries and Organizational Plaintiffs' standing. The protective order in effect for this case further militates against the concerns your response raises. Again, unlike the cited case, Legislative Defendants do not seek entire membership lists. Please supplement your response to this interrogatory with the requested information.

### INTERROGATORY NO. 6 to both *NAACP* and *Williams* Plaintiffs

For each Individual Plaintiff: Identify every organization (e.g. civic or non-profit), group, church, campaign (including your own campaign for political office, if any), political party, or political committee (including any of the Organizational Plaintiffs in this action) in which you are or were a member or in which you are or were otherwise involved during the last 8 years by stating the following:

(a) the name of the organization, group, church, campaign, political party, or political committee;

(b) the date your affiliation with the organization, group, church, campaign, political party, or political committee began and, if applicable, the date your affiliation ended;

(c) any title, office, or position you hold or have held in the organization, group, church, campaign, political party, or political committee; and

(d) whether you pay or paid dues, a membership fee, or any other sum of money to be a member or to be affiliated with the organization, group, church, campaign, political party, or political committee.

### *NAACP* Plaintiffs' Objections:

"Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this Interrogatory on the grounds that the request is compound and contains at least four distinct subparts that are not substantially related to be considered part of a single Interrogatory.

Plaintiffs further object to this request because the terms "member" and "were otherwise involved" is undefined and vague and thus unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Whether or not someone is considered a "member" and considers themselves a "member" is dependent on the organization, and without further specification on what Legislative Defendants mean by "member" or "involved" Plaintiffs are unable to answer this interrogatory.

Plaintiffs further object to this Request because it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership information, would chill protected First Amendment speech and activities. As it is the actions and intent of the North Carolina General Assembly, not Plaintiffs, at issue in this matter, there is no compelling need for the disclosure of this information.

Furthermore, the chilling effect of disclosing this information would far outweigh any use or relevance it has to the claims and defenses in this matter, and Plaintiffs further object to this Request as its timing (8 years) is overbroad and disproportionate to the needs of the case given it is Legislative Defendants' actions, not Plaintiffs', that are have caused the harm alleged in this matter and form the basis of the defenses asserted."

***Williams* Plaintiffs' Objections:**

"Ms. Williams objects to this interrogatory because it seeks information that is neither relevant to her claims nor proportional to the needs of the case. Ms. Williams also objects to this interrogatory because it seeks information about her civic and political affiliations that is protected by the First Amendment privilege, *see NAACP v. Button*, 371 U.S. 415, 431 (1963) ("[W]e have refused to countenance compelled disclosure of a person's political associations."), and is not relevant—let alone crucial—to this case, *see Black Panther Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981), *cert. granted and vacated as moot* 458 U.S. 1118 ("The interest in disclosure will be relatively weak unless the information goes to 'the heart of the matter,' that is, unless it is crucial to the party's case.")."

**Legislative Defendants' Response:**

Legislative Defendants direct Plaintiffs to the points above regarding Plaintiffs' First Amendment argument and case citation. Similarly, *NAACP* Plaintiffs' request that Legislative Defendants articulate the relevance of each Individual Plaintiff's additional affiliations is seemingly an improper attempt to simultaneously resist discovery and shift your burden. *See, e.g. Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226 (M.D.N.C. 2010) ("Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion."). Moreover, to the extent Plaintiffs have identified their memberships or affiliations to third parties in a public way (including but not limited to, in social media posts, or participating in public meetings, rallies, or fundraisers), Plaintiffs have waived this privilege.

Individual Plaintiffs' political, civic, and other affiliations are highly relevant to their claims here. *See Alexander v. S.C. State Conference of the NAACP*, 144 S. Ct. 1221 (2024).

Understanding each Individual Plaintiff's civic engagement (or lack thereof) also speaks directly to any harm allegedly suffered.

This request is specifically tailored to discovery into, among other things, each Individual Plaintiffs' claimed harm. Similarly, the request is targeted at assisting Legislative Defendants in preparing their defenses. Your refusal to identify information beyond political party affiliation is not justified. As such, please supplement your responses to this interrogatory.

