# EXHIBIT D

NAACP Plaintiffs' September 20, 2024
Discovery Letter

Exhibit to Declaration of Hilary Harris Klein



PO Box 51280
Durham, NC 27717
919-323-3380
southerncoalition.org

**Via Electronic Mail**  September 20, 2024

To: Philip J. Strach, Alyssa M. Riggins, Cassie A. Holt, Richard B. Raile, Katherine L. McKnight, Trevor Stanley, Patrick T. Lewis, Erika Prouty
*Counsel for Legislative Defendants*

RE: NAACP Plaintiffs' Responses and Objections to Legislative Defendants' First Sets of Discovery in *Williams v. Hall,* M.D.N.C. No. 23-CV-1057 (lead) and *NC NAACP v. Berger,* No. 23-CV-v1104 (consolidated)

Counsel:

We received and reviewed Legislative Defendants' ("Defendants") September 5 correspondence ("Letter") regarding NAACP Plaintiffs' July 11 written responses (the "NAACP Discovery Responses") to Defendants' June 11 First Set of Interrogatories and Requests for Production of Documents ("Defendants' Discovery Requests").

Since receiving Defendants' initial discovery requests in June, NAACP Plaintiffs have worked diligently to search for, collect, and produce responsive documents and information. Plaintiffs received Defendants' Discovery Requests on June 11, 2024, seven weeks after written discovery opened in this matter. Plaintiffs timely served initial written responses on July 11 identifying Plaintiffs' positions regarding each request and offering to meet and confer generally about any objection or response, and also with respect to specific positions. *See* Reservation of Rights; Response to Interrogatory Nos. 5 and 6; Response to Request for Production Nos. 6 and 7. In the nearly two months that followed, in which Defendants failed to raise any concerns, Plaintiffs worked diligently—spending substantial time and resources—to collect and perform searches for responsive information across nine different clients. Specifically, during this time, Plaintiffs have collected and reviewed thousands of documents across numerous custodians as well as client social media accounts, and begun rolling productions in which we have produced over 1,500 pages of documents as of the date of this correspondence.

Plaintiffs intend to continue making rolling productions as they are ready and on a reasonable timeline in light of Defendants' delayed requests. However, to the extent Defendants' September 5 Letter requests measures that would require Plaintiffs to significantly alter their collection and search parameters, such measures are waived by lack of diligence on Defendants' part, and would be overly burdensome and disproportionate to the needs of the case, as well as unduly prejudicial given Defendants' delays, the rapidly approaching fact discovery deadlines, and the substantial work Plaintiffs have performed to respond to Defendants requests to date.

Case 1:23-cv-01104-TDS-JLW   Document 41-4   Filed 10/04/24   Page 2 of 9



PO Box 51280
Durham, NC 27717
919-323-3380
southerncoalition.org

Below we have outlined our responses to Defendants' specific concerns. The fact that certain issues are discussed or clarified below is not an admission to that effect, nor is the absence of any issue from the following discussion to be construed as a waiver of that or any related issue. NAACP Plaintiffs remain willing to meet and confer as necessary to streamline discovery and avoid unnecessary motions practice.

<u>NAACP Plaintiffs' Interrogatory Responses and First Amendment Privilege</u>

NAACP Plaintiffs generally disagree with Defendants' positions regarding the protections of the First Amendment raised in Part I of their Letter. Specific responses to Defendants' positions are provided below for each specific Interrogatory that Defendants take issue within their Letter.

**Interrogatory No. 4**

Plaintiffs have already identified to Defendants, in the Complaint and in their Response, the following individuals who have standing for the claims asserted in this matter and who are members of the North Carolina NAACP: Plaintiff Calvin Jones, Plaintiff Corine Mack, Plaintiff Dawn Daly-Mack, Plaintiff Hollis Briggs, Plaintiff Mitzi Reynolds Turner, Plaintiff Linda Sutton, and Plaintiff Syene Jasmin. *See* Compl. ¶¶ 18-22, 24-25. Plaintiffs have also already identified Plaintiff Mitzi Reynolds Turner as a member of Common Cause. *See* Compl. ¶ 22; NAACP Discovery Responses at 17. Accordingly, Plaintiffs North Carolina NAACP and Common Cause have already met the requirement under *Summers v. Earth Island Institute* to "identify members who have suffered the requisite harm" to establish standing for Voting Rights Act and Constitutional claims here. 555 U.S. 488, 499 (2009); *see also, Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 269 (2015) (A membership organization has standing to challenge a district that is the product of unlawful state action when it has members residing in that district.).[1]

