# EXHIBIT G

Legislative Defendants' September 27, 2024 Discovery Letter

Exhibit to Declaration of Hilary Harris Klein

# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

September 27, 2024

Katherine L. McKnight
direct dial: 202.861.1618
kmcknight@bakerlaw.com

**VIA E-MAIL (HILARYHKLEIN@SCSJ.ORG)**

Hilary Harris Klein
Southern Coalition for Social Justice
PO Box 51280
Durham, NC 27717

Re: *NAACP Plaintiffs' Responses and Objections to Legislative Defendants' First Sets of Discovery in Williams v. Hall, M.D.NC. No. 23-CV-1057 & NC NAACP v. Berger, No. 23-CV-1104 (consolidated)*

Counsel,

Thank you for your time yesterday to meet and confer regarding Organizational Plaintiffs' assertion of the First Amendment privilege in response to Legislative Defendants' discovery requests. This letter confirms our position.

Organizational Plaintiffs rely on representational standing to make their claims in this case and have expressed their intent to assert standing of individual members to establish representational standing. *See* NAACP Plaintiffs' Response to Interrogatory No. 4. Legislative Defendants seek discovery from those members (the "Standing Members") in order to assess each member's standing for the claims asserted and the relief sought.[1] Organizational Plaintiffs assert privilege against production of this information. We understand from recent correspondence and our meet and confer that Organizational Plaintiffs are wavering on that assertion, or otherwise intend to introduce this information, in whole or in part, "if necessary" at some later unknown time.

As discussed during our meet and confer, Legislative Defendants are willing to extend the due date for a complete answer to Interrogatory No. 4 to **Friday, October 4, 2024**. Production by this date should allow Legislative Defendants the time necessary to notice and conduct depositions of the Standing Members by the November 4, 2024, discovery completion date and to prepare any Rule

---

[1] Legislative Defendants have never sought Organizational Plaintiffs' entire membership lists, or the names of any members other than those whose standing Organizational Plaintiffs assert in this case.

*Atlanta   Chicago   Cincinnati   Cleveland   Columbus   Dallas   Denver   Houston   Los Angeles
New York   Orange County   Orlando   Philadelphia   San Francisco   Seattle   Washington, DC   Wilmington*

Case 1:23-cv-01104-TDS-JLW   Document 41-7   Filed 10/04/24   Page 2 of 3

56 motions by the December 6, 2024, deadline. *See* ECF No. 47 at 5.[2] Disclosure after that date will prejudice Legislative Defendants in their defense of this case. If we do not receive a complete answer to Interrogatory No. 4 by October 4, we will understand that Organizational Plaintiffs are resting on their privilege assertion. Because untimely or selective disclosure of information is impermissible and will work severe prejudice, Legislative Defendants will object to the introduction or use at any time of any information responsive to Interrogatory No. 4 in the absence of a complete, unqualified, and timely response to Interrogatory No. 4.

Sincerely,

Kate McK

Katherine L. McKnight

---

[2] Plaintiffs' counsel suggested during the meet and confer that depositions could be conducted after the November 4, 2024, discovery completion date. Legislative Defendants must have the ability to conduct these depositions well in advance of the December 6 deadline for Rule 56 motions, and the court has made clear that a later briefing schedule would not be workable. *See* May 1, 2024, Text Order (requiring revised case schedule to be submitted that allowed for summary judgment briefing to be completed "at least 150 days" before trial).