UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>*Defendants.* | Civil Action No. 23 CV 1104 |

## JOINT RULE 26(f) REPORT

1.      Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(b), a meeting was held on April 18, 2024 at 4:00 PM Eastern via video conference and was attended by (i) Abha Khanna, Jyoti Jasrasaria, Michael Jones, Mark Haidar, and Narendra Ghosh for *Williams* Plaintiffs; (ii) Hilary Harris Klein, Christopher Shenton, Tom Boer, and Olivia Molodanof for *NC NAACP* Plaintiffs (iii) Terence Steed and Mary Carla Babb for Defendants Alan Hirsch, Jeff Carmon III, Stacie Eggers IV, Kevin Lewis, Siobhan O'Duffy Millen, Karen Brinson Bell, the North Carolina State Board of Elections, and The State of North Carolina (collectively, the "State Board Defendants"); and (iv) Katherine McKnight, Erika Dackin Prouty, and Alyssa Riggins for Defendants Philip Berger,

Timothy K. Moore, Destin Hall, Warren Daniel, Ralph Hise, and Paul Newton (collectively, the "Legislative Defendants").

    2.    *Discovery Plan.*

The parties propose the following discovery plan:

    a. The "Commencement Date" for written discovery will be April 22, 2024, and for all other discovery will be May 1, 2024 ("Commencement Date").

    b. The parties will make Federal Rule of Civil Procedure 26(a) initial disclosures no later than May 8, 2024.

Discovery will be needed on the following subjects:

    c. *Williams* Plaintiffs anticipate discovery on the following subjects:

        i. The circumstances of drafting and enacting the 2023 Congressional Plan, including the legislative process and the formation of congressional districts 1, 6, 12, and 14.

        ii. The demographic characteristics and projected electoral performance for districts in the 2023 Congressional Plan.

        iii. The intent of the North Carolina General Assembly in enacting the 2023 Congressional Plan;

        iv. The redistricting factors considered by individuals who drafted the 2023 Congressional Plan.

        v. The totality of the circumstances showing that Black and Latino voters are denied an equal opportunity to elect their candidates of choice under the 2023 Congressional Plan.

    d. *NC NAACP* Plaintiffs anticipate discovery on the following subjects:

        i. The circumstances of drafting and enacting the 2023 Senate Plan, including the legislative process and the formation of senate districts 1, 2, 5, 7, 8, and 37 through 42;

        ii. The circumstances of drafting and enacting the 2023 House Plan including the legislative process and the formation of state house districts 4, 5, 7, 8, 9, 10, 11, 12, 21, 23, 24, 25, 27, 32 through 41, 49, 66, 71, 72, 74, 75, and 91;

iii. The circumstances of drafting and enacting the 2023 Congressional Plan, including the legislative process and the formation of congressional districts 1, 3, 5, 6, 9, and 10.

iv. The demographic characteristics and projected electoral performance for districts in the 2023 Senate Plan, 2023 House Plan, and 2023 Congressional Plan.

v. The intent of the North Carolina General Assembly in enacting the 2023 Senate Plan, 2023 House Plan, and 2023 Congressional Plan;

vi. The redistricting factors considered by individuals who drafted the 2023 Senate Plan, 2023 House Plan, and the 2023 Congressional Plan.

vii. The totality of the circumstances showing that Black voters are denied an equal opportunity to elect their candidates of choice under the 2023 House Plan, the 2023 Senate Plan, and the 2023 Congressional Plan.

e. The State Board Defendants anticipate discovery on the following subjects:

i. None anticipated at this time.

f. The Legislative Defendants anticipate discovery on the following subjects:

i. The allegations and prayer for relief in Plaintiffs' Complaints, including but not limited to:

a. Plaintiffs' evidence of the alleged discriminatory effect of the 2023 Congressional Plan, the 2023 House Plan, and/or the 2023 Senate Plan on the rights of minority voters in North Carolina, and specifically:

i. Whether the minority group in the challenged districts is sufficiently large and geographically compact to constitute a majority in a single-member district;

ii. Whether the minority group is politically cohesive;

iii. Whether racially polarized voting exists in the specific districts challenged; and

3

iv. Whether the totality of the circumstances show that the political process is equally open such that the members of the minority group have equal access to the political process and to elect representatives of their choice.

