# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br><br>   *Defendants*. | Civil Action No. 1:23CV1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>   *Defendants*. | Civil Action No. 1:23CV1104 |

## CONSENT PROTECTIVE ORDER

   WHEREAS disclosure and discovery activity in these cases may involve production of sensitive, personal, private, or confidential information for which special protection from public disclosure and from use for any purpose other than for use in this litigation may be warranted;

WHEREAS to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an approach that allows the Producing Party to designate materials being produced or to designate deposition testimony as "Confidential;"

WHEREAS this Order allocates to the Producing Party the burden of justifying the confidentiality designation and also establishes a procedure for the Receiving Party to, if appropriate, challenge the Producing Party's confidentiality designation before the Court;

WHEREAS good cause exists for entry of this Order, *see* Fed. R. Civ. P. 26(c);

WHEREAS the parties hereby consent and stipulate to and request the Court to enter the following Consent Protective Order ("Protective Order");

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, consent to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and LR 26.2, and having determined that good cause exists for the entry of this Order,

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

## I. DEFINITIONS

1. "Action" or "Litigation" means the above consolidated cases, *Williams v. Hall*, No. 1:23-cv-1057-TDS-JLW (M.D.N.C.) and *N.C. NAACP v. Berger*, No. 1:23-cv-1104-TDS-JLW (M.D.N.C.).

2. "Challenging Party" means a party that challenges the designation of material, information, or items under this Order.

3. "Confidential" information includes information not publicly available that should be protected from disclosure as sensitive and confidential personal information,

2

including but not limited to: (a) the Social Security number, driver's license number, special identification card number, passport number, military identification card number, veterans identification card number, or tribal enrollment card number of an individual; (b) the birthdate of an individual; (c) the home address, telephone number, or email address provided by an individual; (d) the maiden name or former legal name of any individual or of any family member of such individual; (e) all parts of (i) the North Carolina statewide voter registration database and (ii) Department of Motor Vehicles database that are not otherwise available for public inspection and copying pursuant to federal or North Carolina law; and (f) any other document or information that constitutes, contains, reflects, or discloses confidential, non-public trade secrets, competitively sensitive or proprietary information, research and analysis, development or commercial information, information for which a good faith claim of need of protection from disclosure can be made, and information that is otherwise private or confidential pursuant to federal or state law. Information that is required to be made available for public inspection and copying pursuant to federal or North Carolina law shall not be considered "Confidential" information.

4.     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this case.

5.     "Producing Party" means the party or non-party that produced the Protected Material.

6.     "Protected Material" means any Discovery Material that is designated as "Confidential" as provided for in this Order.

7.     "Receiving Party" means any party that receives Discovery Material from a Producing Party.

## II.     SCOPE

8.     The parties shall meet and confer to try to resolve any disputes that may arise under this Protective Order prior to seeking assistance from the Court.

9.     The protections conferred by this Order cover not only Discovery Material and Protected Material, but also (a) any information copied or extracted from Discovery Material or Protected Material; (b) all copies, derivations, abstracts, excerpts, summaries, or compilations of Discovery Material or Protected Material; and (c) any testimony, conversations or presentations by parties or their counsel in court or other settings that might reveal Discovery Material or Protected Material.

10.     However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party. The parties will exercise caution before publicly filing personal or financial information.

4

11.     This Order does not alter or override Fed. R. Civ. P. 26, this Court's rules, or other applicable law regarding public filing of documents, redacted filings, and filings under seal.

12.     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

13.     This Order shall govern all pretrial proceedings but shall be subject to modification either before, during, or after the trial upon the merits, upon consent of the parties, or upon motion to the Court and showing of good cause by any of the parties. Any confidential record that is admitted into evidence shall not lose its confidential designation under this agreement unless expressly agreed to by the parties or ordered by the Court.

## III.     DESIGNATING PROTECTED MATERIAL

14.     A Producing Party shall designate information as "Confidential" by stamping or otherwise clearly marking that material prior to production as "CONFIDENTIAL."

15.     The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Protective Order should be made with care and should not be made absent a good faith belief that the designated material qualifies as Protected Material. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for

5

protection, then the Producing Party must promptly notify any Receiving Party that it is withdrawing the designation.

16. Where such material is not reduced to documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material.

17. Third parties producing documents during this action may also designate documents as "Confidential" subject to the same protections, obligations, and constraints as the Parties to the action. A copy of this Order shall be served along with any subpoena or document request served on third parties in connection with this action that has not previously been served before entry of this Order. The Parties to this Action may also designate documents produced by third parties and reproduced by a party from a third-party subpoena as "Confidential" subject to the same protections, obligations, and constraints as set forth herein, except that such designations must be made within 30 days of receipt of such documents.

18. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" in compliance with the terms of the agreement shall not:

A. Operate as an admission by any Party that any particular information or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

B. Operate as an admission by any Party that the restrictions and

6

procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential";

      C.     Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

      D.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Agreement;

      E.     Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Agreement;

      F.     Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

      G.     Prevent the Parties to this Agreement from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided herein with respect to any particular information or material.

## IV. NON-DISCLOSURE OF PROTECTED MATERIAL

19. A recipient of Protected Material shall keep the material in a secure area and shall exercise due care to restrict access to those persons described below. Any copies, excerpts, or compilations of Protected Material, whether in oral or written form, shall be subject to this Order to the same extent as the Protected Material itself, and, if in written form, must be labeled as Confidential. A recipient shall not duplicate any Protected Material except for use as working copies and for filing in court.

7

20.     Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, Discovery Material designated as "Confidential" may only be used for the purpose of the Litigation and may not be disclosed by a Receiving Party to any person except as described below:

A.     The Receiving Parties, their officers, directors, and employees only to the extent reasonably necessary to provide assistance with the litigation;

B.     The Receiving Party's counsel, together with the partners, associates, contract attorneys, secretaries, paralegals, and employees of such counsel, only to the extent reasonably necessary to render professional services in the litigation, and for use exclusively in these actions (and for no other purpose);

C.     Judges, court reporters, court personnel, and videographers present at trial, hearings, arguments, depositions and any other judicial proceedings held in this litigation;

D.     Persons shown on the face of the document to have authored or received it;

E.     During a deposition, to a current employee of the Producing Party, or who has been designated by the Producing Party to appear on behalf of the Producing Party at a deposition;

F.     Any non-party witness shown Confidential information during a deposition, hearing, or trial in this litigation, so long as prior to being shown such Confidential information, be asked to state under oath on the record or shall execute the Acknowledgement;

8

G. Consultants or experts retained by the Receiving Party to assist in the Litigation, provided that the disclosure is only to the extent necessary to perform such work; and provided that such consultant or expert has executed the Acknowledgment;

H. Contractors, vendors, and technicians retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Protected Material; and

21. A party seeking to file any Protected Material with the Court shall first confer with the Producing Party on appropriate redactions to address confidentiality concerns and/or, if redactions cannot resolve the confidentiality issue or that party otherwise requests to have Protected Material filed under seal, proceed to file in consistent with Local Rule 5.4. Otherwise, pursuant to Local Rule 5.4(a)(3), if only non-confidential portions of a document are necessary for determination of the matter before the Court, only those non-confidential portions should be filed, immaterial portions should be redacted, and no motion to seal should be filed. In such case, the filing party shall retain the unredacted copies of such documents and make them available to the parties counsel and the Court upon request. The parties agree to negotiate in good faith to avoid the need to file Protected Material in this matter, including by employing stipulations and/or summary exhibits that would avoid the need to file documents containing any PII. To the extent any filing procedures in this document conflict with the filing procedures in Local Rule 5.4, the Local Rule shall control.

## V. DE-DESIGNATION AND CHALLENGING OF PROTECTED MATERIAL

22. Nothing herein shall prevent a Receiving Party from contending (for the

9

purposes of securing an order so providing from the Court) that any or all Protected Material is not confidential. A Receiving Party shall not be obligated to challenge the propriety of any "Confidential" designation at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. A Receiving Party may challenge such designation at any point up until the date that objections to the parties exhibits are due before trial. However, once a Receiving Party determines a challenge is warranted, it should make a prompt challenge, and no Receiving Party should unreasonably delay raising such challenges.

23.     If a Receiving Party seeks to challenge a "Confidential" designation made by a Producing Party, the following procedure shall be used:

A.     The Challenging Party shall, in writing, and by service upon counsel who have appeared in this action, notify the Producing Party that it is disputing the designation (Challenge Notice). The Challenge Notice shall identify the specific materials in dispute, on a document-by-document basis, by exact Bates number(s) (or by other identification if Bates number(s) are not on challenged materials), and the grounds for asserting that the document or information is not entitled to "Confidential" treatment under this Order.

B.     The Producing Party shall respond in writing within seven (7) business days of receiving the Challenge Notice and state with particularity, on a document-by-document basis, the grounds for asserting that the document or information is entitled to "Confidential" treatment under this Order. The Producing Party and the Challenging Party agree to meet and confer about a reasonable extension if necessary.

10

C. Once the Producing Party makes a timely response, counsel shall then confer in good faith within five (5) business days in an effort to resolve the dispute.

24. If counsel for the Producing Party and Challenging Party are unable to resolve the dispute during any meet and confer, either party may file a motion with the Court raising the dispute. The Producing Party will have the burden of proof to establish the propriety of its designations of material as Protected Material. The Challenging Party shall not make frivolous challenges or otherwise challenge documents for improper purposes (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties).

25. Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Producing Party who designated the Protected Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## VI. CONFIDENTIAL INFORMATION IN DEPOSITIONS

26. Parties and deponents may, within 30 days (or as mutually agreeable) after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as Confidential by underlining or otherwise designating the portions of the pages that are confidential. (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated to maintain their designation.) The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such

11

deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order." Until expiration of the 30-day period, the entire deposition transcript will be treated as "Confidential" pursuant to this Protective Order.

## VII. PROPER USE OF PROTECTED MATERIAL

27.    Persons obtaining access to Protected Material in this Litigation shall use the information in connection with this Litigation only — including appeals and retrials — and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

## VIII. NON-TERMINATION

28.    The provisions of this Protective Order shall not terminate at the conclusion of this Litigation. Upon written request from the Producing Party, within 90 days after final disposition of this Litigation, Discovery Material and all copies and extracts of same (other than exhibits of record) and information integrated into work product shall be returned to the Producing Party or destroyed, except that counsel are entitled to retain archival copies of all draft and final pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material subject to this Agreement. Final disposition, for purposes of this Order, is the later of: (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearing, remands, trials, or reviews of this action, including the time limits for filing any motions

12

or applications for extension of time pursuant to applicable law. Any archival copies that contain or constitute Confidential material subject to this Agreement will remain subject to this Agreement, including the restrictions on disclosure herein.

## IX. PRIVILEGE LOGS

29. Pursuant to Fed. R. Civ. P. 26(b)(5), the Parties hereby agree that a Producing Party may redact or withhold a document or ESI if it is protected by attorney-client privilege, the work-product doctrine, or any other reasonably applicable privilege from disclosure.

30. Any Producing Party that withholds otherwise discoverable information (including by redaction) by claiming that the information is privileged, must produce a log in compliance with Fed. R. Civ. P. 26(b)(5). At a minimum, the privilege log must contain a Bates range, the type of document or ESI, the title of the document or ESI, the date of the creation or transmission of the document or ESI, the author or authors of the document or ESI, the recipients of the document or ESI (including individuals copied or blind-copied, whether the document or ESI contains attachments, the privilege or privileges claimed, and the basis for the assertion of privilege or protection.

31. The parties agree that for documents created for the purposes of and in connection with this litigation, the parties need not produce a privilege log for any privileged or protected documents or communications that were exchanged among attorneys or staff of counsel for any one party or documents or communications that were exchanged between:

    A.    Attorneys or staff of counsel for *Williams* Plaintiffs and any named

13

*Williams* Plaintiff(s);

B. Attorneys or staff of counsel for *NC NAACP* Plaintiffs and any named *NC NAACP* Plaintiff(s);

C. Attorneys or staff of counsel for *Williams* Plaintiffs and counsel for *NC NAACP* Plaintiffs;

D. Attorneys or staff for the Office of the North Carolina Attorney General and the North Carolina State Board of Elections or any member of the North Carolina State Board of Elections named as a defendant;

E. Attorneys or staff of counsel for Legislative Defendants—Nelson Mullins and BakerHostetler—and any Legislative Defendant or their staff.

32. The documents and communications referenced in Paragraph 31 do **not** include documents and communications exchanged with counsel in connection with the development or enactment of the challenged maps.

33. Privilege logs shall be produced on a rolling basis. Within 30 days of the date on which a Producing Party makes a production from which privileged materials have been withheld, the Producing Party shall provide a privilege log listing the documents withheld from that production. If the Producing Party fails to provide a privilege log listing the documents withheld from that production, the Receiving Party may make a motion to compel to the Court.

## X. INADVERTENT DISCLOSURE OR FAILURE TO DESIGNATE

34. The inadvertent failure by a Producing Party to designate Discovery Material as "Confidential" shall not waive any such designation provided that the Producing Party

14

notifies all Receiving Parties that such Discovery Material is protected within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

35.     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected as "Confidential" under this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated as "Confidential" under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material with the appropriate protections pursuant to the terms of this Order.

36.     The production of privileged or work-product protected documents, materials, or electronically stored information ("ESI"), whether inadvertent or otherwise, is not a waiver of the privilege or protection of such documents, ESI, or information (or any information relating to the same or related subject matters) from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by

15

28 U.S.C. § 1738. The provisions of Federal Rule of Evidence 502(b) do not apply. In the event of any subsequent conflict of law, the law that is the most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

37.     To claw-back any privileged or work-product protected documents, ESI, or information, the Producing Party must provide written notice to the Receiving Party (a "Claw-Back Notice"). Within thirty (30) days of a Claw-Back Notice, the Producing Party shall provide a privilege log for all documents subject to the Claw-Back Notice.

38.     If a Receiving Party discovers a document that they believe to be privileged or work-product, the Receiving Party will promptly notify the Producing Party of what it believes to be the inadvertently produced privileged document (but no Receiving Party will be found in violation of this Order and the Stipulated ESI Protocol for failing to initially identify potentially privileged document).

