| | |
|---|---|
| SHAUNA WILLIAMS, et al., *Plaintiffs*, v. REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., *Plaintiffs*, v. PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., *Defendants*. | Civil Action No. 23 CV 1104 |

**DECLARATION OF HILARY HARRIS KLEIN**

I, Hilary Harris Klein, declare as follows:

1. I am more than 18 years of age, am of sound mind, and am otherwise competent to give this Declaration.

2. I am counsel for the North Carolina NAACP, Common Cause, Mitzi Reynolds Turner, Dawn Daly-Mack, Hollis Briggs, Corine Mack, Calvin Jones, Linda Sutton, and Syene Jasmin ("NAACP Plaintiffs") in the above-captioned action.

3. This declaration is based on my personal knowledge and/or my review of correspondence and documents produced in this case.

4. NAACP Plaintiffs served Legislative Defendants with written discovery requests, including a Request for Production of Documents and Interrogatory Requests, on April 24, 2024, two days after the date on which the parties agreed discovery would open in this matter (April 22, 2024).

5. NAACP Plaintiffs did not receive service of any written discovery requests from Legislative Defendants until June 11, 2024, which was approximately seven weeks after the parties had agreed written discovery would open.

6. A true and correct copy of Legislative Defendants' June 11 Discovery Requests is appended to this Declaration as **Exhibit A**.

7. Legislative Defendants' Interrogatory Request 4 made the following request on North Carolina NAACP and Common Cause (the "Organizational Plaintiffs"):

For each of the Organizational Plaintiffs, please state or identify:

(a) The members of your organization living in each challenged Congressional, state Senate, and state House district whose standing you will assert and the corresponding district(s) in which they reside; and

2

(b) All facts and documents on which you intend to rely to support your organization's standing, including but not limited to allegations of "harm" resulting from the 2023 Plans with respect to each challenged district in your Complaint.

8. NAACP Plaintiffs timely responded to Legislative Defendants' discovery requests on July 11, 2024, and followed up on July 12, 2024, with a corrected response that included a slight correction to the middle name of one Plaintiff, in which the original response had inadvertently omitted a letter.

9. A true and correct copy of NAACP Plaintiffs' corrected July 11 Discovery Responses, redacted of information designated Confidential, is appended as **Exhibit B**.[1]

10. Soon after receiving Legislative Defendants' requests on June 11, 2024, I conferred with each plaintiff regarding Legislative Defendants' requests. I specifically conferred with representatives of the Organizational Plaintiffs on the requests for membership information. These conversations, along with my own legal research, informed the responses provided on July 11, including the assertion of First Amendment privileges.

11. I also began working diligently with my co-counsel and clients in this matter to identify relevant custodians and search parameters to conduct document and informational searches in response to Legislative Defendants' discovery requests. To date, we have collected over 4,600 documents from 42 different custodial accounts, producing over 1,855 pages of material in rolling productions that began on August 19, 2024.

---

[1] I would be happy to file an unredacted version of this document, pursuant to the Protective Order, Dkt. 55, and the sealing procedures under the Local Rules, if the Court would find it helpful in the disposition of NAACP Plaintiffs' Motion for a Protective Order.

12. I have gone back and reviewed my correspondence with counsel for Legislative Defendants in this matter, and I have been unable to identify substantive communications conveying concerns with NAACP Plaintiffs' discovery responses until eight weeks after we sent our responses, when we received a letter from counsel for Legislative Defendants on September 5, 2024. A true and correct copy of this letter is appended as **Exhibit C.**

13. In their September 5 discovery letter, Legislative Defendants disputed NAACP Plaintiffs' assertion of First Amendment privilege over membership names. Exhibit C at 2–3. Legislative Defendants asserted a concern of having "no way of verifying anything about Organizational Plaintiffs' members whose standing they assert," which confused me because they had not yet noticed any depositions to our Organizational Plaintiffs in which they could ask how these members were identified. Otherwise, Legislative Defendants did not represent they would be challenging Organizational Plaintiffs' standing at summary judgment or trial in this matter in their letter. This was consistent with their failure to challenge standing before filing an Answer, which also did not list lack of standing as an affirmative defense.

14. NAACP Plaintiffs responded to Legislative Defendants on September 20, 2024. A true and correct copy of this letter is appended as **Exhibit D.**

15. In the September 20 response letter, NAACP Plaintiffs offered to provide to Legislative Defendants the evidentiary support for the specific members of the Organizational Plaintiffs identified in challenged districts "in the format of organizational affidavits, establishing that specific members were confirmed in the challenged districts

4

listed and that the public disclosure of membership information would have a chilling effect in violation of the First Amendment." Exhibit D at 3. We offered this because Legislative Defendants had not yet deposed the Organizational Plaintiffs, otherwise I imagine this information would have been provided in the form of deposition testimony.

16. In our September 20 discovery letter, NAACP Plaintiffs also requested a meet and confer at Defendants' earliest convenience to confirm that the production of organizational affidavits would resolve Legislative Defendants' requests for the basis of associational standing in specified districts. NAACP Plaintiffs also noted they remained "open minded to finding a mutually-acceptable agreement on this issue." *Id.* at 3–4.

17. On September 25, 2024, counsel for Legislative Defendants offered times for a meet and confer the following day, and I accepted. A true and accurate copy of this correspondence is provided in **Exhibit E**.

