IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1104 |

## DECLARATION OF STUART NAIFEH

I, Stuart Naifeh, declare as follows:

1. I am more than 18 years of age, am of sound mind, and am otherwise competent to give this Declaration.

2. I am an attorney at the NAACP Legal Defense and Educational Fund, Inc.

3. I served as counsel for plaintiff Louisiana State Conference of the NAACP, in addition to other plaintiffs, in the case *Nairne v. Ardoin*, No. 3:22cv178, in the United States District Court for the Middle District of Louisiana, filed on March 14, 2022. This matter challenges Louisiana's enacted state legislative redistricting plans as diluting Black voters' voting strength in violation of Section 2 of the federal Voting Rights Act.

4. The court docket for that matter retrieved from Lexis, current as of October 17, 2024, as appended to this declaration as **Exhibit A**.

5. In a set of interrogatories and document requests, Defendants in that matter sought discovery concerning the identities of Louisiana NAACP members alleged to have been injured by the challenged redistricting plans.

6. The Louisiana NAACP objected to discovery of this information as protected under the members' First Amendment right to free association, and declined to produce it.

7. Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana and through his counsel, filed a motion to compel discovery of the identities of NAACP members. Ex. A at Docket Entry132.

8. On September 8, 2023, Magistrate Judge Scott D. Johnson denied this motion to compel finding it "critical" that "there has been no challenge to the NAACP's

associational standing" in light of the needs of the case and plaintiffs' First Amendment objections. *Nairne v. Ardoin*, No. 22-178-SDD-SDJ, 2023 U.S. Dist. LEXIS 159116, at *5-6 (M.D. La. Sep. 8, 2023).

9. After this decision was issued, Defendant Ardoin objected to this order on September 22, 2024, *see* Ex. A at Docket Entry 144, and then filed a motion for Summary Judgment on October 6, 2023 challenging, *inter alia*, the standing of the Louisiana NAACP. *Id.* at Docket Entry 149.

10. In light of Defendants' pending summary judgment motion, on October 24, 2023, the District Court granted the objections to the Magistrate Judge's Order Denying Defendant's Motion to Compel because "standing has been raised by Defendant" and referred it back to the Magistrate Judge for reconsideration. *See* Ex. A at Docket Entry 158 (Text Order).

11. In his order on reconsideration, the Magistrate Judge, noted that "all acknowledged that Defendants' recent challenge to associational standing alters the scope of discovery on that issue," and granted in part the motion to compel. *See* Order, *Nairne v. Ardoin*, No. 22-178-SDD-SDJ at Doc. 169 (M.D.L.A. Nov. 2, 2023).[1] Specifically, the Court limited the compelled disclosure to the name and address of one individual member for each of the districts the Louisiana NAACP challenged, on whose membership the Louisiana NAACP intended rely at trial to establish associational

---

[1] I understand this document has been already filed by Defendants in this matter at Docket Entry 65-2.

standard or any other part of its claim. *Id.* The Court denied Defendants' request for phone numbers and occupations of the non-party NAACP members. *Id.* at 2 n.1.

12. The court also ordered that the operative protective order in the matter be amended to protect the disclosure of the personally identifying information of the Louisiana NAACP members. *Id.*

13. On November 6, 2023, the Louisiana NAACP produced an amended interrogatory response including the names and address of ten individual NAACP members. These responses were designated "Highly Confidential/Outside Attorney's Eyes Only" under the protective order, meaning they could not be disclosed to the Defendant parties or to their in-house counsel, including counsel in the state attorney general's office. The email transmitting these responses is appended to this declaration as **Exhibit C**. Defendant did not object to this confidentiality designation.

14. In the November 14, 2023, pretrial conference, Defendants expressed a desire to depose the individual NAACP members disclosed in discovery relative to the question of NAACP associational standing, asserting that depositions were necessary to "test the veracity" if the information concerning the members' standing in their own right. The Plaintiffs represented that the individual, non-party NAACP members would not be called at trial as witnesses. The plaintiffs offered to make Michael McClanahan, the President of the NAACP, available for an additional deposition by the Defendants regarding facts pertaining to the identified members and to associational standing of the NAACP. *See Nairne v. Ardoin*, No. 3:22cv178 at Doc. 182 (Nov. 14, 2023) (Appended to

4

Case 1:23-cv-01057-TDS-JLW    Document 68    Filed 10/23/24    Page 4 of 6

this Declaration as **Exhibit B**). On the basis of those representations, the district denied the request to depose the individual members. Ex. B at 2.

15. At trial, Louisiana NAACP offered evidence of associational standing in the form of testimony by Louisiana NAACP President McClanahan to the membership status, name, address, and voting district of non-party NAACP members, as well as records of the voter registration status for these individuals, obtained from the Secretary of State's voter-lookup website. Mr. McClanahan testified under seal (in a courtroom in which only the court and court staff, counsel for Defendants, and Plaintiffs and their counsel were present), and the unredacted voter registration records were entered into evidence under seal. Redacted copies of the voter registration records, with all personally identifiable information removed, were filed in the public evidentiary record. Defendants did not object to the sealing of Mr. McClanahan's testimony or the voter registration records, nor did they object to the redactions of personally identifiable information in the public record.

16. Based on that evidence, the district court made a factual finding that "Louisiana NAACP presented evidence of members who would have standing in their own right" sufficient to establish standing for the organization, and that "because the Louisiana NAACP seeks prospective and injunctive relief instead of individualized damages, participation of individual members is not required. *Nairne v. Ardoin*, No. 22-178-SDD-SDJ, 2024 U.S. Dist. LEXIS 22181, at *18-20 (M.D. La. Feb. 8, 2024). The matter is currently on appeal before the Fifth Circuit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on October 23, 2024.

_____
Stuart Naifeh