# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*,<br><br>*Defendants*. | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*,<br><br>*Defendants*. | Civil Action No. 23-CV-1104 |

**LEGISLATIVE DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENA**

YOU ARE HEREBY NOTIFIED pursuant to Rule 45 of the Federal Rules of Civil Procedure, that Legislative Defendants, by and through undersigned counsel, intend to serve a subpoena to sit for a deposition upon Stephen James Mallison. A copy of the subpoena is attached hereto.

This the 22nd day of October, 2024.

| BAKER & HOSTETLER LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
|---|---|
| Richard B. Raile*<br>DC Bar No. 1015689<br>Katherine L. McKnight*<br>Trevor Stanley*<br>1050 Connecticut Ave. NW<br>Suite 1100<br>Washington DC 20036<br>Ph: (202) 861-1500<br>rraile@bakerlaw.com<br>kmcknight@bakerlaw.com<br>tstanley@bakerlaw.com<br><br>Patrick T. Lewis*<br>Ohio State Bar No. 0078314<br>Key Tower<br>127 Public Square, Suite 2000<br>Cleveland, Ohio 44114<br>Ph: (216) 621-0200<br>plewis@bakerlaw.com<br><br>Erika D. Prouty*<br>Ohio State Bar No. 0095821<br>200 Civic Center Drive, Suite 1200<br>Columbus, Ohio 43215<br>Ph: (614) 462-4710<br>eprouty@bakerlaw.com<br><br>* *Appeared via Special Notice* | By: /s/ Cassie A. Holt<br>   Phillip J. Strach<br>   North Carolina State Bar No. 29456<br>   Alyssa M. Riggins<br>   North Carolina State Bar No. 52366<br>   Cassie A. Holt<br>   North Carolina State Bar No. 56505<br>   Jordan A. Koonts<br>   North Carolina State Bar No. 59363<br>   301 Hillsborough Street, Suite 1400<br>   Raleigh, North Carolina 27603<br>   Ph: (919) 329-3800<br>   phil.strach@nelsonmullins.com<br>   alyssa.riggins@nelsonmullins.com<br>   cassie.holt@nelsonmullins.com<br>   jordan.koonts@nelsonmullins.com<br><br>*Attorneys for Legislative Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served by email on all counsel of record in this action.

This the 22nd day of October, 2024.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

/s/ Cassie A. Holt
Cassie A. Holt

3

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| Shauna Williams, et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-CV-1057 and 23-CV-1104 |
| Representative Destin Hall, in his official capacity, et al., | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: STEPHEN JAMES MALLISON

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Nelson Mullins Riley & Scarborough LLP<br>301 Hillsborough St., Suite 1400, Raleigh, NC 27603 | Date and Time:<br>11/04/2024 10:00am EST |
|---|---|

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: All documents and communications regarding or relating to any districting maps (or part(s) thereof) drawn for any member of the N.C. House Democratic Caucus ("NCHDC") (Ex.A), or Eddie Speas or Caroline Mackie on behalf of NCHDC in 2023. This includes maps (or part(s) thereof) in PDF & native form; all emails regarding mapdrawing in 2023 with Speas, Mackie, Todd Barlow, and/or anyone on Ex.A; and documents relating to engagement & payment for services to NCHDC/any member in 2023.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2024

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Legislative Defendants _____, who issues or requests this subpoena, are:
Cassie Holt, Nelson Mullins Riley & Scarborough LLP, 301 Hillsborough St., Suite 1400, Raleigh, NC 27603, cassie.holt@nelsonmullins.com (Tel: 919-329-3800).

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23-CV-1057 and 23-CV-1104

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

| | |
|---|---|
| Eric Ager | Joe John |
| Kelly Alexander, Jr. | Abe Jones |
| Vernetta Alston | Ya Liu |
| John Autry | Brandon Lofton |
| Cynthia Ball | Carolyn Logan |
| Amber Barker | Tim Longest |
| Mary Belk | Marvin Lucas |
| Cecil Brockman | Nasif Majeed |
| Gloristine Brown | Marcia Morey |
| Kanika Brown | Garland Pierce |
| Terry M. Brown, Jr. | Lindsey Prather |
| Allen Buansi | Renee A. Price |
| Laura Budd | Amos L. Quick, III |
| Deb Butler | Robert T. Reives, II |
| Becky Carney | James Roberson |
| Maria Cervania | Caleb Rudow |
| Ashton Wheeler Clemmons | Charles Smith |
| Linda Cooper-Suggs | Diamond Staton-Williams |
| Sarah Crawford | Julie Von Haefen |
| Carla D. Cunningham | Shelly Willingham |
| Allison Dahle | Michael Wray |
| Terence Everitt | |
| Rosa Gill | |
| Wesley Harris | |
| Pricey Harrison | |
| Zack Hawkins | |
| Francis Jackson | |
| B. Ray Jeffers | |