# Exhibit 2

```
 1          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2
                   ~~~~~~~~~~~~~~~~~~~~
 3
        SHAUNA WILLIAMS, et al.,
 4
                    Plaintiffs,
 5
             vs.                     Case No. 23-CV-1057
 6
        REPRESENTATIVE DESTIN
 7      HALL, etc., et al.,          Case No. 23-CV-1104
 8                  Defendants.
 9                 ~~~~~~~~~~~~~~~~~~~~
10      NORTH CAROLINA STATE
        CONFERENCE OF THE NAACP, et al.,
11
                    Plaintiffs,
12
        PHILIP BERGER, etc., et al.,
13
                    Defendants.
14
                   ~~~~~~~~~~~~~~~~~~
15              The Remote Deposition of
16
17                 DEBORAH D. MAXWELL
18
19
20                  October 25, 2024
21                     9:30 a.m.
22
23
24
25             Cynthia Sullivan, RPR
```

1  APPEARANCES:
2
3       On behalf of the Plaintiffs:
4            Southern Coalition for Social
5                Justice, by
6            HILARY HARRIS KLEIN, ESQ.
7            1415 West Highway 54
8            Durham, North Carolina  27707
9            hilaryhklein@scsj.org
10
11      On behalf of the Defendants:
12           Baker & Hostetler, by
13           ERIKA PROUTY, ESQ.
14           200 Civic Center Drive
15           Suite 1200
16           Columbus, Ohio  43215
17           eprouty@bakerlaw.com
18               and
19           Nelson Mullins Riley &
20               Scarborough, by
21           CASSIE A. HOLT, ESQ.
22           301 Hillsborough Street
23           Suite 1400
24           Raleigh, North Carolina  27612
25           cassie.holt@nelsonmullins.com

1  TRANSCRIPT INDEX
2
3  APPEARANCES................................    2
4
5  INDEX OF EXHIBITS .........................    4
6
7  EXAMINATION OF DEBORAH D. MAXWELL:
8  By Ms. Prouty..............................    5
9
10 REPORTER'S CERTIFICATE.....................  151
11
12 EXHIBIT CUSTODY
13 EXHIBITS RETAINED BY COURT REPORTER
14
15
16
17
18
19
20
21
22
23
24
25

Veritext Legal Solutions
www.veritext.com 888-391-3376
Case 1:23-cv-01057-TDS-JLW   Document 86-2   Filed 01/17/25   Page 4 of 13

```
 1                  INDEX OF EXHIBITS
 2   NUMBER              DESCRIPTION                   PAGE
 3   Exhibit 1    The Amended Notice of ........        9
                 Deposition
 4
     Exhibit 2    Complaint No. 23 CV 1104......       29
 5
     Exhibit 3    NAACP Plaintiffs' Discovery ..       34
 6                Responses
 7   Exhibit 4    A Document Labeled Maxwell ...       38
                  Declaration
 8
     Exhibit 5    A Document Entitled Join the .       55
 9                NAACP
10   Exhibit 6    A Document Bates Labeled .....      137
                  NAACPPS_000548
11
                  AFTERNOON SESSION.............       96
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  THE NOTARY: May I have a
2  stipulation that I may swear in the witness
3  remotely?
4  MS. KLEIN: NAACP plaintiffs agree
5  to that.                                          09:29:41
6  MS. PROUTY: Legislative defendants
7  also agree to that.
8  DEBORAH D. MAXWELL, of lawful age, called
9  for examination, as provided by the Federal
10 Rules of Civil Procedure, being by me first
11 duly sworn, as hereinafter certified, deposed
12 and said as follows:
13 EXAMINATION OF DEBORAH D. MAXWELL
14 BY MS. PROUTY:
15     Q.   Good morning. My name is Erika       09:30:03
16 Prouty. I'm an attorney for the legislative
17 defendants in this case. Thank you for being
18 here today. Could you please state your full
19 name for the record.
20     A.   My name is Deborah Maxwell.          09:30:13
21     Q.   May I call you President Maxwell?
22     A.   That is fine.
23     Q.   Just to confirm, all parties have
24 stipulated to the remote administration of your
25 oath and the taking of this deposition.        09:30:31

1           MS. KLEIN:  Objection.  Go ahead.
2      A.    Yes.
3      Q.    How did you obtain that
4  authorization?
5      A.    By the impacted areas, you can look      11:38:36
6  at the map, correct, and see where the branches
7  are and the individuals.
8      Q.    Did you talk to members and ask
9  them if you could file this lawsuit on their
10 behalf?                                            11:39:06
11          MS. KLEIN:  Objection.  Go ahead.
12     A.    We have members who are in each
13 impacted area who have agreed that we have the
14 named plaintiffs, adults, who are not within
15 those areas that this lawsuit is about.            11:39:33
16     Q.    President Maxwell, my question was
17 a little different.  Did you talk to those
18 members and ask them if you could file this
19 lawsuit on their behalf?
20          MS. KLEIN:  Objection.  Go ahead.         11:39:47
21     A.    Yes.
22     Q.    Okay.  When did those conversations
23 take place?
24     A.    I cannot be specific, I'm sorry,
25 but it is over a span of time because it is        11:40:07

1  over the span of the state except for the west.
2  I wonder why.
3      Q.   Is it your testimony that it was
4  before December 19th, 2023?
5      A.   It was done.  I cannot give you a          11:40:29
6  specific time.
7      Q.   Who spoke to these members?
8      A.   Myself and assisted by my first
9  vice president.
10     Q.   Who is the first vice president?           11:41:05
11     A.   Courtney Patterson.
12     Q.   Did you say -- I'm sorry.  Could
13 you repeat that name?
14     A.   Courtney.
15     Q.   Courtney Patterson?                         11:41:18
16          MS. KLEIN:  I'll just state the
17 First Amendment objection, although I
18 understand that Mr. Patterson is publicly
19 disclosed in that position.  So you can go
20 ahead.                                               11:41:30
21     Q.   How many members did you and
22 Mr. Patterson speak to to seek their
23 authorization to file this lawsuit on their
24 behalf?
25     A.   I cannot give you a specific               11:41:37

Page 86

