IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1104 |

**NAACP PLAINTIFFS' SURREPLY IN OPPOSITION TO LEGISLATIVE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7.6,[1] NAACP Plaintiffs respectfully submit this Surreply in opposition to Legislative Defendants' Motion for Partial Summary Judgment, Doc. 78, to specifically address the evidentiary objections newly raised on pages 3–4 of the Reply brief, Doc. 86 ("Reply").[2]

In their Reply, Legislative Defendants (hereafter, "Defendants") raise evidentiary objections predicated on the erroneous assertion that testimony from representatives of the Associational Plaintiffs as to their standing members is inadmissible. Their arguments misconstrue the requirements of the Federal Rules of Evidence and reflect yet another attempt by Defendants to impose an unprecedented burden on parties asserting associational standing. Defendants' arguments fail for at least four reasons.

*First*, Federal Rule of Evidence 1002 does not bar the testimony of Associational Plaintiffs' representatives as to the identity of their members. This is because they are testifying to the existence of membership itself, and not the content of any specific writing (such as the terms of a contract) in dispute. Defendants' attempt to argue otherwise misconstrues the scope and intent of the Federal Rules.

The Fourth Circuit explained at length in *United States v. Smith* why such testimony is admissible and why efforts to exclude such testimony "rest on a misconception of the

---

[1] *See, e.g., Neal v. Sandhills Ctr.*, 737 F. Supp. 3d 291, 293 n.1 (M.D.N.C. 2024) (considering surreply filed pursuant to Local Rule 7.6); *CIP Constr. Co. v. W. Sur. Co.*, No. 1:18cv58, 2018 U.S. Dist. LEXIS 122664, at *22–24 (M.D.N.C. July 20, 2018) (considering surreply when required by fairness to address arguments newly raised in a Reply). NAACP Plaintiffs have limited this Surreply to addressing Defendants' newly-raised evidentiary objections, consistent with Local Rule 7.6, and do not concede any other points raised in Defendants' Reply.

[2] All other defined terms herein have the same meaning as in NAACP Plaintiffs' Response in Opposition to Legislative Defendants' Motion for Partial Summary Judgment, Doc. 82.

'best evidence rule' and Rule 1002." 566 F.3d 410, 413 (4th Cir. 2009). In *Smith*, the Fourth Circuit held that Rule 1002 did not bar testimony from a witness who had consulted a computer database and books to reach his conclusion about the place of manufacture for a firearm:

> In this case, the government never sought to prove the content of any writing or recording relating to the firearms or their places of manufacture. It sought only to prove *the fact* that the firearms were manufactured in States other than North Carolina, where they were recovered during the search of Smith's apartment. The place of the firearms' manufacture was a fact existing independently of the content of any book, document, recording, or writing. Just because Special Agent Cheramie consulted books and computer databases in reaching his conclusion about the firearms' place of manufacture does not mean that his testimony was offered to prove the content of the books and computer files. Accordingly, Rule 1002 did not require submission of the books and computer files into evidence.

*Id.* at 413–15 (internal quotation marks and citations omitted) (emphasis in original).

Likewise, here the Associational Plaintiffs' representatives are testifying to the fact of membership by certain individuals, not the specific content of any document. *See also* Fed. R. Evid. 1002 Advisory Committee's Note to 1972 proposed rules ("Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies. For example, payment may be proved without producing the written receipt which was given."). This is entirely distinguishable from the unproduced mortgage note in the case relied upon by Defendants, *In re Pfister*, which involved the terms of an alleged written contract that dictated the obligations of one of the parties in a bankruptcy suit. 749 F.3d 294, 300 n.4 (4th Cir. 2014). Rule 1002 does not bar testimony (including by sworn

affidavit) of the identification of members, or the fact of their membership, by Associational Plaintiffs' representatives.

