```
IN THE UNITED STATES DISTRICT COURT FOR THE
       MIDDLE DISTRICT OF NORTH CAROLINA
```

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>  *Plaintiffs*,<br><br> v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br>  *Defendants*. | 1:23CV1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>  *Plaintiffs*,<br><br> v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>  *Defendants*. | 1:23CV1104 |

## ORDER

This matter is before the court upon Plaintiffs' Consent Motion to Seal (Doc. 83) the unredacted voting records of the named Plaintiffs (filed at Doc. 82-2) and non-party members of the Associational Plaintiffs (filed at Docs. 82-3 & 82-4), which were filed in support of the Associational Plaintiffs' Opposition to Legislative Defendants' Motion for Partial Summary Judgment. For

the reasons noted below, the Motion will be granted.

Resolving a motion to seal entails both a substantive and procedural component.  Substantively, "[i]t is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).  This qualified right "derives from two independent sources: the common law and the First Amendment."  *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Where, as here, the material sought to be sealed has been filed in connection with a dispositive motion, "the more rigorous First Amendment standard" applies, *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988), which provides that denial of access "must be 'necessitated by a compelling government interest, and narrowly tailored to serve that interest,'" *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (internal ellipses omitted) (quoting *Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984)).  The burden rests with the movant "to articulate a compelling interest that outweighs the strong presumption of public access." *Doe*, 749 F.3d at 272.[1]

Procedurally, a court assessing a sealing request must also

---

[1] This framework applies whether a party seeks to seal an entire document or "file a redacted document." *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 424 (M.D.N.C. 2011).

2

(1) "give the public notice of the request to seal and a reasonable opportunity to challenge the request," (2) "consider less drastic alternatives to sealing," and (3) "state the reasons (and specific supporting findings) for its [sealing] decision and the reasons for rejecting alternatives to sealing." *Virginia Dep't of State Police*, 386 F.3d at 576. This Court's Local Rule 5.4(c)(3) outlines similar requirements.

The Court finds that Plaintiffs have met their burden, both procedurally and substantively. Plaintiffs filed the Motion to Seal on January 7, 2025. (Doc. 83.) The public therefore has had "notice of the request to seal and a reasonable opportunity to challenge the request," and no one has lodged an objection. *Virginia Dep't of State Police*, 386 F.3d at 576. "Accordingly, the Court concludes that, as to the motion at issue, the public notice prerequisite to entry of a sealing order has been satisfied." *ATI Industrial*, 801 F. Supp. 2d at 427 (internal quotation marks omitted).

On the substance, the Court finds that Plaintiffs have "articulate[d] a compelling interest," *Doe*, 749 F.3d at 272, in support of sealing the unredacted voting records of standing members of the Associational Plaintiffs: the right to private association and protecting individuals from the risk of retaliation, (Doc. 83 at 2-3). Specifically, the Associational Plaintiffs have provided sworn declarations that their membership

3

lists are maintained confidentially "due to privacy concerns and the risk of retaliation against members," (Doc. 63-6 at 4), evidenced by a recent arson targeting members, death threats, and others threats of harm, (Doc. 63-8 at 3; *see also* Doc. 63-9 at 4-5 (discussing ongoing risk of "public attacks, conflicts, and doxing")). Another Court in this District has previously concluded that a civil rights organization's "interests in protecting the identity of its [s]tanding [m]embers" is "sufficiently compelling to overcome the First Amendment presumptive right of access." *Students for Fair Admissions, Inc. v. Univ. of N. Carolina*, No. 1:14-CV-954, 2018 WL 4688388, at *7 (M.D.N.C. Sept. 29, 2018); *see also United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (recognizing that "an interest in protecting the physical [] well-being of individuals related to the litigation . . . may justify restricting access"). So too here.

Plaintiffs have also articulated a compelling interest in redacting limited information (the street address and middle names) from the Individual Plaintiffs' voting records: guarding against the attendant risks from disclosure of "cumulatively, sensitive identifying information." (Doc. 83 at 4.) Although the Individual Plaintiffs are named in this action, disclosing additional "sensitive details" such as their "home address[es]," *Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 617

4

(2021), increases the risk that they could face retaliation and makes them more susceptible to identity theft, (*see* Doc. 63-6 at 4; 63-8 at 3; Doc. 63-9 at 4-5); *see also Scott v. City of Durham*, No. 1:20-CV-558, 2022 WL 767557, at *8 (M.D.N.C. Mar. 14, 2022) (at summary judgment, sealing addresses from personnel files due to "risk of identity theft and other potential harms" and because that information would not be "relevant to summary judgment").

The Court has also considered alternative measures to sealing the unredacted voting records of standing members of the Associational Plaintiffs, such as redactions, and finds that redactions would not operate as a practicable alternative because those records, "in a redacted form, would [] be incomprehensible." *ATI Industrial*, 801 F. Supp. 2d at 428.

For these reasons, IT IS ORDERED that Plaintiffs' Consent Motion to Seal (Doc. 83) is GRANTED, and Docket Entries 84-2, 84-3, and 84-4, which are the unredacted versions of Docket Entries 82-2, 82-3 & 82-4, shall remain under seal.

/s/Allison J. Rushing
United States Circuit Judge

/s/ Richard E. Myers II
Chief United States District Judge

/s/ Thomas D. Schroeder
United States District Judge

April 3, 2025