IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*,<br><br>*Defendants*. | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*,<br><br>*Defendants*. | Civil Action No. 23-CV-1104 |

**LEGISLATIVE DEFENDANTS' RESPONSE IN OPPOSITION TO *WILLIAMS* PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DR. BARBER'S MARCH 17, 2025, REPORT**

Legislative Defendants submit this response in opposition to *Williams* Plaintiffs'

Motion to Strike portions of Dr. Michael Barber's March 17, 2025, report (the "Motion").

[D.E. 94]. Plaintiffs' Motion ignores that both the scheduling order and Rule 26(e) of the

Federal Rules of Civil Procedure expressly permit the entirety of Dr. Barber's March 17, 2025, report. For these reasons, Plaintiffs' Motion should be denied.

## INTRODUCTION

Plaintiffs ask this Court to strike certain portions of Dr. Barber's March 17, 2025, Supplemental Rebuttal Expert Report (the "Supplemental Report") not because of any basis in the Rules of Civil Procedure, but because the Supplemental Report harms their claims. Plaintiffs' Motion ignores the fact that it was *Plaintiffs* who opened the door to supplementation by questioning Dr. Barber on the very topics they now seek to strike. Not only was Dr. Barber required to supplement his report under Rule 26(e), but Legislative Defendants' disclosure complies with this Court's scheduling order. Moreover, Plaintiffs are not prejudiced by the Supplemental Report. Plaintiffs have ample time to review the Supplemental Report before trial, and their competing expert responded to it on March 31, 2025. Legislative Defendants also agreed to an extended time for Dr. Barber's supplemental deposition, during which the *Williams* Plaintiffs' lawyers may question him about the Supplemental Report. Plaintiffs simply are not prejudiced by the Supplemental Report and their concerns are, in essence, evidentiary objections which are better suited for a motion in limine. In sum, Plaintiffs provide no viable basis for this Court to strike any of the Supplemental Report.

## STATEMENT OF FACTS

On May 14, 2024, the parties jointly submitted an Amended Rule 26(f) Report, [D.E. 44], which this Court approved via a scheduling order on May 22, 2024. [D.E. 48]. That scheduling order sets certain deadlines for exchanging expert reports, including a

deadline governing supplemental reports addressing the results of the 2024 general election. [D.E. 95 at pp. 1-2]. However, that is not the only supplementation deadline contemplated by the scheduling order. Plaintiffs' Motion fails to mention that the scheduling order also provides that "[s]upplementations [to expert reports] will be as provided in Rule 26(e) or as otherwise ordered by the Court." [D.E. 48 at p. 6]. The scheduling order does not set a deadline for Rule 26(e) supplementations. [*Id.*]. Rule 26(e) itself supplies a default deadline of "the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2)(B). Because trial is scheduled to begin June 16, 2025 [D.E. 50], pretrial disclosures—as well as expert supplemental disclosures—are due on or about May 16, 2025. *See* Fed. R. Civ. P. 26(a)(3)(B) (requiring pretrial disclosures "at least 30 days before trial"). While the scheduling order does not tie Rule 26(e) supplementation to the March 17, 2025, deadline for 2024 general election supplementation, it does not prohibit Rule 26(e) supplementation by that deadline—which is more two months before the default deadline of May 16. [*Id.*].

Plaintiffs served the opening expert report of Dr. Jonathan Rodden on August 1, 2024. Legislative Defendants then served Dr. Barber's expert report on September 26, 2024. [Expert Report of Michael Barber, Ph.D. ("Ex. 1")][1]. In his report, Dr. Barber responded to two of Plaintiffs' experts, Dr. Rodden and Anthony Fairfax. A central feature of Dr. Barber's report included identifying deficiencies in Dr. Rodden's "county envelope approach" for determining if race was a "significant factor" in drawing the 2023

---

[1] Due to the length of Dr. Barber's expert report and file size limitations, Legislative Defendants file only relevant excerpts of the report.

