IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1104 |

# NAACP PLAINTIFFS' MOTION TO RECONSIDER IN PART THE COURT'S ORDER ON PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 54(b), NAACP Plaintiffs[1] respectfully move the Court to reconsider its recent order granting partial summary judgment to dismiss Counts 3 and 7 of their Complaint (Doc. 98 at 16–30). In support of this motion, NAACP Plaintiffs attach Exhibits A through G and contemporaneously file a supporting memorandum of law.

A motion to reconsider an interlocutory order, such as the grant of partial summary judgment, is governed by Federal Rule of Civil Procedure 54(b). *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)). "[C]ourts frequently look to the standards applicable to motions under Rules 59(e) or 60(b) for guidance." *See Sinclair Broad. Grp., Inc. v. Colour Basis, LLC*, No. CCB-14-2614, 2017 U.S. Dist. LEXIS 29352, at *2–3 (D. Md. Mar. 2, 2017). In general, "[c]ourts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005).

Between the close of briefing on Legislative Defendants' Motion for Partial Summary Judgment and the deadline for supplemental expert disclosures, Legislative Defendants submitted the supplemental expert report of Dr. Michael Barber (Exhibit A to the supporting memorandum of law). Evidence offered in Dr. Barber's supplemental report

---

[1] "NAACP Plaintiffs" include "Associational Plaintiffs" the North Carolina NAACP and Common Cause, their members who reside in challenged districts ("standing members"), and individuals Calvin Jones, Dawn Daly-Mack, Linda Sutton, Corine Mack, Mitzi Reynolds Turner, and Syene Jasmine.

strongly supports NAACP Plaintiffs' proffered evidence and the legal theory with respect to the challenged apportionments. Dr. Barber opines that even small changes in each of the challenged clusters would have major impacts on the partisan performance of those clusters, and that accordingly those cluster configurations are explained by adherence to partisan considerations. Additionally, he reports that the best examination of an individual district's population deviation is made at the county cluster level, rather than on a statewide basis.

These opinions, unavailable to the Court at the time of briefing, support NAACP Plaintiffs' contentions from the outset of this case and constitute clear, previously-unavailable evidence that triable issues of fact exist as to Counts 3 and 7.

Furthermore, the Court's order made legal conclusions as to the standard of proof relevant to malapportionment claims that were not fully briefed because they were not specifically asserted by Legislative Defendants in initial support of their Motion for Partial Summary Judgment. It is therefore appropriate for the Court to reconsider these legal issues with the benefit of full briefing. These developments warrant reconsideration of the Order on Defendants' Motion for Partial Summary Judgment dismissing these claims, and render the denial of Plaintiffs the opportunity to be heard at trial on these claims a manifest injustice.

For the reasons set forth above and in the supporting memorandum of law, NAACP Plaintiffs respectfully request that the Court grant their motion to reconsider its recent order granting partial summary judgment and reverse its dismissal of Counts 3 and 7 of their Complaint.

Additionally, in light of the June 16, 2025, trial setting, Plaintiffs respectfully request that if this motion still remains under consideration by the Court before trial, that the Court allow a proffer of evidence on Counts 3 and 7 at trial and take the matter under advisement to allow for an orderly disposition of the matter.[2]

Dated: April 21, 2025

Respectfully submitted,

*/s/ Christopher Shenton*
Christopher Shenton

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
olivia.molodanof@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

---

[2] Legislative Defendants have indicated they will oppose the Motion to Reconsider. Plaintiffs conferred regarding a briefing schedule, and Defendants indicated they believe "[t]here is time for briefing to occur in the normal course ahead of trial." Plaintiffs agree, and have therefore not requested expedited briefing, but Plaintiffs would not oppose an expedited briefing schedule if helpful to the Court.

Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special
Appearance pursuant to L-R 83.1(d)

## CERTIFICATE OF SERVICE

I certify that on April 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Christopher Shenton
Christopher Shenton
