IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> Plaintiffs, <br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> Defendants. | 1:23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> Plaintiffs, <br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> Defendants. | 1:23-CV-1104 |

## ORDER

This matter is before the Court on the parties' Joint Motion to Schedule Pretrial Conference (Doc. 111) and Joint Motion to Modify Pretrial Deadlines and Accept Stipulations (Doc. 112). After consideration of those motions and to facilitate an orderly and efficient presentation of evidence in this case,

IT IS ORDERED as follows:

1. Pursuant to the parties' representations about deposition designations for witnesses who become unavailable to

1

testify at trial, the deadline for deposition designations is modified from May 16, 2025 to June 25, 2025. The deadline for any objections to deposition designations is modified from May 30, 2025 to June 30, 2025. These modifications do not affect the May 16, 2025 deadline for other pretrial disclosures or the May 30, 2025 deadline for objections to those disclosures, as set forth in the Court's May 23, 2024 Notice. (Doc. 50.)

2. The May 27, 2025 deadline for pretrial proposed findings of fact and conclusions of law is vacated. Posttrial findings of fact and conclusions of law are due no later than July 14, 2025. This modification does not affect the May 27, 2025 deadline for trial briefs.

3. The parties' stipulation as to the authenticity of information on the North Carolina State Board of Elections, the United States Census Bureau, and the North Carolina General Assembly websites is accepted.

4. The parties' stipulation that the full reports of experts who testify at trial shall be admitted as exhibits subject to any *Daubert*/Rule 702 challenges is accepted.

5. In order to narrow the areas of disagreement and focus trial time on disputed facts and the testimony of witnesses whose credibility is at issue, the Court encourages the parties to confer and develop a Joint Stipulation of

2

Undisputed Facts. The Joint Stipulation shall be a comprehensive document, which includes the two stipulations accepted above and any additional stipulations upon which the parties agree. The Joint Stipulation shall be filed no later than June 6, 2025. The parties may supplement the Joint Stipulation if and when further agreement is reached. However, in every instance of supplementation, an updated comprehensive Joint Stipulation must be filed.

6. In order to simplify the presentation of evidence and reduce the number of duplicate exhibits, the Court encourages the parties to work together on exhibits and suggests it would be appropriate to prepare a set of Joint Exhibits, comprised of exhibits as to which there are no objections. The parties shall mark all exhibits in advance with the lead case number and exhibit number. The Court strongly prefers not to have multiple copies of the same document in evidence. The Court also encourages the parties to raise any objections to exhibits with the Court before trial. The Court will hear objections at the pretrial conference if necessary. For each exhibit introduced at trial, the parties shall provide four hard copies to the Court in binders of manageable size (one copy to be used at trial and one for each judge), as well as

four electronic copies submitted to the clerk of court on separate thumb drives.

7. If counsel wishes to use the courtroom digital evidence presentation system (DEPS), they must arrange for training with the clerk of court before trial. If counsel has trouble with DEPS during trial, they must present their case in hard copy.

8. The Court will not be in session on the federal holiday of Juneteenth, which falls on June 19, 2025. All trial days will begin at 9:00 a.m. and run until approximately 5:00 p.m.

9. The Court has up to 26 hours of trial time available the week of June 16, 2025. Plaintiffs have up to 13 hours to use among themselves and Defendants have up to 13 hours to use among themselves, for opening statements and closing arguments, presenting evidence, and cross-examining witnesses. If the parties cannot agree on the division of trial time, they shall submit their proposed divisions of time to the Court no later than May 30, 2025.

10. A pretrial conference is scheduled for June 2, 2025, at 9:00 a.m. and shall be conducted by videoconference. If, after receiving this Order, the parties determine they no longer need a pretrial conference, they shall notify the Court.

/s/Allison J. Rushing
			United States Circuit Judge

			/s/Richard E. Myers, II
			Chief United States District Judge

			/s/Thomas D. Schroeder
			United States District Judge


May 15, 2025