# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1104 |

**MEMORANDUM OF LAW IN SUPPORT OF *WILLIAMS* AND *NAACP* PLAINTIFFS' MOTION TO CLARIFY OR MODIFY ALLOTTED TRIAL TIME**

*Williams* Plaintiffs and *NAACP* Plaintiffs (collectively, "Plaintiffs") respectfully move the Court to clarify—or in the alternative, modify—the allotted trial time described in its May 15, 2025 Order, ECF No. 115. Legislative Defendants and State Board Defendants take no position on this motion.

Plaintiffs first respectfully request the Court clarify whether the Court's May 15, 2025 Order was intended to limit trial to the week of June 16, 2025, which would result in a 4-day trial in light of the federal holiday on June 19, 2025. On May 1, 2024, the Court acknowledged that all parties estimated a 10-day trial and directed the parties to modify proposed deadlines in their Joint Rule 26(f) Report in accordance with an anticipated mid-June 2024 trial date. *See* May 1, 2024 Text Order issued by Judge Allison Jones Rushing, Chief Judge Richard E. Myers II, and Judge Thomas D. Schroeder. On May 22, 2024, the Court approved the parties' Amended Joint Rule 26(f) Report, in which the parties estimated that trial would "last approximately 10 days." ECF No. 47 at 5; ECF No. 48. Accordingly, Plaintiffs have proceeded to prepare for trial with the expectation that it would last approximately ten court days. The Court's May 15, 2025 Order, however, indicates that the "Court has up to 26 hours of trial time available the week of June 16, 2025," with 13 hours total for all Plaintiffs and 13 hours total for all Defendants. ECF No. 115 at 4. It is not clear to Plaintiffs whether the Court intends to be available for trial the week of June 23, 2025. Therefore, Plaintiffs respectfully move the Court to clarify whether the parties can expect additional trial time during the week of June 23, 2025.

In the event the Court intended to limit trial to 26 hours of trial time during the week of June 16, Plaintiffs respectfully request that the Court modify its order to allow additional

2

Case 1:23-cv-01057-TDS-JLW    Document 121    Filed 05/19/25    Page 2 of 8

trial time to fully consider the claims at issue in these consolidated cases. In support, Plaintiffs refer the Court to the parties' pretrial disclosures, including witness lists, filed on May 16, 2025, so that the Court can make "an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Raynor v. G4S Secure Sols. (USA), Inc.*, 805 F. App'x 170, 178 (4th Cir. 2020) (internal citation omitted).

The parties' pretrial disclosures, *see* ECF Nos. 116–118, confirm that more than 26 hours of trial time is necessary for the presentation of testimony in these cases. The claims in these cases are factually intensive ones; both intent claims and Section 2 claims require considerable factual development and expert testimony. *See N.C. State Conf. of NAACP v. McCrory*, 831 F.3d 204, 220 (4th Cir. 2016) ("When considering whether discriminatory intent motivates a facially neutral law, a court must undertake a 'sensitive inquiry into such circumstantial and direct evidence of intent as may be available'") (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)); *see also Thornburg v. Gingles*, 478 U.S. 30, 79 (1986) ("Th[e Section 2] determination is peculiarly dependent upon the facts of each case and requires an intensely local appraisal.") (cleaned up). Moreover, Plaintiffs' claims—from two consolidated cases with largely separate evidence—challenge multiple maps and several districts within each map. To evaluate

Plaintiffs' claims, the Court will need an understanding of both the Congressional Map and the Senate Map, and possibly the House Map—a considerable undertaking.[1]

In light of the breadth and complexity of these claims, Plaintiffs have considerable evidence to present, including from both expert and fact witnesses whose testimony will span from the map-drawing process to technical analyses of the racial impact of the maps to the Senate Factors under Section 2 of the VRA, that this Court must consider in weighing Plaintiffs' claims. In total, the parties anticipate calling 39 unique witnesses, 13 of whom are experts.

At the Court's instruction, Plaintiffs intend to diligently confer with Defendants on Joint Exhibits, Joint Stipulations, and the potential limitation or elimination of opening and closing arguments to streamline the presentation of evidence but believe that it would be difficult (if not impossible) to present two consolidated cases involving multiple maps, several complex claims, 13 expert witnesses, and 26 fact witness within 26 hours. Other redistricting cases concerning similar claims have allowed for a more fulsome presentation of evidence. In the recent *Milligan v. Allen*, No. 2:21-cv-1530 (N.D. Ala.) trial, which involved similar Section 2 and intentional discrimination claims about only Alabama's

