# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants.* | Civil Action No. 23 CV 1104 |

*NAACP* **PLAINTIFFS' RESPONSES AND OBJECTIONS TO LEGISLATIVE DEFENDANTS FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

future. Accordingly, the 2023 House Plan violates Ms. Sutton's right to one-person, one-vote under the Fourteenth Amendment, intentionally dilutes her vote on account of race in violation of Section 2 of the Voting Rights Act and violates her right to be free from intentional discrimination under the Fourteenth and Fifteenth Amendments, and the 2023 Congressional Plan dilutes her vote on account of race in violation of Section 2 of the Voting Rights Act and violates her right to be free from intentional discrimination under the Fourteenth and Fifteenth Amendments.

Plaintiff Syene Jasmin is a Black citizen of the United States and of the State of North Carolina, and a resident of Winterville in Pitt County and member of the NAACP. Mr. Jasmin's residence was located in Congressional District 1 under the 2022 Congressional Plan and is now in Congressional District 3 under the 2023 Congressional Plan. Mr. Jasmin's residence is located within Senate District 5 and House District 9 under both the 2023 Plans and those used in the 2022 election. Mr. Jasmin is a registered voter who has regularly voted in the past and intends to vote in the future. Accordingly, the 2023 Congressional Plan intentionally dilutes his vote on account of race in violation of Section 2 of the Voting Rights Act and violates his right to be free from intentional discrimination under the Fourteenth and Fifteenth Amendments.

As discovery is ongoing, and subject to and without waiving any of their Specific and General Objections, Plaintiffs reserve the right to supplement the response to this Request upon additional information and investigation.

**Interrogatory No. 5**

For all Plaintiffs: Identify all persons or entities from whom you have obtained any written or oral statement, report, memorandum, or testimony (including via email or text message) concerning any matter related to the allegations contained in your Complaint from January 1, 2020 through the present.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this request to the extent it seeks information protected by the attorney-client and/or attorney work product privilege, including communications from counsel or those acting under counsel's supervision.

Plaintiffs further object to this Request because it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g.*, *NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, and the internal deliberations of the Organizational Plaintiffs and their members, and communications between Individual Plaintiffs and organizations, would chill protected First Amendment speech and activities. As it is the actions and intent of the North Carolina General Assembly, not Plaintiffs, at issue in this matter, there is no compelling need for the disclosure of this information.

15

Furthermore, the burden and expense of redacting or screening for this information would far outweigh any use or relevance it has to the claims and defenses in this matter, and Plaintiffs further object to this Request as its timing (January 1, 2020 through present) is overbroad and disproportionate to the needs of the case given it is Legislative Defendants' actions, not Plaintiffs', that are have caused the harm alleged in this matter and form the basis of the defenses asserted.

**Response:**

Subject to and without waiving any of their Specific and General Objections, Plaintiffs request that Defendants articulate the relevance of this information to any claim or defense in the instant action. Plaintiffs request to meet and confer with Defendants regarding this Request before they are able to provide a response.

**<u>Interrogatory No. 6</u>**

For each Individual Plaintiff: Identify every organization (e.g. civic or non-profit), group, church, campaign (including your own campaign for political office, if any), political party, or political committee (including any of the Organizational Plaintiffs in this action) in which you are or were a member or in which you are or were otherwise involved during the last 8 years by stating the following:

    (a)    the name of the organization, group, church, campaign, political party, or political committee;

    (b)    the date your affiliation with the organization, group, church, campaign, political party, or political committee began and, if applicable, the date your affiliation ended;

    (c)    any title, office, or position you hold or have held in the organization, group, church, campaign, political party, or political committee; and

    (d)    whether you pay or paid dues, a membership fee, or any other sum of money to be a member or to be affiliated with the organization, group, church, campaign, political party, or political committee.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this Interrogatory on the grounds that the request is compound and contains at least four distinct subparts that are not substantially related to be considered part of a single Interrogatory.

**Interrogatory No. 13**

Identify all witnesses you may call at any hearing or trial in this matter to present evidence supporting your allegations regarding the General Assembly's intent in drawing the 2023 Plans.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this blockbuster interrogatory because it seeks to require Plaintiffs to disclose "all" witnesses at this stage in the litigation in which discovery is ongoing, and to marshal all their evidence at this stage in the litigation, contrary to what is required under the Federal Rules of Civil Procedure. Plaintiffs will disclose witnesses according to the applicable scheduling order, the Federal Rules of Civil Procedure, and Federal Rules of Evidence.

**Response:**

Subject to and without waiving any of their Specific and General Objections, Plaintiffs refer Defendants to the individuals disclosed in their Initial Disclosures, as well as those of the Williams Plaintiffs, Legislative Defendants, and the State Defendants. As discovery is ongoing, and subject to and without waiving any of their Specific and General Objections, Plaintiffs reserve the right to supplement the response to this Request and their Initial Disclosures upon additional information and investigation.


**Interrogatory No. 14**

Identify the basis for alleging that racial considerations drove the General Assembly to draw Senate District 39, Senate District 42, House District 21, House District 34, House District 37, House District 41, House District 66, and House District 75 above the ideal population.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this interrogatory because it seeks to require Plaintiffs to regurgitate portions of their Complaint or to present legal conclusions at this stage in the litigation in which discovery is ongoing. The allegations of the Complaint speak for themselves.

Plaintiffs object to this interrogatory to the extent that it misconstrues Plaintiffs' malapportionment claims as racial gerrymandering claims, which have distinct constitutional injuries and are governed by distinct legal standards.

