# Attachment 1

# 2023 SENATE PLAN CRITERIA
October 2023

- Equal Population. The Committee chairs will use the 2020 federal decennial census data as the sole basis of population for the establishment of districts in the 2023 Senate Plan. In forming new legislative districts, any deviation from the ideal population for a legislative district shall be at or within plus or minus five percent for purposes of compliance with federal "one-person, one-vote" requirements. *Stephenson v. Bartlett*, 357 N.C. 301 (2003) (*Stephenson II*).

- County Groupings and Traversals. The Committee chairs shall draw legislative districts within county groupings as required by *Stephenson v. Bartlett*, 355 N.C. 354 (2002) (*Stephenson I*), *Stephenson II*, *Dickson v. Rucho*, 367 N.C. 542 (2014) (*Dickson I*) and *Dickson v. Rucho*, 368 N.C. 481 (2015) (*Dickson II*). Within county groupings, county lines shall not be traversed except as authorized by *Stephenson I*, *Stephenson II*, *Dickson I*, and *Dickson II*.

- Traditional Districting Principles. We observe that the State Constitution's limitations upon redistricting and apportionment uphold what the United States Supreme Court has termed "traditional districting principles." These principles include factors such as "compactness, contiguity, and respect for political subdivisions." *Stephenson II* (quoting *Shaw v. Reno*, 509 U.S. 630 (1993).

- Compactness. Communities of interest should be considered in the formation of compact and contiguous electoral districts. *Stephenson II*.

- Contiguity. Each Senate district shall at all times consist of contiguous territory. N.C. CONST. art. II, § 3. Contiguity by water is sufficient.

- Respect for Existing Political Subdivisions. County lines, VTDs and municipal boundaries may be considered when possible in forming districts that do not split these existing political subdivisions.

- Racial Data. Data identifying the race of individuals or voters shall *not* be used in the drafting of districts in the 2023 Senate Plan.

- Political Considerations. Politics and political considerations are inseparable from districting and apportionment. *Gaffney v. Cummings*, 412 U.S. 735 (1973). The General Assembly may consider partisan advantage and incumbency protection in the application of its discretionary redistricting decisions…but it must do so in conformity with the State Constitution. *Stephenson II*. To hold that legislators cannot take partisan interests into account when drawing district lines would essentially countermand the Framers' decision to entrust districting to political entities. *Rucho v. Common Cause*, 588 U.S.___(2019).

- Incumbent Residence. Incumbent residence may be considered in the formation of Senate districts.



EXHIBIT
HISE
19

LD0004146