# Attachment 2

# 2023 CONGRESSIONAL PLAN CRITERIA
October 2023

- Equal Population. The Committee chairs will use the 2020 federal decennial census data as the sole basis of population for the establishment of districts in the 2023 Congressional Plan. The number of persons in each congressional district shall equal be as nearly as is practicable, as determined under the most recent federal decennial census. *Wesberry v. Sanders*, 376 U.S. 1 (1964).

- Traditional Districting Principles. We observe that the State Constitution's limitations upon redistricting and apportionment uphold what the United States Supreme Court has termed "traditional districting principles." These principles include factors such as "compactness, contiguity, and respect for political subdivisions." *Stephenson v. Bartlett*, 357 N.C. 301 (2003) (*Stephenson II*) (quoting *Shaw v. Reno*, 509 U.S. 630 (1993).

- Compactness. The Committee chairs shall make reasonable efforts to draw districts in the 2023 Congressional Plan that are compact.

- Contiguity. Congressional districts shall be comprised of contiguous territory. Contiguity by water is sufficient.

- Respect for Existing Political Subdivisions. County lines, VTDs and municipal boundaries may be considered when possible in forming districts that do not split these existing political subdivisions.

- Racial Data. Data identifying the race of individuals or voters shall *not* be used in the drafting of districts in the 2023 Congressional Plan.

- Political Considerations. Politics and political considerations are inseparable from districting and apportionment. *Gaffney v. Cummings*, 412 U.S. 735 (1973). The General Assembly may consider partisan advantage and incumbency protection in the application of its discretionary redistricting decisions…but it must do so in conformity with the State Constitution. *Stephenson II*. To hold that legislators cannot take partisan interests into account when drawing district lines would essentially countermand the Framers' decision to entrust districting to political entities. *Rucho v. Common Cause*, 588 U.S.___(2019).

- Incumbent Residence. Candidates for Congress are not required by law to reside in a district they seek to represent. However, incumbent residence may be considered in the formation of Congressional districts.



EXHIBIT
HISE
21