IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*, <br><br> *Defendants*. | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*, <br><br> *Defendants*. | Civil Action No. 23-CV-1104 |

**LEGISLATIVE DEFENDANTS' RULE 26(1)(a)(3)(B) OBJECTIONS TO *WILLIAMS* AND *NAACP* PLAINTIFFS' PRETRIAL DISCLOSURES**

Legislative Defendants, pursuant to Fed. R. Civ. P. 26(a)(3)(B) and this Court's pretrial orders, D.E. 50 and D.E. 115, respectfully serve and file the following objections to Williams and NAACP Plaintiffs' respective pretrial disclosures. Legislative Defendants reserve the right to amend and supplement these objections as the parties continue to meet and confer to narrow the evidentiary issues for trial.

## I. OBJECTIONS TO PLAINTIFFS' WITNESS LISTS

<u>Williams Plaintiffs' Witness List.</u> Legislative Defendants do not object to Williams Plaintiffs' witness list [D.E. 116 pp. 6-8] at this time. Legislative Defendants reserve the right to modify, amend, or supplement these objections as appropriate.

<u>NAACP Plaintiffs' Witness List.</u> Legislative Defendants object to the inclusion of Christopher Ketchie on NAACP Plaintiffs' witness list. NAACP Plaintiffs failed to disclose Mr. Ketchie as a witness (fact or expert) during the discovery period, and therefore he should not be permitted to testify at trial. This objection was fully briefed in Legislative Defendants' Motion in Limine filed on May 23, 2025, in accordance with the Court's scheduling order. [D.E. 122-123]. Legislative Defendants reserve the right to modify, amend, or supplement these objections as appropriate.

## II. OBJECTIONS TO EXHIBIT LISTS

Attached as **Exhibits 1** and **2** respectively are Legislative Defendants' Objections to Williams and NAACP Plaintiffs' Exhibit Lists. NAACP Plaintiffs served and filed an Amended Exhibit List on the afternoon of May 29, 2025, that withdrew approximately 184 of the 698 exhibits on their original exhibit list. However, at the time of filing, Legislative Defendants had already prepared and were finalizing objections to the original exhibit list. Because transferring all those objections to a new document on short notice would risk a last-minute copy error, the objections Legislative Defendants listed on Exhibit 2 are marked on NAACP Plaintiffs' original exhibit list. However, Legislative Defendants note in italics the withdrawn exhibits and other clarifications provided by Plaintiffs in response to Legislative Defendants' email inquiries.

2

Legislative Defendants reserve the right to modify, amend, or supplement these objections as appropriate. In light of the Court's encouragement for "the parties to raise any objections to exhibits with the Court before trial[,]" [D.E. 115 at ¶6], Legislative Defendants provide brief explanations for certain categories of objections[1] for the Court's consideration below:

> A. <u>Standing Objections to Portions of Exhibits Regarding Dismissed Claims and Districts Not at Issue.</u>

Many of the parties' exhibits—including standing declarations executed by individual plaintiffs, voting records for individual plaintiffs and members of the organizational plaintiffs, and expert reports—reference districts that have either been dismissed or were never challenged in this case. On April 8, 2025, this Court entered an order granting summary judgment in part against Williams and NAACP Plaintiffs ("Consolidated Plaintiffs"). In that order, the Court set forth the specific districts challenged by each group of plaintiffs based on their pleadings and discovery responses. [D.E. 98 at 2-3 (listing specific districts)]. The Court then dismissed NAACP Plaintiffs' malapportionment claims against the 2023 House and Senate plans and outlined the districts that Consolidated Plaintiffs lack standing to challenge in this case: SD 7, 38, 39, and 42; HD 4, 11, 21, 33, 34, 35, 36, 38, 39, 40, 41, 49, 66, 72, 74, 75, and 91; and CD 9. [D.E. 98 at 29-30]. Shortly thereafter, Consolidated Plaintiffs both voluntarily dismissed

---

[1] Legislative Defendants only provide additional explanation on major categories of anticipated evidentiary questions. This filing does not capture the entirety of Legislative Defendants' objections, or arguments in response to objections, to evidence that may be presented at trial. Legislative Defendants reserve the right to raise additional objections to testimony and documents as they are offered.

certain claims with prejudice, including NAACP Plaintiffs' remaining claims involving the 2023 House plan and Williams Plaintiff's racial-gerrymandering claim involving the 2023 Congressional plan. [D.E. 104 (NAACP Plaintiffs), D.E. 107 (Williams Plaintiffs)]. NAACP Plaintiffs filed a Motion for Reconsideration on the dismissal of their malapportionment claims, [D.E. 101], which Legislative Defendants have opposed, [D.E. 113], and is pending before the Court. Therefore, the remaining districts at issue for trial are: CDs 1, 5, 6, 10, 12, and 14; and SDs 1, 2, 8, 40, and 41. [D.E. 98 at 30; D.E. 104 at ¶1].

