# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., *Plaintiffs*, v. REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., *Plaintiffs*, v. PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., *Defendants*. | Civil Action No. 23 CV 1104 |

## NAACP PLAINTIFFS' NOTICE OF REMAINING OBJECTIONS BY LEGISLATIVE DEFENDANTS TO NAACP PLAINTIFFS' PRETRIAL DISCLOSURES

Pursuant to the Court's June 4, 2025 Order requesting notice of remaining evidentiary objections (Doc. 135 at 6), NAACP Plaintiffs respectfully submit this summary of unresolved objections raised by Legislative Defendants, and NAACP Plaintiffs' counter-positions. This submission includes NAACP Plaintiffs' responses to the unresolved generalized objections by Legislative Defendants (provided in Doc. 131) and, in Appendix A: (*i*) the unresolved itemized objections to NAACP Plaintiffs' Exhibits (Doc. 131-2) with the basis for disagreement; and (*ii*) notation of withdrawn exhibits or those converted to joint exhibits (as also reflected in NAACP Plaintiffs' Second Amended Exhibit List, Doc. 142-2.

## I. Objections to NAACP Plaintiffs' Witness List.

Legislative Defendants' objection to testimony from Christopher Ketchie, Doc. 131 at 2, remains unresolved and should be overruled consistent with the argument in the Response in Opposition to Legislative Defendants' Motion *in Limine* to Exclude Testimony and Summaries of Voluminous Materials, Doc. 133, and as addressed below.

Legislative Defendants object to Mr. Ketchie's testimony by erroneously casting him as a late-disclosed expert witness, which he is not. *See* Doc. 123; Doc. 131 at 2. Mr. Ketchie is not being offered as an expert witness, but rather as a fact witness who will be called, if necessary, to testify for the limited purpose of laying the foundation for the admission of summary exhibits pursuant to Federal Rules of Evidence ("FRE") 1006 and/or, in the alternative, to introduce illustrative aides pursuant to FRE 107. *See generally* Doc. 133 at 12–16. Plaintiffs timely disclosed Mr. Ketchie as a potential fact witness by May 16, 2025 pursuant to the Scheduling Order requiring pretrial disclosures. Further, in

2

objecting, Legislative Defendants erroneously characterize the requirement for complying with FRE 1006, which only requires that the originals or duplicates underlying the proffered summaries be made available "at a reasonable time and place." NAACP Plaintiffs' disclosure a month before trial and consistent with the pretrial disclosure deadline, including the intent to use Mr. Ketchie to testify, readily meets this standard.

More generally—beyond the requirements specific to FRE 1006—disclosures of witnesses are not *per se* required during discovery. *See Wirtz v. B. A. C. Steel Prods., Inc.*, 312 F.2d 14, 16 (4th Cir. 1962) ("[W]e do not interpret the Code as requiring . . . [an adversary to disclose the names of its fact witnesses] at the discovery stages of litigation"); *Hernandez-Torres v. Intercontinental Trading, Inc.*, 158 F.3d 43, 49 (1st Cir. 1998) ("[FRCP] 26(a)(3) does not require disclosure of a prospective witness' identity during the discovery period."). This is particularly the case where the sole purpose of Mr. Ketchie's testimony is for the admission of summaries pursuant to FRCP 1006 and/or demonstrative aides pursuant to FRE 107. Legislative Defendants' objections should be overruled.

**II. Objections to NAACP Plaintiffs' Exhibit List.**

Legislative Defendants' unresolved objections to "certain categories of objections," Doc. 131 at 3, should be rejected for the following reasons.

