| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*, <br><br> *Defendants*. | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*, <br><br> *Defendants*. | Civil Action No. 23-CV-1104 |

**LEGISLATIVE DEFENDANTS' REPLY IN FURTHER SUPPORT
OF MOTION IN LIMINE TO EXCLUDE POTENTIAL TESTIMONY OF
<u>CHRISTOPHER KETCHIE AND RELATED EXHIBITS</u>**

After failing to disclose Christopher Ketchie—the Southern Coalition for Social Justice's staff expert—as an individual with knowledge in any of their initial disclosures, NAACP Plaintiffs now seek to introduce over 50 new exhibits through a declaration that he executed well past the deadline for expert disclosures. Legislative Defendants moved in limine to exclude NAACPPX 374-453[1], Ketchie's May 16, 2025, declaration, and any trial testimony of Ketchie regarding these exhibits (hereinafter, the "Ketchie Materials") under Rules 26 and 37 of the Federal Rules of Civil Procedure as a result. Plaintiffs' Opposition (D.E. 133) and its 1,034 pages of attachments fail to justify the untimely and prejudicial submission of these materials. They instead reflect NAACP Plaintiffs' brazen attempt to sweep untimely expert-witness evidence into the record under the guise of a summary. The Court should exclude the Ketchie Materials for what they really are.

## I. The Ketchie Materials Are Not Proper Summaries Under Rule 1006.

NAACP Plaintiffs' over 500 pages of maps and other materials prepared by a GIS professional are not "summaries" under the Federal Rules of Evidence. NAACP Plaintiffs disclaim any intention of offering Mr. Ketchie as an expert witness at trial but insist that they "could" offer him as an "expert based on his experience working with maps and GIS." [D.E. 133 at 12]. The work that Mr. Ketchie did here cannot be chalked up to merely picking a font. [*Id.* at 14]. It required making methodological choices and using sophisticated tools to visualize data. If NAACP Plaintiffs are not offering Mr. Ketchie as

---

[1] On Monday, June 9, 2025, NAACP Plaintiffs filed their Second Amended Exhibit List, D.E. 142-2, which withdrew approximately 20 of the Ketchie exhibits—NAACPPX 376-77, 395-406, 434-35, and 440-43.

an expert, it means the evidence—a Rule 1006 summary or not—is not admissible under Fed. R. Evid. 702 and 703.

Nevertheless, Fed. R. Evid. 1006 does not extend to argumentative summaries. *See Hernandez v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:24-CV-00086, 2025 WL 1485872, *8 (S.D. Tex. Apr. 22, 2025) (Slip Op.). Indeed, the 2024 Amendments to Rule 1006 clarify that "[a] summary admissible under Rule 1006 must also pass the balancing test of Rule 403. For example, if the summary does not accurately reflect the underlying voluminous evidence, *or if it is argumentative*, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion." (emphasis added).[2] The purpose of Rule 1006 "is to reduce the volume of written documents that are introduced into evidence by allowing in evidence accurate derivatives from the voluminous documents." *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004) (citation omitted).

Here, the Ketchie Materials combine data from two separate sources into third-party mapping software to create race-based choropleth maps for draft maps that were undisputedly drawn without racial data in 2023.[3] Indeed, by adding demographic data, the Ketchie Materials go from mere summaries to argumentative expert materials because choropleth maps (otherwise known as "heat maps") are often used to show racial intent in districting plans. *Callais v. Landry*, 732 F. Supp. 3d 574, 597-98, 602-04 (W.D. La. Apr.

---

[2] The 2024 Amendments to Fed. R. Evid. 1006 and creation of Fed. R. Evid. 107, further clarified that Rule 1006 summaries are meant to be evidence themselves, while Rule 107 illustrative aids are not.
[3] The parties' Joint Stipulations show that statpacks with race were only generated after the release of plans. [D.E. 138 at ¶¶ 20-21].

3

30, 2024); *see Allen v. Milligan,* No. 21-1086, Slip Op. at 49-51 (Appendix to opinion of Thomas, J., dissenting)[4].

Similarly, Mr. Ketchie's alternative compactness measures do not reflect the actual legislative process and are argumentative because the General Assembly did not use the measures he's reporting. Mr. Ketchie chose to add three compactness measures to his Maptitude reports: area/convex hull; Schwartzberg; and perimeter measures. Not only are these three measures not considered or presented during discovery, but Legislative Defendants were unable to ask Mr. Ketchie during discovery why Mr. Ketchie chose to include those 3 measures and not the other compactness measures that come with the Maptitude licensing software.[5] The Ketchie Materials simply are not summaries—they are argumentative expert opinions meant to prove NAACP Plaintiffs' case.

