# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE HUGH BLACKWELL, in his official capacity as Chair of the House Standing Committee on Elections, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants*. | Civil Action No. 23 CV 1104 |

## WILLIAMS PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

*Williams* Plaintiffs in the above-captioned action, by and through their undersigned counsel, respectfully move this Court for leave to file a Supplemental Complaint, pursuant to Fed. R. Civ. P. 15(d). The proposed Supplemental Complaint is attached as **Exhibit 1**. Legislative Defendants do not oppose this Motion. At the time of filing, the North Carolina State Board of Elections Defendants had not responded to *Williams* Plaintiffs indicating their position.

*Williams* Plaintiffs seek to file the Supplemental Complaint to address Senate Bill 249 ("S.B. 249" or "2025 Plan"), the new congressional district map recently enacted by the North

Carolina General Assembly, by asserting constitutional and statutory challenges to the 2025 Plan and the newly drawn CD-1 and CD-3, and to join additional plaintiffs harmed by these newly drawn districts. The proposed supplemental pleading does not alter existing claims against districts unaffected by the new map.

## BACKGROUND

In October 2023, the North Carolina State Legislature enacted Senate Bill 757, the third map passed by the North Carolina General Assembly since the 2020 census. Less than six weeks later, *Williams* Plaintiffs sued to challenge Senate Bill 757. One-and-a-half years after that, the Court held a bench trial in June and July 2025 in a consolidated case that included *Williams* Plaintiffs' claims.

On October 22, 2025, and before the Court could rule on those legal challenges, the North Carolina State Legislature passed the 2025 Plan, which is identical to the 2023 Plan save for its configurations of CD-1 and CD-3. Through the proposed Supplemental Complaint, *Williams* Plaintiffs challenge the 2025 Plan and the congressional districts altered by S.B. 249: CD-1 and CD-3. The Supplemental Complaint includes an intentional vote dilution claim alleging that S.B. 249 was intentionally enacted to discriminate against Black North Carolinians by dismantling a historic Black-opportunity district; an intentional vote dilution claim under Section 2 of the Voting Rights Act; a claim under Article 1 of the United States Constitution and the Fourteenth Amendment that the 2025 Plan is unjustifiably malapportioned; and a claim under the First Amendment and the Equal Protection Clause that the General Assembly unnecessarily and unjustifiably used racial data and pursued partisan advantage in a voluntary mid-decade revision to existing legislatively enacted districts.

Finally, *Williams* Plaintiffs also seek to add additional North Carolina voter plaintiffs Viola Ryals Figueroa, Jimmy Cochran, and David Jones. Each of these plaintiffs resides in a congressional district redrawn in S.B. 249.

## ARGUMENT

Federal Rule of Civil Procedure 15(d) allows the Court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The purpose of Rule 15(d) is to "avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963). As such, Plaintiffs may supplement a complaint "'to assert separate or additional claims against an existing party . . . [or] to include new parties when events make it necessary to do so.'" *Lee v. Kersey*, No. 1:23CV1065, 2024 WL 3445276, at *2 (M.D.N.C. May 24, 2024), *report and recommendation adopted*, No. 1:23-CV-1065, 2024 WL 3442379 (M.D.N.C. July 17, 2024) (quoting *Garey v. James S. Farrin, P.C.*, No. 1:16CV542, 2018 WL 4688389, at *6 (M.D.N.C. Sept. 29, 2018)). "As observed by the Fourth Circuit, Rule 15(d) motions are '[s]o useful . . . that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears.'" *Garey*, 2018 WL 4688389, at *6 (quoting *New Amsterdam Cas. Co.*, 323 F.2d at 28–29). Rule 15(d) motions are "evaluated under the same standards used to evaluate motions to amend pleadings under Rule 15(a), which generally states that leave to amend shall be freely granted when justice requires unless there are valid reasons for denying leave, such as undue delay, bad faith, or futility." *Est. of Williams-Moore v. All. One Receivables Mgmt., Inc.*, 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004) (citation omitted); *see also Franks v. Ross*, 313 F.3d 184, 198, n.15 (4th Cir. 2002) (concluding that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical," and in "either situation, leave should be freely granted, and should be denied only where 'good

reason exists . . . , such as prejudice to the defendants.'") (citation omitted).