## II.   Failure to Adequately Respond to Certain Requests for Production

As stated above, Legislative Defendants request an update regarding the timing of your document production. Without these documents, we cannot fully evaluate the adequacy of your responses. However, certain responses are facially deficient. We address those responses below and ask that they be considered and implemented into any forthcoming productions.

### REQUEST FOR PRODUCTION NO. 2 to *NAACP* Plaintiffs

To all Plaintiffs: Any non-privileged communications or documents created, received, or maintained by you that relate to the political performance of the 2023 Plans, any alternative maps, or any individual districts, in any form including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.

### *NAACP* Plaintiffs' Objections:

"Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this RFP to the extent that it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g., NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, and the internal deliberations of the Organizational Plaintiffs and their members, would chill protected First Amendment speech and activities. The disclosure of this information is further unwarranted given that this RFP is beyond the reasonable scope of discovery under Rule 26(b)(1) of the Federal Rules of Procedure and disproportionate and unduly burdensome, and Plaintiffs object on that basis as well. This is especially true given the lack of a temporal limitation and the lack of relevance of the requested information to the claims and defenses asserted in this matter, which concern the actions and intent of the North Carolina General Assembly, not Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1) ("The scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . and whether the burden or expense of the proposed discovery outweighs its likely benefit."). As such, the work of redacting

or screening for this information would far outweigh any use or relevance it has to the claims and defenses in this matter.

Plaintiffs intend to withhold any responsive materials identified as part of their reasonable search that are subject to the privileges and/or First Amendment protection. Documents withheld pursuant to the aforementioned privileges and/or First Amendment protection will be disclosed to Defendants in privilege logs accompanying Plaintiffs' rolling productions."

**Legislative Defendants' Response:**

As with your deficient responses to several interrogatories, this response erroneously cites to the First Amendment and *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) as a basis for withholding responsive documents. As explained for Interrogatory no. 5, this request is narrowly tailored and seeks documents which are directly probative of alleged harm caused by the 2023 Plans, as well as Organizational Plaintiffs' standing to challenge the same. These inquiries are fundamental to the case, and Legislative Defendants are entitled to test the veracity of your claims. As such, your objections based on relevance are similarly misplaced and your stated intent to withhold responsive documents is not justified. Please ensure your document productions are conducted with the foregoing in mind.

**REQUEST FOR PRODUCTION NO. 4 to *NAACP* Plaintiffs**

To Organizational Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans, including but not limited to financial records, communications, emails, notes, text messages, or recordings.

To Individual Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any third party about any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans, including but not limited to, emails, notes, text messages, or recordings of any such conversations or communications.

*NAACP* **Plaintiffs' Objections:**

"Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this RFP because it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, financial information, and the internal deliberations of the Organizational Plaintiffs and their members, would chill protected First Amendment speech and

activities. As it is the actions and intent of the North Carolina General Assembly, not Plaintiffs, at issue in this matter, there is no compelling need for the disclosure of this information. Furthermore, the burden and expense of redacting or screening for this information would far outweigh any use or relevance it has to the claims and defenses in this matter.

Plaintiffs further object to this RFP because its request for "all documents" without any temporal limit is beyond the scope of permissible discovery and unduly burdensome. Organizational Plaintiffs assert only representational standing in this matter as representatives of their members, which does not require a showing of "harm" *per se* but rather demonstration that (a) an organization's members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose, and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977). Similarly, the Individual Plaintiffs' basis for standing and the alleged harm is otherwise substantiated by their residence, voter registration status, and racial identity, and thus this request for "all documents reflecting or referring to any conversation or communication you had with any third party about any alleged 'harm' or 'injury'" without any temporal limit is not proportionate to the needs of this case in light of the claims and defenses asserted."

**Legislative Defendants' Response:**

As to Organizational Plaintiffs, again, the First Amendment and *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) are not valid bases to object or withhold responsive documents. The requested categories of documents are specifically probative of all three criteria Organizational Plaintiffs must satisfy in order to maintain associational standing here. *See, e.g., Maryland Highways Contractors Ass'n, Inc. v. State of Md.*, 933 F.2d 1246, 1251 (4th Cir. 1991) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977)). Your response's identification of certain sources of this information for Individual Plaintiffs further proves why the same is necessary from Organizational Plaintiffs. Claiming that Organizational Plaintiffs have "identified members" in the other challenged districts, but then refusing to specifically identify them or provide necessary information and documents related to their involvement in the organization or its operations is irreconcilable with the spirit and purpose of discovery. Similarly, the protective order in effect further mitigates your stated concerns. As such, please take care to incorporate these considerations into your document production.

**REQUEST FOR PRODUCTION NO. 5 to both *NAACP* and *Williams* Plaintiffs**

To all Plaintiffs: Copies of all posts, statuses, or direct messages made by you on any Social Media platform or other website that relate to or reflect any of the allegations or claims you have made in this lawsuit, or otherwise related to redistricting since January 1, 2020.

***NAACP* Plaintiffs' Objections:**

"Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this RFP to the extent it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, financial information, and the internal deliberations of the Organizational Plaintiffs and their members, would chill protected First Amendment speech and activities. As it is the actions and intent of the North Carolina General Assembly, not Plaintiffs, at issue in this matter, there is no compelling need for the disclosure of this information. Furthermore, the burden and expense of redacting or screening for this information, especially given the overbroad time period spanning back to January 1, 2020 (which Plaintiffs also object to), would far outweigh any use or relevance it has to the claims and defenses in this matter."

***Williams* Plaintiffs' Objections:**

"Ms. Williams objects to this request because it seeks information that is neither relevant to her claims nor proportional to the needs of the case. Plaintiff also objects to this Request because it seeks communications that are protected by the First Amendment privilege. *See Christ Covenant Church v. Town of Sw. Ranches,* No. 07-60516-CIV, 2008 WL 2686860, at *5 (S.D. Fla. June 29, 2008) ("[A] qualified First Amendment associational privilege exists in the discovery context, potentially exempting a party from having to respond to infringing discovery requests."). As phrased, the Request purports to seek private communications between Plaintiff and those with whom she associates for expressive reasons; producing such communications would burden and/or chill Plaintiff's speech and ability to freely associate."

**Legislative Defendants' Response:**

While *NAACP* Plaintiffs' response states that you will produce responsive documents, your objections raise specific concerns. ***First***, for the reasons discussed throughout this letter, your recitation of the First Amendment and *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 499 (1958) are unconvincing and inapplicable. The documents requested are specifically relevant to allegations of harm and injury, as well as an analysis of standing. ***Second***, withholding responsive documents on this basis would be even more improper considering the request seeks documents that was disclosed on public platforms to third parties.

Similar to *NAACP* Plaintiffs, *Williams* Plaintiffs' responses to this request note that searches will be conducted and productions will be made. However, the response and objections raise specific concerns. Primarily, your response artificially limits the request's timeframe, without justification. Specifically, the request seeks Social Media posts and messages from January 1, 2020 to present. However, your response notes that the searches will only be from January 1, 2023 to December 4, 2023. Not only is this contrary to the request itself, but you have not provided any purported basis upon which you are restricting your searches. Please identify exactly why you

believe this limitation is warranted. Further, the objections based on the First Amendment are, yet again, inapplicable. This request seeks information that was either: (1) posted and/or made available to third parties (thus waiving any claim of privilege and mooting any potential burden or "chilling" of speech); or (2) sent to a third party via a Social Media platform. Regarding the latter, the request only seeks communications and documents relating to your allegations in this matter. Not only are the documents sought directly relevant to the claims, but they are specifically probative of your assertions of injury and harm. Thus, to the extent you plan on withholding any documents based on this objection, we ask that you reconsider with the foregoing in mind. Again, it bears repeating that the protective order's confidentiality provisions further alleviate concerns of any burden or chilling effect on any Individual Plaintiff's speech. [Dkt. no. 55].

Please provide the supplementation requested herein or schedule a time to meet and confer on these issues by September 13, 2024.

Sincerely,

Alyssa M. Riggins

cc: All counsel.