---

[1] *See also Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 363-64 (E.D. Va. 2009) (Standing under Section 2 of the Voting Rights Act requires a showing an individual is a "member of a minority whose voting strength was diluted" on account of race or color and that they are a registered voter residing in that minority-voting area where the dilution has occurred.); *Gill v. Whitford*, 585 U.S. 48, 65-66(2018) (An individual has standing to for racial gerrymandering claims in "his own district" and can challenge intentional discrimination where he has "a personal stake in the outcome of the controversy."); *Hancock Cnty. Bd. of Supervisors v. Ruhr*, 487 F. App'x. 189, 196 (5th Cir. 2012) (For malapportionment claims,"[i]t is settled . . . that a voter from a district that is overpopulated and under-represented suffers an injury-in-fact.").



In addition to already identifying specific members by name when filing this action last year, Plaintiffs North Carolina NAACP and Common Cause further detailed in their response to Interrogatory No. 4 that each organization has additionally confirmed they have specific members who are registered to vote in the specific challenged districts within the Senate Plan, House Plan, and Congressional Plan districts and who identify as Black or African American. *See* Compl. ¶ 15, 17; NAACP Discovery Responses at 12-13. Plaintiffs are further prepared to provide evidentiary support for these confirmations, in the format of organizational affidavits, establishing that specific members were confirmed in the challenged districts listed and that the public disclosure of membership information would have a chilling effect in violation of the First Amendment. These disclosures, together, establish the Organizational Plaintiffs' standing to challenge the districts at issue in the Complaint since, in multi-plaintiff cases, only "one plaintiff must have standing to seek each form of relief requested in the complaint," *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017), and thus if there is one plaintiff "who has demonstrated standing to assert these rights as his own," the court "need not consider whether the other individual and corporate plaintiffs have standing to maintain the suit." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264 & n.9 (1977); *see also Horne v. Flores*, 557 U.S. 433, 446-47 (2009).

Importantly, the authority Defendants rely on to assert that specific Organizational Plaintiff member names must be disclosed (*Summers v. Earth Island Inst.,* 555 U.S. 488 (2009)) does not even once mention the First Amendment privilege. It therefore cannot support Defendants' assertions that Plaintiffs must disclose member names when there is a First Amendment privilege protection and cannot instead establish standing through evidentiary methods that otherwise support that specific members in challenged districts have been identified and exist. Indeed, the Supreme Court in *Summers* cited directly to the case establishing that disclosure of NAACP membership lists is squarely protected under the First Amendment as an example in which the identification of specific members is not required, s*ee* 555 U.S. at 499 (citing *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958)), and thus tends to support instead that the First Amendment protects this information from disclosure. Defendants have otherwise failed to provide any authority binding in this Circuit establishing that membership names must be disclosed for purposes of standing when First Amendment privilege applies and when evidence has been provided that otherwise establishes members in fact exist in challenged districts.

To avoid unnecessary court intervention regarding this issue, we request a meet and confer at Defendants' earliest convenience to confirm that the production of organizational affidavits will resolve Defendants' request for additional member names and any expected challenges to the Organizational Plaintiffs' standing in the districts specified in those affidavits. We would also like to discuss Legislative Defendants' proposal that "Organizational Plaintiffs confirm in writing that they will not seek to introduce any evidence concerning the subject matter of members whose standing Organizational Plaintiffs will assert at any time in this case," Defendants' Letter at 3, as



PO Box 51280
Durham, NC 27717
919-323-3380
southerncoalition.org

we require clarification on this proposal to fully consider it and remain open minded to finding a mutually-acceptable agreement on this issue. Please provide dates and times with Defendants' availability.

**Interrogatory No. 5**

NAACP Plaintiffs maintain that this Interrogatory No. 5 is not narrowly tailored as it is extremely broad, and Defendants have failed to provide any clarification to date that might narrow it. NAACP Plaintiffs stand firm in their objection to this Interrogatory No. 5 as to its timing (January 1, 2020 through the present). It is also overbroad and disproportionate to the needs of the case given it was Legislative Defendants' actions, not those of Plaintiffs', that have caused the harm alleged in this matter and form the basis of the defenses asserted.

In the NAACP Discovery Responses, Plaintiffs requested that Defendants "articulate the relevance of this information to any claim or defense in the instant action. [And] Plaintiffs request[ed] to meet and confer with Defendants regarding this Request before they are able to provide a response." NAACP Discovery Responses at 16. Your response, provided nearly two months later, fails to articulate this beyond vague and generalized assertions (without any legal authority to support) that this request is "narrowly tailored" to seek information "probative of both NAACP Plaintiffs' specific alleged injuries and Organizational Plaintiffs' standing." Defendants' Letter at 5. For example, it is not well established as a general matter why communications obtained by Plaintiffs from anyone other than Legislative Defendants would be probative of whether these plans were enacted with race predominating and with the intent to diminish Black voting power as alleged by Plaintiffs. Without more specifics, you have failed to articulate why communications to Plaintiffs relate to claims or defenses in this matter so as to render this request proportionate to the needs of the case as required under applicable law, and namely Rule 26 of the Federal Rules of Civil Procedure.

By contrast, Plaintiffs can easily establish that Defendants' request in Interrogatory No. 5 that they identify "*all* persons or entities" who have provided "*any* written or oral statement . .. concerning *any* matter related to the allegations" over a four-year time span is, on its face, overly broad and unduly burdensome. *See, e.g., In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2024 U.S. Dist. LEXIS 160623, at *12 (E.D.N.C. Aug. 30, 2024) ("Plaintiffs' Seventh Request for 'all documents' located on 'any storage device' related to 'Camp Lejeune Water Contamination Issues' for the ten listed individuals is facially overbroad.").

NAACP Plaintiffs also note we have *already agreed* to produce of responsive non-privileged communications identified following a reasonable search of public, non-privileged communications within the time period January 1, 2023, to December 19, 2023, in response to



PO Box 51280
Durham, NC 27717
919-323-3380
southerncoalition.org

Defendants' Requests for Production Nos. 2, 4, and 5 which seek much of the same information as this Interrogatory. *See* NAACP Discovery Responses at 33-35. Accordingly, Defendants have and will continue to receive information responsive to this Interrogatory through documentary productions. If this is not satisfactory to Defendants, please articulate why and we will seek to meet and confer regarding this issue to address Defendants' concerns consistent with applicable law.

**Interrogatory No. 6**

NAACP Plaintiffs' Response to Interrogatory No. 6 directly responded to Defendants request by identifying whether each individual Plaintiff is a member of organizational Plaintiffs North Carolina NAACP and/or Common Cause. Defendants have failed to articulate (as requested) how individual Plaintiffs' organizational affiliations (including religious affiliations) over the span of 8 years, which are otherwise protected under the First Amendment, are "highly relevant" to claims or defenses here. *See* Defendants' Letter at 6. The only explanation Defendants have provided for this is to assert, without citation to authority or case law, that "politics is a defense to claims like those here." Defendants' Letter at 3. And Defendants' citation in their Letter to *Alexander v. S.C. State Conference of the NAACP*, 144 S. Ct. 1221 (2024), without any pin citation to a page or any quotation or parenthetical, also does not help to clarify the scope of this request or the relevance of this information to claims and defenses here. Defendants' Letter at 6. To the contrary, the Court in *Alexander* made clear that it is the political motivations of *the Legislature*, and not Plaintiffs, that must be disentangled to prove a racial gerrymander. *See, e.g.,* 144 S. Ct. at 1235. It thus defies logic at how Plaintiffs' associations, presumably unknown to the legislators and map-drawers, could have any bearing on the discriminatory intent alleged by Plaintiffs here.

Defendants have also failed to provide the clarifications for this Request that Plaintiffs identified were needed to provide a response. *See* NAACP Discovery Responses at 17 ("Plaintiffs further object to this request because the terms 'member' and 'were otherwise involved' is undefined and vague and thus unduly burdensome to the extent that it expands the scope of discovery in a manner that is not proportional to the needs of the case. Whether or not someone is considered a 'member' and considers themselves a 'member' is dependent on the organization, and without further specification on what Legislative Defendants mean by 'member' or 'involved' Plaintiffs are unable to answer this interrogatory.").

Accordingly, Plaintiffs ask that Defendants provide the requested clarification on the terms "member" and "were otherwise involved in" in the Request, articulate why the span of eight years is appropriate, and articulate what part of the *Alexander* decision you are relying on. As stated, and without additional clarification or information, NAACP Plaintiffs maintain that disclosure of this


would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958).

In a good faith effort to resolve this issue, NAACP Plaintiffs agree to provide the public voter record for the Individual Plaintiffs indicating their registered party affiliation and which primary elections they have participated in as a voter in this state, and have provided that to Defendants via email with this letter in documents with bates range NAACPPS_0001509 – NAACPPS_0001537.

NAACP Plaintiffs' Responses to Requests for Production

NAACP Plaintiffs have already agreed to conduct a reasonable search for responsive non-privileged documents in response to Defendants' Requests for Production No. 2, 4, and 5, and to otherwise disclose expert materials consistent with the scheduling order in this matter and applicable law and rules of procedure. NAACP Discovery Responses 32-35. Since that time, Plaintiffs have produced hundreds of responsive documents and timely disclosed opening expert materials. In their Letter, Defendants' have failed to identify specific issues or deficiencies in the production set the NAACP Plaintiffs have agreed to search and produce. Accordingly, NAACP Plaintiffs are diligently continuing their document review and rolling production consistent with their Responses, as described below, without waiving any of their Specific and General Objections.

**Request for Production No. 2**

NAACP Plaintiffs disagree with Defendants' position that this Request No. 2 is "narrowly tailored and seeks documents which are directly probative of alleged harm caused by the 2023 Plans, as well as Organizational Plaintiffs' standing to challenge the same." Defendants' Letter at 8. Notwithstanding NAACP Plaintiffs' Specific and General Objections, NAACP Plaintiffs agreed in their Response to produce responsive non-privileged communications identified following a reasonable search of public, non-privileged communications within the time period January 1, 2023 to December 19, 2023. NAACP Discovery Responses at 32-33. Consistent with their Response, NAACP Plaintiffs have conducted a reasonable search for such communications and included responsive non-privileged communications in the rolling production to date. NAACP Plaintiffs are continuing to diligently conduct a reasonable search for the requested communications and anticipate further rolling productions containing non-privileged responsive information. NAACP Plaintiffs also intend to provide a First Amendment privilege log at the close of document productions in this matter. Plaintiffs request that Defendants clarify whether they are contesting the scope of documents NAACP Plaintiffs have agreed to search and produce, and to meet and confer regarding this issue.



**Request for Production No. 4**

NAACP Plaintiffs maintain that certain associational information sought by Request No. 4 is protected under the First Amendment because its disclosure would intrude upon NAACP Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). As indicated above, we request to meet and confer with Defendants regarding their understanding that the First Amendment privilege does not apply to disclosure of individual members of North Carolina NAACP and Common Cause.

NAACP Plaintiffs also clarified, in their response, that "Organizational Plaintiffs assert only representational standing in this matter as representatives of their members." NAACP Discovery Responses at 34. Defendants' request is thus disproportionate in light of the basis for standing that the Organizational Plaintiffs intend to rely on, and Defendants' have failed to articulate why this information is still relevant in light of that.

Notwithstanding NAACP Plaintiffs' Specific and General Objections, NAACP Plaintiffs have already agreed in their Response to Request No. 4 to produce responsive, non-privileged communications identified following a reasonable search of public, non-privileged communications within the time period January 1, 2023 to December 19, 2023. NAACP Discovery Responses at 34. Consistent with their Response, NAACP Plaintiffs have conducted a reasonable search for such communications and included responsive non-privileged communications in the rolling production to date. NAACP Plaintiffs are continuing to diligently conduct a reasonable search for the requested communications and anticipate further rolling productions containing non-privileged responsive information. NAACP Plaintiffs also intend to provide a First Amendment privilege log at the close of document productions in this matter. Plaintiffs request that Defendants clarify whether they are contesting the scope of documents NAACP Plaintiffs have agreed to search and produce, and to meet and confer regarding this issue.

**Request for Production No. 5**

Defendants' Letter does not address how the burden and expense of redacting or screening for the information requested in Request No. 5, especially given the overbroad time period spanning back to January 1, 2020 (which Plaintiffs also object to), far outweighs any use or relevance this information has to the claims and defenses in this matter.

Notwithstanding NAACP Plaintiffs' Specific and General Objections, NAACP Plaintiffs agreed in their Response to Request No. 5 to produce responsive, non-privileged social media postings discussing the redistricting of North Carolina's statewide plans identified following a reasonable



search of Plaintiffs' social media postings within the time period of January 1, 2023 to December 19, 2023. NAACP Discovery Responses at 34-35. Consistent with their Response, NAACP Plaintiffs are continuing to diligently conduct a reasonable search for the requested postings, statuses, or direct messages, and anticipate further rolling productions containing non-privileged responsive information. NAACP Plaintiffs also intend to provide a First Amendment privilege log at the close of document productions in this matter. Plaintiffs request that Defendants clarify whether they are contesting the scope of documents NAACP Plaintiffs have agreed to search and produce, and to meet and confer regarding this issue.

Kind regards,

Hilary Harris Klein