b. Plaintiffs' evidence of the alleged predominate use of race in drawing the 2023 Congressional Plan, the 2023 House Plan, and/or the 2023 Senate Plan.

c. Plaintiffs' evidence of the alleged discriminatory intent in enacting the 2023 Congressional Plan, the 2023 House Plan, and/or the 2023 Senate Plan.

d. Plaintiffs' evidence of the alleged intentional vote dilution resulting from the 2023 Congressional Plan, the 2023 House Plan, and/or the 2023 Senate Plan.

ii. The defenses and allegations in Defendants' Answers, including but not limited to:

a. Plaintiffs' standing;

b. Plaintiffs' funding;

c. Plaintiffs' alleged harm; and

d. Plaintiffs' alternative maps and/or proposals.

iii. The Legislature's legitimate redistricting objectives justifying any population deviations in the 2023 Congressional Plan, 2023 House Plan, or 2023 Senate Plan.

iv. Any other topics listed by any other party.

The parties propose that the appropriate plan for this case (with any stipulated modification by the parties as set out above in Paragraph 2 and below) is that designated in Local Rule 26.1(a) as **Exceptional**. Presumptively, subject to stipulation of the parties or order of the Court on good cause shown, interrogatories (including subparts) and requests for admission are limited to 30 in number by each set of plaintiffs and defendants.

Depositions are presumptively limited to fifteen (15) fact witness depositions per side in addition to all opposing party experts and named parties. The parties agree to meet and confer should there be a need to seek additional depositions based upon information identified during discovery. Each deposition will be presumptively limited to seven and a half (7.5) hours total, and each witness may be deposed only once, with the exception of experts submitting supplemental reports on the 2024 election. Parties agree to confer in good faith on extending the time of depositions for witnesses involved in more than one state or congressional map. The parties also agree to allow additional, limited depositions of any experts submitting supplemental reports. The parties agree to meet and confer about any proposed modifications to these numbers if necessary.

Stipulated modifications to the case management track include:

g. The date for the completion of all discovery (fact and expert) and for the purposes of any Motion under Rule 56, subject to agreement of the parties for a larger discovery period, is December 12, 2024 ("Completion Date"), except that the parties may provide supplemental expert reports following the results of the 2024 general election as provided below.

h. The deadlines for depositions related to supplemental expert reports is February 21, 2025.

i. Any motion under Rule 56 of the Federal Rules of Civil Procedure must be filed on or before February 28, 2025.

j. The parties propose that a trial on the merits commence as soon as practicable after May 15, 2025. Trial is expected to last approximately 10 days. A jury trial has not been demanded.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

a. Deadline for Plaintiffs' opening expert reports is August 15, 2024.

b. Deadline for Defendants' expert reports is October 10, 2024.

c. Deadline for Plaintiffs' reply to Defendants' reports, if any, is October 31, 2024.

d. Deadline for supplemental expert reports considering electoral results from the 2024 General Election is January 31, 2025.

e. Deadline for supplemental rebuttal expert reports is February 14, 2025.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

    3.    *Mediation/Settlement.*

The parties have discussed possible settlement and agree that settlement is unlikely in this matter and that a mediation conference would be unproductive.

    4.    *Preliminary Deposition Schedule.*

Preliminarily, the parties agree that the depositions of Plaintiffs' witnesses and Defendants' witnesses and expert depositions will be taken by the Completion Date, except for depositions related to supplemental expert reports. The parties will update this schedule at reasonable intervals.

    5.    *Other Items*.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. § 636(c), or appointment of a master. The parties have not consented to a Magistrate Judge's trial jurisdiction.

The parties have discussed whether the case will involve the possibility of confidential or sealed documents and state as follows in accordance with LR 5.5:

- The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. That discussion included the nature of any confidential documents that may be involved in the case, the possibility of using stipulations to avoid the need to file certain documents, and the possibility of agreed-upon redactions of immaterial confidential information in filings to avoid the need for filing documents under seal.

- The parties certify that few, if any, documents will be filed under seal. The parties agree to use the default procedures of LR 5.4(c). In addition, if the party filing the motion to seal is not the party claiming confidentiality, the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing the documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials required by LR 5.4(c)(3) within 14 days of the motion to seal.

- The parties also acknowledge that in the course of discovery or otherwise as necessary to litigate the case, they may be required to provide each other with sensitive, private, personal, or confidential information, specifically personally identifiable information from the North Carolina voter file for analysis by party experts. The parties are actively conferring about the scope of such data productions

6

Case 1:23-cv-01057-TDS-JLW   Document 44   Filed 04/23/24   Page 6 of 11

and whether the transmittal of confidential information can be limited in any way. If such information is ultimately needed, to ensure the security and confidentiality of such information, the parties anticipate submitting a joint request for a protective order governing confidential documents and information.

The basis of federal subject-matter jurisdiction is federal question.

Dated: April 23, 2024

Respectfully submitted,

   */s/* Hilary Harris Klein
Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Corey Leggett*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
corey.leggett@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

*Counsel for NAACP Plaintiffs*

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org

**NAACP**

Janette Louard*
Anna Kathryn Barnes Barry*
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
abarnes@naacpnet.org

8

Case 1:23-cv-01057-TDS-JLW   Document 44   Filed 04/23/24   Page 8 of 11

Dated: April 23, 2024

Respectfully submitted,

   */s/* Hilary Harris Klein
Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Corey Leggett*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
corey.leggett@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

*Counsel for NAACP Plaintiffs*

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org

**NAACP**

Janette Louard*
Anna Kathryn Barnes Barry*
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
abarnes@naacpnet.org

                                              */s/* Abha Khanna
                                                Abha Khanna

| **PATTERSON HARKAVY LLP** | **ELIAS LAW GROUP LLP** |
|---|---|
| Burton Craige, NC Bar No. 9180<br>Narendra K. Ghosh, NC Bar No. 37649<br>Paul E. Smith, NC Bar No. 45014<br>100 Europa Dr., Suite 420<br>Chapel Hill, NC 27517<br>(919) 942-5200<br>bcraige@pathlaw.com<br>nghosh@pathlaw.com<br>psmith@pathlaw.com<br><br>*Counsel for Williams Plaintiffs* | Abha Khanna*<br>1700 Seventh Avenue, Suite 2100<br>Seattle, Washington 98101<br>Phone: (206) 656-0177<br>Facsimile: (206) 656-0180<br>AKhanna@elias.law<br><br>Jyoti Jasrasaria*<br>Michael Jones*<br>Mark Haidar*<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Phone: (202) 968-4490<br>Facsimile: (202) 968-4498<br>JJasrasaria@elias.law<br>MJones@elias.law<br>MHaidar@elias.law<br><br>* *Special Appearance pursuant to Local Rule 83.1(d)*<br><br>NORTH CAROLINA DEPARTMENT OF JUSTICE<br><br>/s/ Terence Steed<br>Terence Steed<br>Special Deputy Attorney General<br>N.C. State Bar No. 52809<br>E-mail: tsteed@ncdoj.gov<br><br>Mary Carla Babb<br>Special Deputy Attorney General<br>N.C. State Bar No. 25731<br>mcbabb@ncdoj.gov<br><br>N.C. Department of Justice<br>P.O. Box 629<br>Raleigh, NC  27602-0629 |

Telephone: (919) 716-6567
Facsimile: (919) 716-6761

*Attorneys for the State Board*

| | |
|---|---|
| **BAKER & HOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |

Richard B. Raile*
DC Bar No. 1015689
Katherine L. McKnight*
Trevor Stanley*
1050 Connecticut Ave. NW
Suite 1100
Washington DC 20036
Ph: (202) 861-1500
rraile@bakerlaw.com
kmcknight@bakerlaw.com
tstanley@bakerlaw.com

Patrick T. Lewis*
Ohio State Bar No. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

Erika D. Prouty*
Ohio State Bar No. 0095821
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Ph: (614) 462-4710
eprouty@bakerlaw.com

*\* Appeared via Special Notice*

By: /s/ Phillip J. Strach
    Phillip J. Strach
    North Carolina State Bar no. 29456
    Alyssa M. Riggins
    North Carolina State Bar no. 52366
    Cassie A. Holt
    North Carolina State Bar no. 56505
    Alexandra M. Bradley
    North Carolina State Bar no. 54872
    301 Hillsborough Street, Suite 1400
    Raleigh, North Carolina 27603
    Ph: (919) 329-3800
    phil.strach@nelsonmullins.com
    alyssa.riggins@nelsonmullins.com
    cassie.holt@nelsonmullins.com
    alex.bradley@nelsonmullins.com

*Attorneys for Legislative Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties of record.

                                            */s/* Hilary Harris Klein