39.     After being notified of an inadvertently produced privileged document receiving notice of the production of a potentially privileged document, any Receiving Party must treat the material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Within seven (7) days of receiving a Claw-Back Notice, all Receiving Parties must return, destroy, or sequester the specified document and any copies it has. The Producing Party must retain a copy of the document until the resolution or termination of this case, including any appeals.

40.     If any Receiving Party disputes the merits of a Claw-Back Notice, it shall provide in writing notice of such dispute to the Production Party, and the Producing Party and Receiving Party shall then confer in good faith within five (5) business days after such notice in an effort to resolve the dispute.

41.     If counsel for the Producing Party and Receiving Party are unable to resolve the dispute during any meet and confer, either party may file a motion with the Court raising the dispute. The Producing Party will have the burden of proof to establish the propriety of its Claw-Back Notice.

## XI.     MODIFICATION PERMITTED

42.     This Order may be modified by agreement of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 17, 2024                    Respectfully submitted,


**PATTERSON HARKAVY LLP**              **ELIAS LAW GROUP LLP**

Narendra Ghosh, NC Bar No. 37649       /s/ Abha Khanna
Burton Craige, NC Bar No. 9180         Abha Khanna*
Paul E. Smith, NC Bar No. 45014        1700 Seventh Avenue, Suite 2100
100 Europa Dr., Suite 420              Seattle, Washington 98101
Chapel Hill, NC 27517                  Phone: (206) 656-0177
(919) 942-5200                         Facsimile: (206) 656-0180
nghosh@pathlaw.com                     AKhanna@elias.law
bcraige@pathlaw.com
psmith@pathlaw.com                     Jyoti Jasrasaria*
                                       Mark Haidar*
**Counsel for Williams Plaintiffs**    250 Massachusetts Ave., Suite 400
                                       Washington, D.C. 20001
                                       Phone: (202) 968-4490
                                       Facsimile: (202) 968-4498
                                       JJasrasaria@elias.law
                                       MHaidar@elias.law

                                       *Special Appearance pursuant to
                                       Local Rule 83.1(d)*

18

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Corey Leggett*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
corey.leggett@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special
Appearance pursuant to L-R 83.1(d)

*Counsel for NAACP Plaintiffs*

**SOUTHERN COALITION FOR
SOCIAL JUSTICE**

/s/ Hilary Harris Klein
Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org

**NAACP**

Janette Louard*
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

BAKER & HOSTETLER LLP

Richard B. Raile*
DC Bar No. 1015689
Katherine L. McKnight*
Trevor Stanley*
1050 Connecticut Ave. NW
Suite 1100
Washington DC 20036
Ph: (202) 861-1500
rraile@bakerlaw.com
kmcknight@bakerlaw.com
tstanley@bakerlaw.com

Patrick T. Lewis*
Ohio State Bar No. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

Erika D. Prouty*
Ohio State Bar No. 0095821
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Ph: (614) 462-4710
eprouty@bakerlaw.com

*Appeared via Special Notice*

**Counsel for Legislative Defendants**

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ Phillip J. Strach
Phillip J. Strach
North Carolina State Bar no. 29456
Alyssa M. Riggins
North Carolina State Bar no. 52366
Cassie A. Holt
North Carolina State Bar no. 56505
Alexandra M. Bradley
North Carolina State Bar no. 54872
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
alex.bradley@nelsonmullins.com

**NORTH CAROLINA
DEPARTMENT OF JUSTICE**

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
mcbabb@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602-0629
Telephone:  (919) 716-6567
Facsimile:  (919) 716-6761

*Counsel for State Board Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**, this 22nd day of July, 2024.

      /s/  Thomas D. Schroeder
United States District Judge
FOR THE COURT

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> *Defendants.* | Civil Action No. 1:23CV1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants.* | Civil Action No. 1:23CV1104 |

**ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND**
**AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

_____ declares, under penalty of perjury, that:

I reside at _____ in the City of _____, County of _____State of _____.

I am currently employed by_____, located at_____, and my current job title is_____.

I have read and understand the terms of the Protective Order dated_____, filed in the above-captioned actions currently pending in the United States District Court for the Middle District of North Carolina. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any "Confidential" information or any documents or copies of documents designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I agree not to copy or use such "Confidential" information except for the purposes of one or both of the above-captioned actions and pursuant to the terms of the Protective Order. As soon as practical, but no later than 90 days after final termination of the Litigation, I shall confirm destruction, or return to the attorney from whom I have received them, any documents in my possession designated "Confidential," including and all

ii

copies, excerpts, summaries, notes, digests, abstracts, and indices that contain Confidential information. I submit myself to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

This _____ day of _____, 2024.

_____
**Signature**


_____
**Printed Name**