18. On September 25, 2024, I also provided via email a declaration from North Carolina State Conference of the NAACP President Deborah Dicks Maxwell addressing the identification of specific NAACP members in challenged districts as well as the basis for asserting First Amendment privilege over membership identities. A true and accurate copy of this declaration is in **Exhibit F**.

19. On September 26, 2024, I engaged in a meet and confer via virtual video conference with counsel for Legislative Defendants regarding their discovery requests and the NAACP Plaintiffs' responses. Legislative Defendants' counsel Katherine McKnight, Erika Prouty, and Cassie Holt were present, as were Mark Haidar and

Narendra Ghosh from the Williams Plaintiffs, and myself and Madeleine Bech on behalf of NAACP Plaintiffs.

20. In the September 26 meet and confer, Ms. McKnight conveyed that Legislative Defendants felt they had an October 4, 2024, "cutoff date" for receiving the identities of specific organizational members before they would assert a prejudice in not having this information because they intended to depose non-party members that would be identified. When I asked what information would be sought in those depositions, Ms. McKnight conveyed they would ask questions regarding "anything relevant to standing" as well as "any matter relevant" to the case.

21. Ms. McKnight also conveyed during the meet and confer that Legislative Defendants intended to challenge Organizational Plaintiffs' associational standing in this matter. To the best of my recollection, that is the first time Legislative Defendants conveyed that intent.

22. In response, I made clear NAACP Plaintiffs objected to the October 4 deadline, emphasizing that Legislative Defendants waited to issue discovery requests in this matter and then nearly two months to raise objections to Plaintiffs responses. In a good faith effort to resolve Legislative Defendants' concerns, I asked whether they would instead accept voting records for the individual members identified, reflecting their self-designated race, status as an active voter, and voting districts, in addition to testimony from organizational representatives specifying how these members were identified. These voting records are available from the "Voter Search" tool maintained by the North Carolina State Board of Elections (https://vt.ncsbe.gov/reglkup/) and NAACP Plaintiffs

had already provided such records, unredacted, for the Individual Plaintiffs. An example of such a redacted record is provided in Exhibit J. Ms. McKnight declined.

23. On September 27, 2024, Legislative Defendants sent a letter following up on the meet and confer conveying again their position on this matter. A true and accurate copy of this letter is in **Exhibit G**.

24. On October 2, 2024, I responded to Legislative Defendants to convey that NAACP Plaintiffs intended to seek clarification from the Court on this matter and would do so on October 4 because of Legislative Defendants' assertion they would experience prejudice after this date, while also noting we disputed that assertion and instead attributed the timing of this issue to Legislative Defendants' own lack of diligence in discovery. Exhibit E.

25. I also provided to Legislative Defendants on October 2 a supplemental declaration from President Maxwell addressing the impact that depositions of non-party members would have on the North Carolina NAACP and its members. A true and accurate copy of this Second Maxwell Declaration is in **Exhibit H**.

26. I also provided to Legislative Defendants on October 2 a declaration from the Executive Director of Common Cause North Carolina, Bob Phillips, addressing how Common Cause members were identified in challenged districts and the impact that disclosure of member identities and depositions would have on the organization and its members. A true and accurate copy of this declaration is in **Exhibit I**.

27. Also in my October 2 email, and in a second good faith attempt to resolve this issue without seeking court intervention, I conveyed to Legislative Defendants a

7

proposal to resolve this issue by providing specific organizational member voting records reflecting their self-designated race, city, zip code, party affiliation, voting history, and current voting districts but redacted of personally identifying information (including redacting the name, street address (but not town or zip code), Voter Registration Number, and NCID), in exchange for an agreement that Defendants will not seek to depose any members who are not otherwise disclosed by name to Defendants, and a stipulation from Defendants that Organizational Plaintiffs have established that specific individual members reside in those districts. I conveyed that NAACP Plaintiffs would need at least two weeks to seek permission to disclose this information from individual members. I also conveyed that NAACP Plaintiffs would also agree not to call any members who are not otherwise disclosed by name to Defendants at trial, unless ordered by the Court to establish standing, and limiting their testimony to confirm (1) their membership in the organization and (2) that they are an eligible voter identifying as Black/African American in a challenged district intending to vote. Finally, I reiterated that Organizational Plaintiffs remained available for depositions on standing pursuant to Rule 30(b)(6) and noted that, to date, we had not received notices for such depositions. Exhibit E at 1.

28. Legislative Defendants declined this offer via email on October 4, 2024. Legislative Defendants also asserted that they would continue to oppose NAACP Plaintiffs' assertion of First Amendment privilege and seek relief in the future including objecting to the evidence NAACP Plaintiffs have indicated they intend to use to establish standing here and "alteration of case deadlines, including the trial date." They also reiterated their entitlement to "examine witnesses on whom Plaintiffs rely for standing in

this matter," which NAACP Plaintiffs understand as a confirmation they intend to depose any non-party members disclosed to them. Exhibit E.

29. To date, I have not received any notices to depose representatives of the Organizational Plaintiffs from Legislative Defendants in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 4, 2024.

/s/ *Hilary Harris Klein*
Hilary Harris Klein

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2024, I electronically filed the foregoing and its exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Hilary Harris Klein
Hilary Harris Klein