```
 1   number.
 2        Q.   Was it more than five?
 3        A.   Definitely.
 4        Q.   Was it more than ten?
 5        A.   Yes.                                    11:41:46
 6        Q.   Was it more than 20?
 7        A.   I did not do a count.
 8        Q.   How many members did you personally
 9   speak to before filing this lawsuit?
10        A.   I cannot give a specific number.        11:42:05
11        Q.   Why is that?
12        A.   I didn't check, you know, and do a
13   head count of that nature.
14        Q.   Did you keep any records of these
15   conversations?                                    11:42:34
16        A.   I don't have that privileged
17   information because I am working with
18   individuals who need to be protected because
19   within the state we have had crosses burned,
20   death threats, death calls for speaking out       11:43:15
21   even when one should speak out.
22        Q.   President Maxwell, I want to just
23   focus you on what I'm asking.  I'm asking prior
24   to filing this lawsuit in December of 2023,
25   it's your testimony that you talked to an         11:43:35
```

Veritext Legal Solutions
www.veritext.com                                888-391-3376

Case 1:23-cv-01057-TDS-JLW   Document 86-2   Filed 01/17/25   Page 9 of 13

1  unspecified number of members to seek their
2  authorization to bring this case on their
3  behalf.  I'm asking do you have records of the
4  people that you talked to?
5         MS. KLEIN:  Objection.  You can go           11:44:01
6  ahead.
7     A.    It is hard to specifically answer
8  you because at the same time we were going
9  through another voting case, so I think our
10 interests merged, so I don't want to conflict      11:44:20
11 one with the other.
12    Q.    What was that other case?
13    A.    We had the voter ID trial that was
14 May of 2024 in Winston-Salem.  We had another
15 case that was turned back, and so it is a          11:44:41
16 combination of those things.
17    Q.    For either of those cases, were you
18 identifying members who lived in specific areas
19 of the state?
20    A.    Was I?  They are all melded, gelled       11:44:59
21 together.
22    Q.    But sitting here today you can't
23 tell me whether you have any records of the
24 conversations you had prior to filing this
25 lawsuit with the members whose standing you're     11:45:25

                                                           Page 88

 1   asserting in this case; is that right?
 2        A.   I'm under oath, and I do not want
 3   to say anything that is incorrect, so right now
 4   I cannot correctly ascertain to make sure.
 5        Q.   I just want to be clear, the reason      11:45:53
 6   that you cannot answer the question is because
 7   you don't remember; is that right?
 8        A.   Who did I speak to for what?  I
 9   would have to be clear because I do not want to
10   say I did it for that when I did it for this.     11:46:10
11        Q.   Okay.  And is it your understanding
12   that you did this process of identifying
13   members in specific areas of the state for
14   those other cases?
15        A.   Could you repeat that?                   11:46:25
16        Q.   Yeah.  Is it your understanding
17   that you did this identification of members
18   living in specific areas of the state for those
19   other cases?
20        A.   Could you rephrase that?                 11:46:50
21        Q.   In those other cases, and let's
22   start with the voter ID case, did you identify
23   members throughout certain areas of North
24   Carolina for purposes of the North Carolina
25   NAACP's claims in that case?                      11:47:16

REPORTER'S CERTIFICATE

The State of Ohio,   )
                      SS:
County of Cuyahoga.   )

I, Cynthia Sullivan, a Notary Public within and for the State of Ohio, duly commissioned and qualified, do hereby certify that the within named witness, DEBORAH D. MAXWELL, was by me first duly sworn to testify the truth, the whole truth and nothing but the truth in the cause aforesaid; that the testimony then given by the above-referenced witness was by me reduced to stenotypy in the presence of said witness; afterwards transcribed, and that the foregoing is a true and correct transcription of the testimony so given by the above-referenced witness.

I do further certify that this deposition was taken at the time and place in the foregoing caption specified and was completed without adjournment.

1    I do further certify that I am not
2 a relative, counsel or attorney for either
3 party, or otherwise interested in the event of
4 this action.
5    IN WITNESS WHEREOF, I have hereunto
6 set my hand and affixed my seal of office at
7 Cleveland, Ohio, on this 28th day of
8 October, 2024.

*[Signature: Cynthia Sullivan]*

14    Cynthia Sullivan, Notary Public
15    within and for the State of Ohio

17 My commission expires October 17, 2026.