*Second*, assuming (*arguendo*) that Defendants were correct as to the applicability of Rule 1002, it would not bar the testimony here because Associational Plaintiffs' representatives testified to having personal knowledge of individuals serving as standing members outside of their review of organizational records. *See* Ex. 1 at 120:3–13 (Maxwell Vol. 1, NC NAACP); Ex. 2 at 163:03–21 (Maxwell Vol. 2); Ex. 3 at 166:03–168:09, 267:04–269:05, 276:17–24 (Phillips, Common Cause); *see, e.g.*, *Christian Emps. All. v. United States Equal Opportunity Comm'n*, 719 F. Supp. 3d 912, 920–22 (D.N.D. 2024) (finding organization's president had personal knowledge of members and their membership as attested to in president's affidavits that were admissible to demonstrate associational standing). And, as Federal Rule of Civil Procedure ("FRCP") 30(b)(6) designees, these representatives may further develop personal knowledge by "compiling and assimilating information gleaned from many sources." *City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17-01362, 2022 U.S. Dist. LEXIS 26997, at *20 (S.D. W. Va. Feb. 15, 2022) (internal quotations and citations omitted). In fact, the failure of an FRCP 30(b)(6) witness to adequately review documents containing the entity's knowledge, for the purpose of providing admissible testimony, would be contrary to the specific purpose and intent of the Federal Rules. *See, e.g.*, *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (noting obligation of a corporation to prepare its designee "to the extent matters are reasonably available, whether from documents, past employees, or other sources"). Likewise, Defendants' implication that declarations by standing members

4

themselves should be required to demonstrate associational standing, Reply at 4, would defeat the purpose of allowing associational standing in the first place.

*Third*, Defendants fail to cite any case in which a court has required an organization to enter membership records into evidence in order to admit testimony as to the identity of standing members. That is because there is no such requirement. Defendants' argument that NAACP Plaintiffs must establish associational standing using documentary membership records is entirely without merit.

As an initial matter, Defendants' argument that documentary membership records are required to establish associational standing contradicts the doctrine of associational standing itself. The Supreme Court has recognized that even where an organization has no members, it may still have associational standing where the organization's relationship with harmed individuals poses the "indicia of membership in an organization." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 344 (1977). If an organization may successfully assert associational standing without even having traditional members, it goes without saying that documentary evidence of membership is not and cannot be a prerequisite to associational standing. *See, e.g.*, *Sec. Indus. & Fin. Mkts. Ass'n v. U.S. Commodity Futures Trading Comm'n*, 67 F. Supp. 3d 373, 410 (D.D.C. 2014) ("Plaintiffs are correct that the associational standing doctrine does not limit an association's membership to those listed on its membership rolls.").

Furthermore, where evidence of specific members is offered, the testimony of an organizational representative is routinely used to establish membership for purposes of associational standing. *See, e.g.*, *McClure v. Jefferson Cnty. Comm'n*, No. 2:23-cv-00443,

5

2025 U.S. Dist. LEXIS 8226, at *35-36 (N.D. Ala. Jan. 10, 2025) (NAACP President testimony sufficient to establish organization had members in each challenged district); *Ohio A. Philip Randolph Inst. v. Householder*, 367 F. Supp. 3d 697, 731 (S.D. Ohio 2019) (testimony submitted by plaintiff organizations sufficient to establish existence of members in challenged districts for purposes of associational standing); *Common Cause Fla. v. Byrd*, 726 F. Supp. 3d 1322, 1358–59 & n.2 (N.D. Fla. 2024) (testimony of organizational representative sufficient to demonstrate existence of members in challenged districts); *Nairne v. Ardoin*, No. 22-178, 2023 U.S. Dist. LEXIS 203477, at *11–13 (M.D. La. Nov. 14, 2023) (testimony and declaration of NAACP President and membership names provided under seal sufficient to establish existence of members in each challenged district); *Apalachiola Riverkeeper v. Taylor Energy Co., L.L.C.*, 113 F. Supp. 3d 870, 876 (E.D. La. 2015) (affidavit and deposition testimony sufficient to create genuine dispute of material fact as to membership standing). Proving membership this way makes sense, as the direct participation of members is not a requirement for associational standing, *Hunt*, 432 U.S. at 343, and testifying to the organizational activities of members is well within the competency of an organizational representative. *See Common Cause Fla.*, 726 F. Supp. 3d at 1355 (finding defendant's arguments that NAACP needed to produce a membership list to establish membership "unpersuasive"). NAACP Plaintiffs' submissions as to their organizational standing are squarely in the heartland of this doctrine.

*Fourth*, Defendants' hearsay challenge to Associational Plaintiffs' testimony of permission received from standing members is also misplaced. As noted above, both organizational representatives have interacted with members, and they also participated in

the process of identifying them and obtaining permissions, Ex. 1 at 83:15–85:9, 90:3–14 (Maxwell Vol. 1, NC NAACP); Ex. 3 at 166:03–168:09, 174:01–05, 175:03–176:19, 203:24–204:11, 243:01–06, 276:17–24 (Phillips, Common Cause), thus developing requisite personal knowledge to testify as FRCP 30(b)(6) witnesses. More to the point, the receipt of information from another person is an act, not a statement, and thus not hearsay. *See United States v. Briscoe*, No. RDB-20-0139, 2022 U.S. Dist. LEXIS 85590, at *8–9 (D. Md. May 11, 2022) (holding that it was not hearsay for a witness to testify a defendant authorized the murders of the victims). Here, the organizational representatives did not attest to what any member specifically *said*—but rather reported what certain members *did*, which was authorize the use of their residence for standing and production of their voting records in this matter. As the declarations contain statements of standing members' acts, the references to those acts are not hearsay.

Even if the challenged testimony could be considered "statements," the information need not be offered for the truth of the matter asserted here. This testimony principally informs that Associational Plaintiffs *sought* permission from standing members as part of their organizational process; the fact that members consented to reliance on their membership and production of their voting records is not a requirement for standing. *See Youse v. Duke Energy Corp.*, No. 1:02CV00808, 2003 U.S. Dist. LEXIS 26573 at *4–5 (M.D.N.C. Dec. 15, 2003) (holding an employer's reasons for termination were not hearsay because their truth was irrelevant to employment discrimination claim). NAACP Plaintiffs need not offer that information for its truth, and thus the challenged statement within the context of its relevance is not hearsay.

7

Accordingly, the Court should reject Defendants' evidentiary objections that urge an unprecedented and inappropriate standard for associational standing as meritless and deny summary judgment in favor of Defendants because testimony from representatives of the Associational Plaintiffs demonstrating their standing members is admissible.[3]

## CONCLUSION

Defendants' Motion for Partial Summary Judgment should be denied for the reasons articulated above, addressing Defendants' meritless evidentiary objections newly raised in their Reply, and for the reasons set forth in NAACP Plaintiffs' Response in Opposition, Doc. 82.

Dated: January 24, 2025

Respectfully submitted,

/s/ Hilary Harris Klein
Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org

---

[3] The U.S. Supreme Court has instructed that, where courts have expressed doubt as to the sufficiency of an organizational plaintiff's submissions supporting their associational standing, courts should provide those organizations the opportunity to submit further proof of their standing, rather than grant summary judgment. *See, e.g.*, *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 271 (2015) (noting an organizational plaintiff may supplement the record in a racial gerrymandering case by filing a list of its members in each of the challenged districts' response to a standing challenge); *see also id.* (collecting Supreme Court cases where affidavits were allowed in similar circumstances).

Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 1,933 words as counted by the word count feature of Microsoft Word.

/s/ Hilary Harris Klein
Hilary Harris Klein

# CERTIFICATE OF SERVICE

I certify that on January 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Hilary Harris Klein
Hilary Harris Klein