3

Congressional Map. [*Id.* at pp. 14-35]. As Dr. Barber explained, the county envelope approach is a flawed method for predicting racially motivated redistricting. [*Id.* at pp. 24-27]. Specifically, Dr. Barber illustrated that Dr. Rodden's methodology generated a considerable number of false positives by purporting to identify districts as racial gerrymanders in instances where racial data was indisputably not considered. [*Id.* at pp. 25-27].

On October 17, 2024, Plaintiffs served Dr. Rodden's reply report. [Reply Report of Jonathan Rodden, Ph.D. ("Ex. 2")]. In this report, Dr. Rodden criticized Dr. Barber's methodologies, including by introducing the concept of multicollinearity and applying it to Dr. Barber's regression analyses. [*Id.* at pp. 6-7]. Dr. Rodden claims that various weaknesses "plagued" Dr. Barber's report, rendering certain conclusions incomplete or "meaningless." [*Id.*]. Dr. Rodden's reply report also included a new analysis of certain alternative maps the General Assembly allegedly considered during the 2023 redistricting process to further his claim that the 2023 Congressional Map could have been drawn with "similar partisan goals to the 2023 Plan, but with a rather different treatment of black voters." [*Id.* at p. 26].

Plaintiffs deposed Dr. Barber on October 30, 2024, for an entire day. During that deposition, Plaintiffs' counsel repeatedly questioned Dr. Barber on Dr. Rodden's critiques and the new opinions of Dr. Rodden's reply report. [Deposition of Dr. Michael Barber ("Ex. 3") at 79:1-86:25, 90:5-94:2]. Notably, Plaintiffs' counsel asked Dr. Barber numerous questions about his opinions regarding multicollinearity, along with other concepts which were introduced in Dr. Rodden's reply report. [*Id.* at 79:23-88:6; Ex. 2 at pp. 6-7]. Plaintiffs'

4

counsel also questioned Dr. Barber about his opinions on Dr. Rodden's new analysis of alternative maps contained in his reply report. [Ex. 3 at 109:21-110:3]. All of Plaintiffs' questioning in this regard focused on novel concepts which were only put forward in Dr. Rodden's reply report, none of which Dr. Barber could meaningfully review prior to deposition. [*Id.* at 79:23-81:4]. In essence, Plaintiffs asked Dr. Barber to testify on new methodologies he was not given a chance to analyze and then used Dr. Barber's testimony to portray his report as incomplete or erroneous.

On January 28, 2025, the parties sought a limited modification of the scheduling order solely to adjust its January 31, 2025, deadline for supplemental expert reports pertaining to considerations of the 2024 general election's results [D.E. 89]. On January 30, 2025, this Court granted that limited modification. [D.E. 90]. After receipt of the necessary 2024 General Election data from the State Board, Legislative Defendants served Dr. Barber's Supplemental Report on March 17, 2025.[2] In his Supplemental Report, Dr. Barber addressed the 2024 general election results as applied to his prior report's analyses. In the same report, Dr. Barber also provided a Rule 26(e) supplement to complete his original report's analysis, which the specific criticisms from his deposition and Dr. Rodden's reply report indicated to be incomplete. [D.E. 95, Ex. A at p. 3]. This supplementation occurred about two months before the Rule 26(e) deadline of May 16 and provided Plaintiffs an opportunity to respond during the discovery phase related to 2024 election supplementation.

---

[2] Plaintiffs did not serve an opening supplemental report from Dr. Rodden.

5

In fact, Plaintiffs utilized that opportunity. After receiving Dr. Barber's Supplemental Report, Plaintiffs served a supplemental rebuttal report from Dr. Rodden on March 31, 2025. [Supplemental Rebuttal Report of Jonathan Rodden, Ph.D. ("Ex. 4")]. Dr. Rodden's supplemental rebuttal directly engaged with and responded to the portions of Dr. Barber's Supplemental Report Plaintiffs now move to strike. [*See generally*, Ex. 4]. Notably, Dr. Rodden's supplemental rebuttal does not address any of Dr. Barber's Supplemental Report's analysis of the 2024 general election results. Legislative Defendants have also agreed to a lengthier deposition of Dr. Barber (5 hours) than will be taken of other experts at the supplementation phase (3.5 hours).

## ARGUMENT

Plaintiffs' Motion fails thrice over. First, Dr. Barber's Supplemental Report is proper—indeed, necessary—under Rule 26(e) and satisfies this Court's scheduling order. In deposing Dr. Barber, Plaintiffs asked him to opine on concepts he had not had a chance to review, demanding Dr. Barber's on-the-spot analysis of these new subjects. Rule 26(e)(2) imposes a duty to supplement an expert report when new information is brought to the expert's attention, including during a deposition. Dr. Barber's Supplemental Report provides the completeness Rule 26(e) demands, and was served well before the May 16, 2025, pretrial disclosure deadline. Second, Plaintiffs cite no rule or precedent warranting the drastic relief of a motion to strike. The nature of Plaintiffs' request is an evidentiary objection, properly addressed through a motion in limine.[3] Third, exclusion is improper in

---

[3] Per this Court's May 23, 2024, Order [D.E. 50], Motions in Limine are due May 23, 2025.

6

all events because the *Williams* Plaintiffs are not prejudiced by Dr. Barber's opinions because they have numerous opportunities to vet them in ongoing discovery. Plaintiffs' Motion should be denied.

**I.   Dr. Barber's Supplemental Report is permissible under Rule 26(e).**

Rule 26(e)(1) imposes a duty on parties to timely supplement any disclosures made during discovery under certain circumstances. *See* Fed. R. Civ. P. 26(e)(1)(A)-(B). Of particular relevance, Rule 26(e)(2) provides:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given *during the expert's deposition*. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

*Id.* at (e)(2) (emphasis added). This provision expressly applies to expert opinions, but Plaintiffs Motion fails even to cite it.

As the Advisory Committee Notes to Rule 26 recognize, Rule 26(e) "requires disclosure of any material changes made in the opinions of an expert from whom a report is required, whether the changes are in the written report or in testimony given at a deposition." Fed. R. Civ. P. 26 Advisory Committee Note to 1993 Amendment. This duty to supplement extends beyond the close of discovery and up to the deadline for pretrial disclosures. *See* Fed. R. Civ. P. 26(e)(2)

**a.   Rule 26(e)(2) authorizes Dr. Barber's Supplemental Report.**

Rule 26(e) allows parties to supplement previous expert disclosures when they learn of new information. *See Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699, at *1 (M.D.N.C. Aug. 2, 2017). In distinguishing between a proper and

7

improper Rule 26(e) supplementation, this Court asks whether the new information is tailored to ensuring the expert's initial opinions, including those given during a deposition, are not "incomplete." *See Gates v. Synthes, Inc., No. 1:08CV500*, 2011 WL 13323688, at *2 (M.D.N.C. Aug. 16, 2011) (citing Fed. R. Civ. P. 26(e)). Likewise, other district courts recognize that Rule 26(e) supplementation is proper when an expert is required to testify at a deposition regarding additional analyses they had not performed. *See, e.g., Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 49 F. Supp. 2d 456, 461-62 (D. Md. 1999) (explaining that, based on opposing counsel's "pointed questioning" of an expert regarding his incomplete testing methodology, "there was good reason" to believe supplementation was prudent and forthcoming).

Prior to Dr. Barber's deposition, neither Plaintiffs nor Dr. Rodden gave any indication that Dr. Barber would be asked to testify concerning Dr. Rodden's additional analyses, including of other proposed maps. Dr. Barber could not have known that he would need to demonstrate the reliability of his method for challenging Dr. Rodden's opinions beyond the confines of his report. Numerous courts have recognized that situations such as this demand supplementation under Rule 26(e). *See Lightfoot v. Georgia-Pac. Wood Products LLC*, No. 7:16-CV-244-FL, 2017 WL 11611001, at *4 (E.D.N.C. Nov. 2, 2017) (explaining that if an expert's opinion had not been supplemented, the disclosing party "may not have been permitted to use [the expert's] report at trial pursuant to Rule 37(c)(1)."); *United States ex rel. Skibo v. Greer Labs., Inc.*, No. 5:13-CV-110-MOC-DCK, 2019 WL 1992139, at *4 (W.D.N.C. May 6, 2019); *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, N. 4:19-cv-00358, 2020 WL 6581868, at *3 (E.D. Tex. Nov.

8

10, 2020) (permitting a supplementation when the expert's report "buil[t] upon" his "underlying theory" and was consistent with the original report); *Capitol Justice LLC v. Wachovia Bank, N.A.*, 706 F. Supp. 2d 34, 38-39 (D.D.C. 2009) (finding supplementation proper where it became evident, including at deposition, that prior report was incomplete).

Contrary to Plaintiffs' arguments, Dr. Barber was not instructed to "clean up" his deposition testimony, nor does his Supplemental Report "smuggle in" new analyses. [D.E. 95 at pp. 4, 6]. Dr. Barber's Supplemental Report simply addresses topics that Plaintiffs asked him to testify about (something he could only do in an incomplete manner on the spot at his deposition). This type of completeness is exactly what Rule 26(e) requires. Having opened the door to these topics, Plaintiffs cannot complain that Dr. Barber has provided complete opinions, as Rule 26(e) demands.

Likewise, Plaintiffs' claim that disclosing this supplement is like "sandbagging" the opponent is completely unfounded. Legislative Defendants provided Dr. Barber's Rule 26(e) supplementation over three months before trial—and two months before pretrial disclosures are due [D.E. 50]—leaving Plaintiffs ample time to review and reply. Because Legislative Defendants acted "sufficiently in advance of trial," and as discovery is ongoing, the disclosure "cannot fairly be characterized as 'ambush tactics.'" *Tucker*, 49 F. Supp. 2d at 461. While it is true that Rules 16, 26, and 37 generally prohibit surprises on the eve of trial, Plaintiffs cannot plausibly claim that a three-month advance notice—with fulsome discovery opportunities pending—is a "surprise." *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 194 (4th Cir. 2017) (discounting a claim of surprise when the complaining party

9

received the updated information two months before trial and had an opportunity to depose the expert).

## II. There Is No Basis To Strike Dr. Barber's Supplemental Report.

Motions to strike are disfavored because they are "often sought by the movant simply as a dilatory tactic." *See Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Plaintiffs' motion cites Fed. R. Civ. P. 37(c) and alludes to Rule 16, but neither rule supports striking Dr. Barber's Supplemental Report.

### a. Rule 16 does not permit striking Dr. Barber's Supplemental Report.

In narrow circumstances, this Court entertains motions to strike expert reports pursuant to Rule 16 when the claim is grounded in an alleged violation of a pretrial scheduling order. *See Akeva, L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306. 309 (M.D.N.C. 2002). "The question under Rule 16 is whether the party has shown good cause for its failure to timely disclose." *Thomasville Furniture Indus., Inc. v. Pulaski Furniture Corp.*, No. 1:09CV591, 2011 WL 13239926, at *1 (M.D.N.C. Dec. 1, 2011) (citation omitted). Plaintiffs do not cite Rule 16 as a basis for their Motion. Even if Plaintiffs had, precedent makes clear that Rule 16 is not a proper basis for their Motion.

As a threshold matter, Plaintiffs cannot identify any applicable deadline which Dr. Barber's Supplemental Report violates. The scheduling order does not set a final due date for Rule 26(e) disclosures; rather, it refers to the default rules unless modified by future orders from this Court. [D.E. 47, at p. 6; D.E. 48]. As this Court has not entered any orders pertaining to Rule 26(e) disclosures, the only applicable deadline is in the rule itself. Rule 26(e)(2) states that expert supplementations are due by the deadline of pretrial disclosures.

10

*See* Fed. R. Civ. P. 26(e)(2). Here, the date for pretrial disclosures is May 16, 2025, [D.E. 50], and it is undisputed that Legislative Defendants provided Dr. Barber's Supplemental Report well before that date, even providing Plaintiffs an opportunity to vet Dr. Barber's opinions in ongoing discovery.

Even if some deadline had been violated (and none were), the factors governing exclusion under Rule 16 counsel against granting Plaintiffs' relief. *See Akeva*, 212 F.R.D. at 311. Plaintiffs are not prejudiced by the Supplemental Report because they have ample opportunities to vet Dr. Barber's opinions in ongoing discovery. Plaintiffs soon have a lengthy deposition of Dr. Barber to question him about the Supplemental Report, and Plaintiffs have already served a report from Dr. Rodden responding to the Supplemental Report.[4] Moreover, Legislative Defendants have a sound explanation for the supplementation: Plaintiffs voluntarily opened the door to supplementation by asking Dr. Barber deposition questions seeking his opinions about topics he did not opine on and which he had little chance to review beforehand. *See Barnhill v. Accordius Health At Greensboro, LLC*, No. 1:22CV322, 2023 WL 7634449, at *15 (M.D.N.C. Nov. 14, 2023), *report and recommendation adopted*, No. 1:22-CV-322, 2023 WL 8281570 (M.D.N.C. Nov. 30, 2023) (declining an argument that an expert disclosure constituted "surprise" when the opposing party was on notice of the types of opinions being offered).

---

[4] Plaintiffs also asked Legislative Defendants to agree to an extended deposition time for Dr. Barber due to the scope of his Supplemental Report. Although Legislative Defendants believe that an extended deposition time is unnecessary, they agreed to accommodate Plaintiffs' requests.

What Plaintiffs actually seek is to foreclose Legislative Defendants' ability to provide a proper rebuttal witness. It is undisputed that if Dr. Rodden testifies at trial about the opinions contained in his reply report, Legislative Defendants may call a rebuttal witness—i.e., Dr. Barber—who would testify to the opinions contained in his Supplemental Report. *See Henley v. FMC Corp.*, 20 Fed. Appx. 108, 117 n. 8 (4th Cir. 2001) (noting that the purpose of rebuttal testimony is to "explain, repel, counteract, or disprove evidence of the adverse party."). By disclosing Dr. Barber's complete conclusions now, Legislative Defendants have provided Plaintiffs the courtesy of advance notice of the full scope of Dr. Barber's rebuttal, well before trial and during an already-established phase of expert discovery. Plaintiffs have ample time to review and depose Dr. Barber on these conclusions. Such advance notice is hardly prejudicial, let alone a form of "gamesmanship."

In sum, Legislative Defendants have established good cause for the time and manner of disclosing Dr. Barber's Supplemental Report.

### b. Rule 37(c)(1) provides no basis to strike Dr. Barber's Supplemental Report.

Rule 37 recognizes circumstances where evidence may be excluded at trial, including "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e). . ." Fed. R. Civ. P. 37(c)(1). Although Plaintiffs cite Rule 37(c)(1) in their Motion, the text of the rule proves why Dr. Barber's Supplemental Report was timely and proper. Rule 37(c)(1) applies where a party fails to provide information required by Rule 26(e), and for the reasons discussed, Dr. Barber's Supplemental Report complied with that rule. Indeed,

12

Rule 37(c)(1)'s reference to Rule 26(e) reaffirms that Dr. Barber's Supplemental Report was required under the Rules of Civil Procedure.

Apparently realizing that Dr. Barber's Supplemental Report complies with all applicable deadlines, Plaintiffs attempt to use the hybrid nature of the report to conflate the dates for 2024 general election supplemental reports and discovery generally, with the deadline for Rule 26(e) supplements. However, Plaintiffs cannot identify any language in either the scheduling order or this Court's January 30, 2025, order tying those separate deadlines together. Indeed, the parties' joint motion requesting an extension for the 2024 general election supplementation expressly stated that it did not affect other deadlines in the scheduling order. [D.E. 89, at p. 4 ¶ 8]. Thus, Plaintiffs' argument that the scheduling order bars any supplementation beyond the 2024 general election reports is completely unsupported.

Even where a discovery rule or order is violated, evidence within the ambit of that violation remains admissible at trial if the failure is "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Courts in the Fourth Circuit analyzing whether a discovery failure is substantially justified or harmless evaluate five factors: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). All these factors cut against exclusion.

13

Case 1:23-cv-01057-TDS-JLW   Document 99   Filed 04/08/25   Page 13 of 19

First, nothing in Dr. Barber's Supplemental Report is a "surprise" to Plaintiffs. Legislative Defendants produced Dr. Barber's Supplemental Report months before trial. That report builds upon questions Plaintiffs' counsel previously asked him and will undoubtedly inquire about again in the forthcoming deposition. And Plaintiffs have been able to serve another expert report responding to Dr. Barber's Supplemental Report. In short, Plaintiffs have had ample time and litigation opportunities to analyze and respond to the report as they see fit. *See James v. RPS Holdings, LLC*, No. 1:20CV134, 2024 WL 1959380, at *2 (M.D.N.C. May 3, 2024) (finding "no meaningful surprise" when evidence was disclosed "well in advance of trial" and noting that issues of admissibility were better suited for resolution at trial).

Second, along the same lines, Plaintiffs have not only had the opportunity to cure surprise but are actively using that opportunity.

Third, permitting Dr. Barber to offer the opinions of his Supplemental Report at trial would not cause disruption. The Supplemental Report will have been subject to fulsome vetting before trial during the ongoing supplemental expert discovery phase.

Fourth, Dr. Barber's opinions are important evidence the Court should hear in response to the opinions stated in Dr. Rodden's reply report, which he served after Dr. Barber's only opportunity for a report in the initial expert-discovery phase. It would be unfair for Dr. Rodden to offer these opinions without opportunity for rebuttal.

Fifth, Legislative Defendants have a sound explanation for the content and timing of Dr. Barber's Supplemental Report. Plaintiffs opened the door to these opinions and can hardly complain that Dr. Barber has set them forth in an orderly fashion.

14

### c. Plaintiffs' requested relief is overbroad.

Plaintiffs' Motion is, in all events, vastly overbroad. Although Plaintiffs identify certain portions of the Supplemental Report which they state are unobjectionable, [D.E. 95, at p. 4 n.1], the Motion asks for far too much to be stricken. As Plaintiffs concede, supplementation with 2024 general election data is expressly permitted by the modified scheduling order [D.E. 90]. Despite Plaintiffs' characterizations, Dr. Barber's Supplemental Report contains numerous analyses incorporating 2024 general election results throughout. In fact, the entire county envelope discussion in the Supplemental Report is partly premised upon Dr. Barber's precinct partisan lean index, which is itself based on 2024 statewide election data. [D.E. 95, Ex. A at p. 4 n.1]. That same data is then repeatedly employed across all aspects of the Supplemental Report. *See, e.g.,* [*id.* at p. 4, 9-11, 14-15]. Plaintiffs identify no way to meaningfully disentangle Dr. Barber's repeated use of this data with his post-deposition Rule 26(e)(2) supplementation, and their broad-brush Motion is unfounded.

## CONCLUSION

Both the parties' scheduling order and Rule 26(e)(2) make clear that Dr. Barber's Supplemental Report was entirely timely and appropriate. Therefore, Legislative Defendants respectfully request that Plaintiffs' Motion be denied.

Respectfully submitted this, the 8th day of April 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
North Carolina State Bar no. 29456
Alyssa M. Riggins
North Carolina State Bar no. 52366
Cassie A. Holt
North Carolina State Bar no. 56505
Jordan A. Koonts
North Carolina State Bar no. 59363
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com
jordan.koonts@nelsonmullins.com

**BAKER & HOSTETLER LLP**

Richard B. Raile*
DC Bar No. 1015689
Katherine L. McKnight*
Trevor Stanley*
1050 Connecticut Ave. NW
Suite 1100
Washington DC 20036
Ph: (202) 861-1500
rraile@bakerlaw.com
kmcknight@bakerlaw.com
tstanley@bakerlaw.com

Patrick T. Lewis*
Ohio State Bar No. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

16

Erika D. Prouty*
Ohio State Bar No. 0095821
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Ph: (614) 462-4710
eprouty@bakerlaw.com

*Counsel for Legislative Defendants*
\* Appeared via Special Notice

17

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d), I hereby certify that this brief contains 3,779 words as counted by the word count feature of Microsoft Word.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By: /s/ Phillip J. Strach
    Phillip J. Strach
    N.C. State Bar No. 29456

**CERTIFICATE OF SERVICE**

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 8th day of April 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456