---

[1] Although *Williams* Plaintiffs no longer bring a racial gerrymandering claim and will proceed only on their intentional discrimination and Section 2 claims, that does not meaningfully change the evidence *Williams* Plaintiffs will present at trial. As courts have acknowledged, "the types of evidence that would allow either claim to succeed are largely the same." *League of United Latin Am. Citizens v. Abbott*, 604 F. Supp. 3d 463, 509 (W.D. Tex. 2022). The same is true of NAACP Plaintiffs' malapportionment claims: Even if the Court denies reconsideration of those claims, it will not meaningfully change the scope of the trial such that Plaintiffs expect significantly less evidence to be presented. NAACP Plaintiffs have also requested to allow the proffer of evidence in support of those claims should the Court take their Motion to Reconsider under advisement during trial.

congressional map, the Court afforded 11 trial days for evidence.[2] Similarly, in the recent *Alpha Phi Alpha Fraternity, Inc. v. Raffensperger*, No. 1:21-cv-05337 (N.D. Ga.) trial, which involved Section 2 results claims only (i.e., no intent claims) over Georgia's congressional and legislative maps, the Court afforded 8 trial days for evidence. And although Plaintiffs do not seek anywhere near this amount of time, in the upcoming *League of United Latin American Citizens v. Abbott*, No. 3:21-cv-00259 (W.D. Tex.) trial, which is set to begin this week and involves similar Section 2 and intentional discrimination claims, the three-judge court has set aside a minimum of 19 trial days to hear testimony.

In light of the nature of the claims at issue in these consolidated cases, Plaintiffs believe that more than 26 hours is required to adequately present the relevant evidence. Plaintiffs have conferred on the minimum reasonable amount of time required to present their evidence and respectfully request an additional 26 hours of trial time, split evenly among Plaintiffs and Defendants, which still amounts to less than the ten days of trial originally anticipated. If the Court has concern about its availability later into the week of June 23, Plaintiffs are amenable to longer court days continuing after 5 pm and/or holding proceedings on the June 19 holiday or weekend days on June 21 and/or 22.

In our meet and confer, the Legislative Defendants and State Board Defendants report that they take no position on this motion but ask that if the Court does grant

---

[2] In this 11-day trial, the court heard live testimony from fewer witnesses than the parties anticipate calling here. Specifically, in *Milligan*, 23 witnesses testified live, including 13 experts; 28 additional witnesses testified by designation. *See* Injunction and Order: Findings of Fact and Conclusions of Law at x, *Milligan*, No. 2:21-cv-1530 (N.D. Ala. May 10, 2025), ECF No. 490.

5

additional trial time, that it is split equally between Plaintiffs and Defendants. Plaintiffs agree that all trial time should be split equally between Plaintiffs and Defendants.

Plaintiffs respectfully request that the Court clarify its May 15, 2025 Order regarding the allotted time for trial and respectfully request the Court modify that Order in light of the considerations above and the parties' recently filed pretrial disclosures to permit an additional 26 hours of trial time, representing a total of 26 hours for Plaintiffs, jointly, and 26 hours for Defendants, jointly.

A proposed order is submitted with this Motion.

Dated: May 19, 2025

/s/ Lalitha D. Madduri

**ELIAS LAW GROUP LLP**

Lalitha D. Madduri*
Christina Ford*
Lucas Lallinger*
Qizhou Ge*
Mark Haidar*
250 Massachusetts Avenue, Suite 400
Washington, D.C. 20001
Phone: (202) 968-4490
Facsimile: (202) 968-4498
LMadduri@elias.law
CFord@elias.law
LLallinger@elias.law
AGe@elias.law
MHaidar@elias.law

Abha Khanna*
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 656-0177

Respectfully Submitted,

/s/ Hilary Harris Klein

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Hilary Harris Klein (State Bar #53711)
Jeffrey Loperfido (State Bar #52939)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

**HOGAN LOVELLS US LLP**
J. Tom Boer*
Olivia Molodanof*

6

Facsimile: (206) 656-0180
AKhanna@elias.law

/s/ *Narendra K. Ghosh*

**PATTERSON HARKAVY LLP**

Narendra K. Ghosh, NC Bar No. 37649
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Phone: (919) 942-5200
nghosh@pathlaw.com

*Counsel for Williams Plaintiffs*

* *Special Appearance pursuant to Local Rule 83.1(d)*

Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
olivia.molodanof@hoganlovells.com
madeleine.bech@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com
misty.howell@hoganlovells.com
odunayo.durojaye@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

*Counsel for NAACP Plaintiffs*

7

## CERTIFICATE OF SERVICE

I certify that on May 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                     */s/ Lalitha D. Madduri*
                                                     Lalitha D. Madduri