Plaintiffs further object to this Request because it seeks information accessible to and/or in the possession of Defendants.

**Response:**

22

that are subject to the aforementioned privileges. Documents withheld will be disclosed to Defendants in privilege logs accompanying Plaintiffs' rolling productions.

Plaintiffs further object to this Request as it requests information equally available to Defendants, including the public records specified in response to Interrogatory No. 8.

**Response:**

Subject to and without waiving any of their Specific and General Objections, Plaintiffs assert that they have reviewed the Complaint and Initial Disclosures, the Williams Plaintiffs' Initial Disclosures, and the State Defendants Initial Disclosures, all of which have already been served upon Defendants, in preparing answers to Defendants' First Set of Interrogatories.

As discovery is ongoing, and subject to and without waiving any of their Specific and General Objections, Plaintiffs reserve the right to supplement the response to this Request upon additional information and investigation.

**Request for Production No. 2**

To all Plaintiffs: Any non-privileged communications or documents created, received, or maintained by you that relate to the political performance of the 2023 Plans, any alternative maps, or any individual districts, in any form including, but not limited to, any and all estimates, reports, studies, analyses, notes, text messages, journals, diaries or other writings, videotapes, recordings or other electronically stored media.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

Plaintiffs object to this RFP to the extent that it seeks associational information that is protected under the First Amendment because its disclosure would intrude upon Plaintiffs' freedom of speech, belief, or association, and no compelling need for the information exists. *See, e.g., NAACP v. Alabama*, 357 U.S. 449, 460 (1958). Disclosure of associational information, such as membership names, contact information, and the internal deliberations of the Organizational Plaintiffs and their members, would chill protected First Amendment speech and activities. The disclosure of this information is further unwarranted given that this RFP is beyond the reasonable scope of discovery under Rule 26(b)(1) of the Federal Rules of Procedure and disproportionate and unduly burdensome, and Plaintiffs object on that basis as well. This is especially true given the lack of a temporal limitation and the lack of relevance of the requested information to the claims and defenses asserted in this matter, which concern the actions and intent of the North Carolina General Assembly, not Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1) ("The scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . and whether the burden or expense of the proposed discovery outweighs its likely benefit."). As such, the work of redacting or screening for this information would far outweigh any use or relevance it has to the claims and defenses in this matter.

Plaintiffs intend to withhold any responsive materials identified as part of their reasonable search that are subject to the privileges and/or First Amendment protection. Documents withheld pursuant to the aforementioned privileges and/or First Amendment protection will be disclosed to Defendants in privilege logs accompanying Plaintiffs' rolling productions.

**Response:**

Subject to and without waiving any of their Specific and General Objections, Plaintiffs will produce responsive non-privileged communications identified following a reasonable search of public, non-privileged communications within the time period January 1, 2023, to December 19, 2023.

**Request for Production No. 3**

To all Plaintiffs: Any alternative maps created, received, or maintained by you related to North Carolina's 2023 redistricting process, and all documents or other electronically stored media relating to or otherwise supporting the creation of any alternative maps.

**Objections:**

Plaintiffs incorporate by reference their Objections to Legislative Defendants Request for Interrogatory No. 2.

**Response:**

Subject to and without waiving any of their Specific and General Objections, Plaintiffs confirm that no Plaintiff has created or drawn any alternative map to the 2023 Plans.

**Request for Production No. 4**

To Organizational Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans, including but not limited to financial records, communications, emails, notes, text messages, or recordings.

To Individual Plaintiffs: Excluding those documents protected by the attorney-client privilege, all documents reflecting or referring to any conversation or communication you had with any third party about any alleged "harm" or "injury" you claim to have suffered as a result of the 2023 Plans, including but not limited to, emails, notes, text messages, or recordings of any such conversations or communications.

**Objections:**

Plaintiffs' General Objections are incorporated by reference in this response.

33

Dated: July 11, 2024.

| **HOGAN LOVELLS US LLP** | **SOUTHERN COALITION FOR SOCIAL JUSTICE** |
|---|---|

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Corey Leggett*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
corey.leggett@hoganlovells.com
olivia.molodanof@hoganlovells.com
madeleine.bech@hogan.lovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com
misty.howell@hoganlovells.com
odunayo.durojaye@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

/s/ Hilary Harris Klein
Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org

**NAACP**

Janette Louard*
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge.

Signature: *Deborah Dicks Maxwell*
Deborah Dicks Maxwell (Jul 11, 2024 18:51 EDT)

Name: Deborah Dicks Maxwell

On behalf of Plaintiff North Carolina NAACP

Dated: 07/11/24

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge.

Signature: *Bob Phillips*
Bob Phillips (Jul 11, 2024 11:16 EDT)

Name: Bob Phillips

On behalf of Plaintiff Common Cause

Dated: 07/11/24

3

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge.

Signature: *Dawn Daly-Mack*
Dawn Daly-Mack (Jul 11, 2024 14:35 EDT)

Name: Dawn Daly-Mack

Date: 24/07/11

4

# CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge.

Signature: *Linda Sutton*
Linda Sutton (Jul 11, 2024 11:29 EDT)

Name: Linda Sutton

Date: 11/07/24

**CERTIFICATE OF SERVICE**

I certify that on July 11, 2024, I sent the foregoing via email to all counsel of record.

                                      */s/ Hilary Harris Klein*
                                      Hilary Harris Klein