The significant narrowing of the issues resulting from the summary-judgment order and Consolidated Plaintiffs' pleading amendments, which dismissed with prejudice several claims, now means that many of the parties' trial exhibits contain references to or analysis of the 2023 state house plan or other districts that are no longer at issue. To avoid the need to bog the trial down with objections to specific portions of the numerous exhibits affected by this issue,[2] Legislative Defendants request a standing objection based on relevance and Rule 403 (confuses the issues) to exhibits to the extent they reference districts not at issue in this case. Legislative Defendants request this standing objection to clarify that these extraneous districts are not at issue in this case and to establish that Legislative Defendants

---

[2] For example, NAACP Exhibit No. 182, the Fairfax Corrected Expert Report, analyzes house districts on pages 31-52 and 64-68, and NAACP Exhibit No. 189, the Oskooii Expert Report, analyzes house districts on pages 5-6, 10, and 43-77, but all claims against the house plan have been dismissed. [D.E. 98 at 29; D.E. 104]. Similarly, Consolidated Plaintiffs have offered standing declarations and voting records for individual plaintiffs and standing members (*see, e.g.*, NAACP Exhibit Nos. 163-165, 363-366; Williams Exhibit Nos. WX66-69) who reside in congressional and senate districts that were never challenged in this action, including CD3, CD13, SD3, SD4, SD5, SD11, SD13, SD27, SD28, and SD32. [D.E. 98 at 2-3].

4

do not consent to try claims against districts beyond the eleven districts listed above. *See* Fed. R. Civ. P. 15(b)(2).

### B. Objections to Certain Exhibits Regarding Legislative & Congressional Acts (Williams Exhibit No. WX115; NAACP Exhibit Nos. 263-66, 299-325, 327-338, 346-350, and 495-496).

Consolidated Plaintiffs' Exhibit Lists contain several categories of exhibits containing or referring to other legislative acts that are likely to be used as improper character evidence under Rule 404 or otherwise confuse the issues under Rule 403.

The first category is statements made by former Senate and House Redistricting Chairs. NAACP Exhibit Nos. 263-266 and Williams Exhibit No. WX115 consist of prior statements made years ago by former legislators Bob Rucho and David Lewis that were used to support racial gerrymandering claims in *Cooper v. Harris*, 581 U.S. 285, 300 (2017). But these prior acts cannot be used to prove that the 2023 North Carolina General Assembly acted in the same way in drawing the 2023 Plans at issue in this case. Fed. R. Civ. P. 404(b)(1); *see Feighan v. Resource Systems Group Inc.*, No. 20-02759 (BAH), 2023 WL 4623123, *9 (D.D.C. July 19, 2023) (providing that Rule 404(b) prohibits evidence of other acts that "lacks any purpose but proving character"). Indeed, the Fourth Circuit has made clear that "[a] legislature's past acts do not condemn the acts of a later legislature, which [the Court] must presume acts in good faith." *N. Carolina State Conf. of the NAACP v. Raymond*, 981 F.3d 295, 298 (4th Cir. 2020); *see also Abbott v. Perez*, 585 U.S. 579, 603-04 (2018). NAACP Exhibit Nos. 263-66 and Williams Exhibit No. WX115 show an attempt to impute the actions of prior legislators onto the Legislative Defendants in this case, and should be excluded as improper character evidence under Rule 404.

The same is true of the second category of exhibits, consisting of various North Carolina General Assembly non-enacted bill drafts, or bills passed outside of the 2023 General Assembly (NAACP Exhibit Nos. 300-05, 307-08, 310-15, 346, and 495-96). Under Rule 404(a), "[e]vidence of a person's character is not admissible to prove that the person acted in accordance with that character or trait on a particular occasion." The prohibition on character evidence ensures that civil judgments are based on the specific facts of the case rather than assumptions about a party's disposition or prior behavior. *See Sparks v. Gilley Trucking Co.*, 992 F.2d 50, 52 (4th Cir. 1993) ("Attempting to prove conduct by showing a character trait is too general and unreliable a method, and therefore it is excluded."); *see also Feighan*, 2023 WL 4623123, at *9. NAACP Exhibit Nos. 300-305, 307-08, 310-15, and 495-96 are bills currently pending before the North Carolina General Assembly, which have little to no probative value to the issue of whether race predominated in the drawing of the 2023 plans by a different legislature. Similarly, NAACP Exhibit No. 346 is the Voter ID implementing legislation (S.L. 2018-144) that was the very subject of *N. Carolina State Conf. of the NAACP v. Raymond*, 981 F.3d 295 (4th Cir. 2020). None of these exhibits can be used to show that the 2023 General Assembly acted in conformity with a particular character trait. As such, NAACP Exhibit Nos. 300-305, 307-08, 310-15, 346, and 495-96 should be excluded as improper character evidence under Rule 404.

Third, NAACP Plaintiffs also include as exhibits bills that were filed, but never passed in 2023. Rule 403 provides that the Court, in its discretion, "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

6

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." NAACP Exhibit Nos. 328-332, 335-338, and 349 were introduced in 2023, but did not pass. These exhibits have little to no probative value, and the danger of confusing the issues and unfair prejudice is high as Plaintiffs likely intend to use these bills to attempt to prove discriminatory intent by the 2023 General Assembly. The same is true of NAACP Exhibit Nos. 347 and 348, S.B. 747 and S.B. 749 respectively, which are the subject of other litigation. None of these bills were challenged in this litigation, and their admission would confuse the issues before the Court. NAACP Exhibit Nos. 328-332, 335-338, and 347-349 should be excluded under Rule 403.

Lastly, and perhaps most problematic, NAACP Exhibit Nos. 299, 306, 316-317, 320-322, 327, and 333-334 are United States House Resolutions, and Nos. 309 and 350 are statements by North Carolina Congressman Addison McDowell. Legislative intent of the North Carolina General Assembly cannot be derived from United States House Resolutions, even if similar bills were introduced in the North Carolina General Assembly. *See Waytec Electronics Corp. v. Rohm & Haas Electronic Materials, LLC*, 255 Fed. Appx. 754, 758 (4th Cir. Nov. 28, 2007) (unreported). To the extent that Plaintiffs are attempting to conflate the intent of Members of Congress with the intent of the General Assembly, this is substantially more likely to confuse the issues than any limited probative value the federal bills or statements might have. NAACP Exhibit Nos. 299, 306, 309, 316-317, 320-322, 327, 333-334, and 350 should be excluded under Rule 403.

### C. *NAACP Plaintiffs' Ketchie Exhibits (NAACP Exhibit Nos. 374-453).*

As described in Legislative Defendants' Motion in Limine and Memorandum in Support [D.E. 122-123], Legislative Defendants would be unduly prejudiced should Plaintiffs be allowed to use Ketchie's exhibits at trial.

### D. *NAACP Plaintiffs' Needlessly Cumulative Exhibits (NAACP Exhibit Nos. 53, 92-94, 248-51, 282, 297).*

NAACP Plaintiffs' exhibit list contains unnecessary and duplicative items, especially in light of the parties' stipulation "as to the authenticity of information on the North Carolina State Board of Elections, the United States Census Bureau, and the North Carolina General Assembly websites[.]" [D.E. 115 at ¶3]. The following exhibits have limited probative value that is outweighed by their needlessly cumulative nature and are likely to waste time:

- Screenshots of the General Assembly's redistricting and committee webpages (NAACP Exhibit Nos. 53, 282, 297);

- Multiple versions of the same public hearing speaker request forms for public hearing sites (NAACP Exhibit Nos. 92-94);

- Various versions and proposed amendments to the 2021 criteria when the fully adopted criteria is provided and undisputed (NAACP Exhibit Nos. 248-51).

In the interest of streamlining issues for trial, needlessly cumulative materials should be excluded.

Respectfully submitted, this the 30th day of May, 2025.

| **BAKER & HOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| By: /s/ Katherine L. McKnight<br>Richard B. Raile*<br>DC Bar No. 1015689<br>Katherine L. McKnight*<br>DC Bar No. 994456<br>Trevor Stanley*<br>DC Bar No. 991207<br>1050 Connecticut Ave. NW<br>Suite 1100<br>Washington DC 20036<br>Ph: (202) 861-1500<br>rraile@bakerlaw.com<br>kmcknight@bakerlaw.com<br>tstanley@bakerlaw.com<br><br>Patrick T. Lewis*<br>Ohio State Bar No. 0078314<br>Key Tower<br>127 Public Square, Suite 2000<br>Cleveland, Ohio 44114<br>Ph: (216) 621-0200<br>plewis@bakerlaw.com<br><br>Erika D. Prouty*<br>Ohio State Bar No. 0095821<br>Anna Croyts*<br>Ohio State Bar No. 0104620<br>200 Civic Center Drive, Suite 1200<br>Columbus, Ohio 43215<br>Ph: (614) 462-4710<br>eprouty@bakerlaw.com<br>acroyts@bakerlaw.com<br><br>*Appeared via Special Notice | By: /s/ Phillip J. Strach<br>Phillip J. Strach<br>North Carolina State Bar No. 29456<br>Alyssa M. Riggins<br>North Carolina State Bar No. 52366<br>Cassie A. Holt<br>North Carolina State Bar No. 56505<br>Jordan M. Koonts<br>North Carolina State Bar No. 59363<br>301 Hillsborough Street, Suite 1400<br>Raleigh, North Carolina 27603<br>Ph: (919) 329-3800<br>phil.strach@nelsonmullins.com<br>alyssa.riggins@nelsonmullins.com<br>cassie.holt@nelsonmullins.com<br>jordan.koonts@nelsonmullins.com<br><br>*Attorneys for Legislative Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on this day the forgoing document was filed on the Court's electronic case filing system (CM/ECF), and that notice of the filing will be served on all counsel of record by the Court's system.

This the 30th day of May, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Phillip J. Strach
      Phillip J. Strach
      North Carolina State Bar No. 29456