A. <u>Legislative Defendants' Request for a Standing Objection Should be Denied.</u>

Legislative Defendants' request for a standing objection "based on relevance and Rule 403" to "[unspecified] exhibits to the extent they reference districts not at issue in this case," Doc. 131 at 4, is vague in scope and should be denied. Legislative Defendants fail

3

to specify whether the objection is limited to information related to the districts at issue in the claims addressed in NAACP Plaintiffs' Motion for Reconsideration or more broadly.[1]

Legislative Defendants' effort to exclude evidence pertaining to any district other than those specifically challenged is premised on an unwarranted and excessively narrow screen for judging relevance. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FRE 401. In contrast, the standard for excluding evidence pursuant to FRE 403 is extraordinarily high: "Admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor." *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994); *see also* FRE 403 (to justify exclusion, the evidence's probative value must be "substantially outweighed by a danger of" unfair prejudice, confusing the issues, undue delay, wasting time, or needlessly presenting cumulative evidence).

Legislative Defendants do not specify the full range of exhibits they are objecting to, but provide examples in footnote 2 (Doc. 131 at 4). As it pertains to portions of expert reports addressing House claims voluntarily dismissed, NAACP Plaintiffs object to excerpting portions of reports. Doing so risks internal cross-reference issues within each report or other related issues, and may "confus[e] the issues" (Doc. 131 at 4) to selectively omit sections from the now-whole expert reports (as Defendants appear to request), especially where racially polarized voting in the Black Belt (even when measured in House

---

[1] Following the Court's Order denying the Motion to Reconsider, Doc. 140, NAACP Plaintiffs have withdrawn mapping exhibits relating only to the dismissed House claims, as noted in Appendix A.

districts) remains relevant to NAACP Plaintiffs' Section 2 vote dilution claim in the Senate districts encompassing the same area.[2] NAACP Plaintiffs thus intend to offer whole reports so that, as appropriate in a bench trial, the Court may differentiate and weigh the evidence as it relates to specific claims accordingly.

B. <u>Legislative Defendants' Objections to Exhibits Regarding Legislative & Congressional Acts (NAACPPX 263-266, 299-325, 327-338, 346-350, and 495-496).</u>

Legislative Defendants' objection to several categories of exhibits as "improper character evidence under Rule 404 or otherwise confuse the issues under Rule 403," Doc. 131 at 5, should be overruled as to those exhibits not withdrawn.[3] NAACP Plaintiffs are not offering any of the exhibits identified by Legislative Defendants (or any other exhibits) for purposes of "prov[ing] that on a particular occasion the person acted in accordance with the character or trait." FRE 404. And, again, pursuant to FRE 403 "[a]dmissibility of evidence is favored"; Legislative Defendants' objections fail to meet FRE 403's high standard for the exclusion of relevant evidence. *See Schultz v. Butcher*, 24 F.3d at 632.

Legislative Defendants object to official statements made by former legislators Bob Rucho and David Lewis (NAACPPX 263–266), not any witness, which are not being offered to prove that these former legislators acted in accordance with their character. They are publicly available official General Assembly documents evidencing the redistricting process undertaken in prior years. This is squarely relevant to the historical background

---

[2] Indeed, some of Legislative Defendants' own exhibits contain the very information they allege will "confuse the issues" at trial. *See*, for example, LDTX 212 (a series of map versions depicting certain amendments offered to the General Assembly's House Plan).
[3] NAACP Plaintiffs' Second Amended Exhibit List withdrew NAACPPX 306, 320–324, 327, 331–334, and 337–338. Doc. 142-2.

5

and specific sequence of events, and in particular, the departures between the normal legislative process and the 2023 process under the analytical framework set forth in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977). Legislative Defendants' contention that these documents are "an attempt to impute the actions of prior legislators onto Legislative Defendants" (Doc. 131 at 5) is thus misplaced.

Legislative Defendants also object to several draft and final legislative acts from the 2023 General Assembly (NAACPPX 300–305, 307–308, 310–315, 346, and 495–496) as improper character evidence. Again, none of these exhibits are being used for such a purpose. These exhibits are public records and highly probative regarding the General Assembly's "significant lack of responsiveness . . . to the particularized needs of" minorities—one of the circumstances the Court is directed to evaluate under the Senate Factors in assessing Voting Rights Act claims. *United States v. Charleston Cnty.*, 318 F.Supp.2d 302, 322 (D.S.C. 2002) (citations omitted). Notably, NAACP Plaintiffs' expert witnesses Drs. James Leloudis and Lafleur Stephens-Dougan relied on these types of exhibits to opine on this exact topic. *See* NAACPPX 179 (Aug. 1, 2024 Leloudis Report at 83, 88–90, 92–93, and 104) and NAACPPX 212 (Mar. 17, 2025 Stephens-Dougan Suppl. Report at 9 n.31).

For the same reasons, Legislative Defendants' objections to similar exhibits of filed and passed bills (NAACPPX 328–330, 335–336, 347–349)—which contend they have "no probative value," or "would confuse the issues before the Court," and would cause "unfair prejudice" (Doc. 131 at 6–7)—fail to account for their relevance to the lack of responsiveness to Black voters of those responsible for and elected under the challenged

6

plans. These exhibits should be admitted so that the "the district court can hear relevant evidence, weigh its probative value and reject any improper inferences." *Schultz*, 24 F.3d at 632.

Likewise, Legislative Defendants' contentions that certain United States House Resolutions (NAACPPX 299 and 316–17) and statements by North Carolina Congressman McDowell (NAACPPX 309 and 350[4]) should be excluded under Rule 403 as "likely to confuse the issues" (Doc. 131 at 7) fail to account for their probative value of the responsiveness Senate Factor and the failure of those elected under the 2023 Congressional plan to represent the distinct minority interest of Black voters in North Carolina. *E.g.*, *Charleston Cnty.*, 318 F.Supp.2d at 321. This Court can properly consider this evidence to assess the Senate and *Arlington Heights* factors without conflating the intent of members of Congress with that of the General Assembly. Any theoretical risk of confusing the issues is outweighed by these exhibits' probative value.

For these reasons, Legislative Defendants' objections to these documents based on Rules 403 and 404 should be overruled.

C. <u>Legislative Defendants' Objections to the Summary Exhibits Should be Overruled.</u>

Legislative Defendants reiterate their objections to summary exhibits including illustrative maps, Maptitude statpack reports, and screenshots of related metadata. Doc. 131 at 8. As articulated in NAACP Plaintiffs' Response in Opposition to Legislative Defendants' Motion *in Limine* to Exclude Testimony and Summaries of Voluminous

---

[4] Since filing their Objections, Legislative Defendants have withdrawn their FRE 404 objection to NAACPPX 350.

7

Case 1:23-cv-01057-TDS-JLW   Document 143   Filed 06/09/25   Page 7 of 10

Materials, Doc. 133, these exhibits are admissible pursuant to FRE 1006 and, alternatively, as illustrative aides pursuant to Rule 107. Legislative Defendants' objections to the summary exhibits should be overruled.

D. Legislative Defendants' Cumulative Objections Have Been Withdrawn.

Since filing their Objections, Legislative Defendants have withdrawn their FRE 403 "cumulative" objections to NAACPPX 53[5], 92–94, 248–251, 282, and 297.

\* \* \*

As forth above, and as itemized by NAACPPX Exhibit in Appendix A, several of Legislative Defendants' objections to NAACP Plaintiffs' pretrial disclosures remain in dispute. For the reasons stated herein and in Appendix A, those objections should be overruled.

Dated: June 9, 2025

Respectfully submitted,

*/s/ Hilary Harris Klein*
Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Mitchell D. Brown (State Bar #56122)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707

---

[5] Legislative Defendants did not include an objection to NAACPPX 53 in their chart of objections to specific exhibits. It is unclear whether Legislative Defendants erroneously included NAACPPX 53 in their "additional explanation."

olivia.molodanof@hoganlovells.com
madeleine.bech@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com
misty.howell@hoganlovells.com
odunayo.durojaye@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to LR83.1(d)

Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
mitchellbrown@scsj.org
lily@scsj.org

## CERTIFICATE OF SERVICE

I certify that on June 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<span style="text-align:right;">*/s/ Hilary Harris Klein*<br>Hilary Harris Klein</span>