Additionally, the risk of unfair prejudice substantially outweighs any probative value of these exhibits, as they are expert materials that Legislative Defendants were unable to vet. Unlike Drs. Barber and Trende, who were asked multiple questions about the figures in their reports during their depositions, Mr. Ketchie is not subject to the same scrutiny about his range or choices. [*See* D.E.s 123-15, 123-16]. And while Plaintiffs allege that Legislative Defendants could have "independently verif[ied] the accuracy of what has been produced" and offered to make Mr. Ketchie available for a deposition, D.E. 133 at 17-18, it is not reasonable to expect Legislative Defendants and their experts to drop everything a

---

[4] Publicly available at https://www.supremecourt.gov/opinions/22pdf/21-1086_1co6.pdf.
[5] *See What are Measures of Compactness?*, Maptitude for Redistricting, publicly available at https://www.caliper.com/glossary/what-are-measures-of-compactness.htm (last accessed June 12, 2025) (providing that Maptitude computes nine measures of compactness).

month before a major trial to fully vet out 79, now 59, new expert-prepared exhibits on top of the hundreds of exhibits, extensive stipulations, and more than a dozen expert reports timely produced in this case.

On the other side of the probative-value/prejudice coin, the "summary" exhibits also have limited independent probative value because they are unhelpful compared to the expert materials produced by properly disclosed experts in this case. For example, Mr. Ketchie's heat map of the enacted Congressional Plan, D.E. 123-10 at p. 7, it is almost impossible to tell the different levels of Black Voting Age Population ("BVAP") because of the monotone shading Mr. Ketchie used:



D.E. 123-10. Figure 2 in Dr. Barber's opening report shows a BVAP heat map for North Carolina precincts in a much clearer and helpful manner:



[Barber Report (LDTX253) at p. 9]. Compared to Ketchie's map, Dr. Barber's heat map is much more helpful as the reader can actually distinguish between different levels of BVAP. The same is true of Dr. Trende's heat maps, which show different levels of BVAP in Mr. Fairfax's illustrative plans. [*See, e.g.*, D.E. 123-6 at 10-11]. The probative value of the Ketchie Materials is low. On the other hand, the risk of unfair prejudice is high because the "summaries" are really unvetted and untimely expert testimony, as Ketchie was not subjected to questions about the gradients he chose or the difficulty discerning between BVAP levels in his heat maps.

NAACP Plaintiffs' brief primarily relies on an unreported Fourth Circuit case, *United States v. Moore*, 843 F. App'x 498, 504 (4th Cir. 2021), where the Court upheld a district court's admission of cell-phone tower data maps as summary exhibits where the summaries were authenticated by law enforcement officers who were subject to robust cross-examination at trial "regarding the markings on the map and the techniques he used in forming his opinions." [Pl. Br. 10, 15]. However, those cell-phone tower data maps were appropriate summaries because they illustrated data points from a single source. The cell

6

phone towers were fixed, beyond dispute, and not subject to choices. Here, again, Mr. Ketchie is making choices using his expertise that are subject to dispute.

## II. The Ketchie Materials are Not Illustrative Aids Under Rule 107.

Legislative Defendants have no objection to actual summary and/or illustrative aids of native files should the foundation for those aids be laid and authenticated at trial. But NAACP Plaintiffs fail to understand that illustrative aids must actually be helpful to the trier of fact. Fed. R. Evid. 107 advisory committee's note to 2024 Amendment. Take Williams' Plaintiffs Exhibit WX161:



And compare that to the CCJ-1 Map that Legislative Defendants produced at JX124 (LD_MAP_001799):



WX161 is a proper illustrative aid of the native files for CCJ-1, as it supplements JX124 by adding county names and, upon information and belief, was created by a properly disclosed expert witness Dr. Jonathan Rodden. Like the cell phone towers in *Moore*, the county names in WX161 are easily verifiable and not subject to dispute. *See* 843 F. App'x at 504. So long as Williams Plaintiffs lay the foundation and have Dr. Rodden authenticate this illustrative aid at trial, Legislative Defendants have no objection and do not seek to exclude that illustrative exhibit.

The Ketchie Materials are inapposite. NAACP Plaintiffs do not simply provide illustrations of districts with the counties identified to aid the court, created by a properly disclosed witness in this case; instead, the Ketchie Materials include argumentative information, including BVAP data and compactness measures that the General Assembly

8

did not use during the districting process. The Ketchie Materials are therefore also not illustrative aids and should be excluded in their entirety.

### III. The Ketchie Materials are Undisclosed Expert Materials that Should Be Excluded Under the *Southern States* Factors.

The Ketchie Materials are undisclosed expert materials for the same reasons that they are not proper summaries—they reflect new analyses on compactness and other metrics that were not previously used in this case. Indeed, as discussed *supra*, Mr. Ketchie chose to report three additional metrics not considered or presented in the legislative process. Suggesting which compactness measures may be appropriate is not an objective assessment and requires a level of "expert-speak[.]" *Cooper v. Harris*, 581 U.S. 285, 311 (2017).

To the extent that Plaintiffs claim that Legislative Defendants did not object to Mr. Ketchie's summaries in the *Harper v. Hall* litigation, that case was on an extraordinarily expedited schedule in state court where the entire discovery period and trial occurred within 1.5 months. [Pl. Br. at p. 16, n.8]. Not only did different rules of evidence apply, but Mr. Ketchie also provided authenticating testimony at trial and his work was limited to creating summary tables. [D.E. 133-9]. Here, the Ketchie Declaration is not on NAACP Plaintiffs' Second Amended Exhibit List [D.E. 142-2]; NAACP Plaintiffs do not dispute that Mr. Ketchie was not disclosed as a potential witness during the discovery period; and Mr. Ketchie's analysis differs here from his previous work because he chose certain metrics over others to display in his materials.

Furthermore, NAACP Plaintiffs' claim that any surprise is limited because the Ketchie Materials use Legislative Defendants' own data, and utilizes methods equally available to all parties and the public, is unavailing. Under NAACP Plaintiffs' theory, anyone could take any two sets of public data and combine them in any way to produce new exhibits on the eve of trial under the guise of a "summary" to circumvent the disclosure requirements under Fed. R. Civ. P. 26. That is plainly against the purpose and meaning of Fed. R. Evid. 1006. *See* advisory committee's note to 2024 Amendment. Because Plaintiffs failed to timely disclose Mr. Ketchie as a potential fact or expert witness, Legislative Defendants had no reason or opportunity to depose him or conduct discovery concerning Mr. Ketchie's qualifications and the choices he made. Plaintiffs cannot designate him as a witness at this stage in the litigation.

NAACP Plaintiffs in essence do not provide an explanation for their failure to disclose, instead suggesting that that "Mr. Ketchie is not being offered as an expert and the disclosures are timely." [Pl. Br. at 20]. In light of the insufficient explanation and other factors weighing in favor of exclusion, the Ketchie Materials should be excluded under Rules 26 and 37. *See N. Carolina State Conf. of the NAACP v. Hirsch, et al.*, No. 1:18-CV-1034, D.E. 297 at p. 21 (M.D.N.C. May 4, 2024); *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

## **CONCLUSION**

The Ketchie Materials are not mere summaries. Nor are they helpful illustrative aids. They are undisclosed expert analyses that should be excluded under the *Southern States* factors. For the same reasons as those set forth Legislative Defendants' Motion and

10

Case 1:23-cv-01057-TDS-JLW   Document 147   Filed 06/13/25   Page 10 of 13

Memorandum in Support, D.E. 122 and D.E. 123, the Ketchie Materials should be excluded in their entirety.

Respectfully submitted, this the 13th day of June, 2025.

| **BAKER & HOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| Katherine L. McKnight* <br> DC Bar No. 994456 <br> Richard B. Raile* <br> DC Bar No. 1015689 <br> Trevor Stanley* <br> DC Bar No. 991207 <br> 1050 Connecticut Ave. NW <br> Suite 1100 <br> Washington DC 20036 <br> Ph: (202) 861-1500 <br> kmcknight@bakerlaw.com <br> tstanley@bakerlaw.com <br> rraile@bakerlaw.com <br><br> Patrick T. Lewis* <br> Ohio State Bar No. 0078314 <br> Key Tower <br> 127 Public Square, Suite 2000 <br> Cleveland, Ohio 44114 <br> Ph: (216) 621-0200 <br> plewis@bakerlaw.com <br><br> Erika D. Prouty* <br> Ohio State Bar No. 0095821 <br> 200 Civic Center Drive, Suite 1200 <br> Columbus, Ohio 43215 <br> Ph: (614) 462-4710 <br> eprouty@bakerlaw.com <br><br> * *Appeared via Special Notice* | By: /s/ Phillip J. Strach <br>   Phillip J. Strach <br>   North Carolina State Bar No. 29456 <br>   Alyssa M. Riggins <br>   North Carolina State Bar No. 52366 <br>   Cassie A. Holt <br>   North Carolina State Bar No. 56505 <br>   Jordan A. Koonts <br>   North Carolina State Bar No. 59363 <br>   301 Hillsborough Street, Suite 1400 <br>   Raleigh, North Carolina 27603 <br>   Ph: (919) 329-3800 <br>   phil.strach@nelsonmullins.com <br>   alyssa.riggins@nelsonmullins.com <br>   cassie.holt@nelsonmullins.com <br>   jordan.koonts@nelsonmullins.com <br><br> *Attorneys for Legislative Defendants* |

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d), I, Phillip J. Strach, hereby certify that the foregoing brief includes 1,999/3,125 words as indicated by Microsoft Word, excluding the caption, signature lines, certificate of service, and case caption.

This the 13th day of June, 2025.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456

## CERTIFICATE OF SERVICE

I, Phillip J. Strach, certify that on this, the 13th day of June, 2025, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF electronic filing system, which will send a copy of the same to all counsel of record in the above-captioned matter.

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456