There is no undue delay or bad motive behind *Williams* Plaintiffs' request to supplement. *Williams* Plaintiffs file this motion one day after the General Assembly enacted S.B. 249 into law. Nor will Defendants be unfairly prejudiced: under the analogous rule for amending, prejudice "will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). It was the actions of Defendants themselves that caused changes to North Carolina's congressional districts, and thus Defendants "would not prejudiced by a supplemental pleading . . . since it has had full notice of the transactions and occurrences upon which this . . . claim is based since the original filing of the complaint." *Janeau v. Pitman Mfg. Co.*, No. C-C-90-194-V, 1991 WL 538679, at *10 (W.D.N.C. Oct. 25, 1991). *Williams* Plaintiffs are entitled to bring new claims against districts altered by S.B. 249; doing so via a supplemental pleading will serve the interests of justice and judicial economy, as "requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules." *Franks*, 313 F.3d at 198 (citation omitted). Finally, there is no lack of notice here because *Williams* Plaintiffs have filed this motion before serving Defendants with the proposed supplemental pleading, and Legislative Defendants do not oppose this motion.

In a Text Order on October 22, 2025, the Court ordered the parties to file briefs "addressing the effect" of S.B. 249, "including potential mootness." Text Order (Oct. 22, 2025). As *Williams* Plaintiffs will argue in that forthcoming submission, S.B. 249 does not moot their challenges to the congressional districts in the Piedmont Triad and Mecklenburg that were left unaffected by the 2025 Plan. *See H.B. Rowe Co. v. Tippett*, No. 5:03-CV-278-BO, 2007 WL 7766702, at *9 (E.D.N.C. Mar. 30, 2007) (noting a "suit will not be rendered moot" when the legislature

- 4 -

"amend[s] a challenged statute in an insignificant manner"); *cf. North Carolina v. Covington*, 585 U.S. 969, 976 (2018) (holding gerrymandering claims were not mooted by new legislative map where "new districts were mere continuations of the old, gerrymandered districts").

Plaintiffs accordingly request that the Court grant their motion for leave to file the attached Supplemental Complaint.

Dated: October 23, 2025

| **PATTERSON HARKAVY LLP** | **ELIAS LAW GROUP LLP** |
|---|---|
| By: /s/ *Narendra K. Ghosh*<br>Narendra K. Ghosh, NC Bar No. 37649<br>100 Europa Dr., Suite 420<br>Chapel Hill, NC 27517<br>(919) 942-5200<br>nghosh@pathlaw.com<br><br>*Counsel for Plaintiffs* | By: /s/ *Lalitha D. Madduri*<br>Lalitha D. Madduri\*<br>Lucas Lallinger\*<br>Qizhou Ge\*<br>James J. Pinchak\*\*<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Phone: (202) 968-4490<br>Facsimile: (202) 968-4498<br>LMadduri@elias.law<br>LLallinger@elias.law<br>AGe@elias.law<br>JPinchak@elias.law<br><br>Abha Khanna\*<br>1700 Seventh Avenue, Suite 2100<br>Seattle, Washington 98101<br>Phone: (206) 656-0177<br>Facsimile: (206) 656-0180<br>AKhanna@elias.law<br><br>\* *Special Appearance pursuant to Local Rule 83.1(d)*<br><br>\*\* *Notice of Special Appearance Pursuant to Local Rule 83.1(d) Forthcoming* |

## CERTIFICATE OF SERVICE

On this 23rd day of October, 2025, I electronically filed the foregoing using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri
