IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting; *et al.*, <br><br> *Defendants.* | Civil Action No. 23-CV-1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate; *et al.*, <br><br> *Defendants.* | Civil Action No. 23-CV-1104 |

**LEGISLATIVE DEFENDANTS' RESPONSE TO ORDER**

Two sets of plaintiffs (the "Williams Plaintiffs" and "NAACP Plaintiffs," respectively, and, collectively, "Plaintiffs") in these consolidated cases challenge certain districts in North Carolina's state legislative and congressional redistricting plans, which were enacted in 2023. The suits have been defended by the North Carolina General Assembly's designated legislative officers (the "Legislative Defendants"). *See* N. C. Gen.

Stat. § 1-72.2; *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 185 (2022). A three-judge district court was convened to adjudicate the case pursuant to 28 U.S.C. § 2284, [D.E. 11], and the separate suits were consolidated because "both actions include similar constitutional claims as to the congressional map." [D.E. 34 at 8]. After this Court narrowed the scope of claims in a summary judgment ruling [D.E. 98 and 140], and certain claims were voluntarily dismissed [*see* D.E. 104 and 107], trial proceeded on challenges to three state senate districts (SD1, SD2, and SD8),[1] and six congressional districts (CD1, CD5, CD6, CD10, CD12, and CD14). The claims were ripe for decision as of August 5, when the parties' final post-trial filings were submitted [*see* D.E. 163–66]. On October 22, 2025, the General Assembly enacted Senate Bill 249, which amends the State's congressional redistricting plan. S.B. 249 alters two congressional districts, CD1 and CD3, and otherwise carries forward the congressional districts enacted in 2023 (including CD5, CD6, CD10, CD12, and CD14). S.B. 249 does not change any state senate (or house) districts.

The Court asked for supplemental briefing to address the impact of S.B. 249, "including potential mootness, on the claims submitted to the Court in these consolidated cases." For reasons articulated below, S.B. 249 impacts only Plaintiffs' challenge to CD1, which is now moot. A challenge to CD1 must be made in a new pleading, as the Williams Plaintiffs have presented to the Court. Legislative Defendants do not oppose the Court's consideration of these new claims and will defend them on the merits. By contrast, because

---

[1] The NAACP Plaintiffs had also asserted claims against SD40 and SD41, but judgment on those claims was granted for Legislative Defendants at trial. [Vol. V Tr. 1025:13-19].

S.B. 249 does not alter CD5, CD6, CD10, CD12, and CD14, Plaintiffs' challenge to those districts remains live and ripe for adjudication. The Court may in its discretion choose to rule on those challenges presently or await record development concerning supplemental challenges to the congressional plan to address all congressional districts in one order. Finally, S.B. 249 does not alter the North Carolina senate plan in any way. Consequently, the Court retains jurisdiction over the challenges to SD1, SD2, and SD8 and need not delay adjudication of those claims. In further support of this position, Legislative Defendants state as follows:

1. "A dispute is moot, depriving federal courts of jurisdiction to decide it, when 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Holloway v. City of Virginia Beach*, 42 F.4th 266, 273 (4th Cir. 2022) (quoting *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016)). Under this doctrine, "statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (citation omitted).

"To be sure, not every tweak to a challenged statute will have this effect; 'minor and insignificant' changes that do not address the essence of a plaintiff's claims will not forestall legal challenges to the original statute." *Holloway*, 42 F.4th at 273 (citation omitted). "But when a challenged law is 'superseded by a significantly amended statutory scheme,' then a claim against the original law becomes moot." *Id.* (citation omitted). In such instances, however, a plaintiff may nonetheless challenge "the new provisions." *Id.*

3

(citation omitted). Where this occurs, the proceeding need not be dismissed; instead, a district court retains discretion to "decide whether the plaintiffs should be permitted to amend their complaint or otherwise develop the record to pursue those claims here, or whether they are better pursued in a new proceeding." *Id.* at 277–78; *see also N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 339 (2020).

2. This doctrine applies in a straightforward manner in this case. S.B. 249 alters two congressional districts, CD1 and CD3, and this moots Plaintiffs' challenge to CD1. (CD3 was not challenged.) CD1 has been "significantly amended" in a manner that goes to "the essence of" the pending "claims." *Holloway*, 42 F.4th at 273. Both sets of Plaintiffs contend that CD1 as configured in 2023 was drawn on the basis of race. [*See* D.E. 165 at 268–78; D.E. 166 at 157–206]. Plaintiffs failed to prove this assertion, but in all events, the legislative intent concerning CD1 as configured in 2023 is of diminished relevance now that S.B. 249 markedly changed the district. *See Abbott v. Perez*, 585 U.S. 579, 605 (2018) (where 2013 enactment replaced 2011 redistricting plan, holding "there can be no doubt about what matters: It is the intent of the 2013 Legislature"). While Legislative Defendants believe the record will show that CD1 was drawn in both instances to achieve political (not racial) goals, *see Alexander v. S.C. State Conf. of the NAACP*, 602 U.S. 1 (2024), the underlying inquiry concerning legislative motive is materially different after the statutory change. Accordingly, the existing challenge to CD1 "is moot, and the district court lack[s] jurisdiction to consider its merits." *Holloway*, 42 F.4th at 277.

As in *Holloway*, however, the case against CD1 need not be dismissed on mootness grounds. The Williams Plaintiffs believe they have colorable challenges to CD1 and now

4

CD3 as revised in 2025, as well as constitutional claims against the 2025 Plan arising from the mid-decade redistricting. [*See* D.E. 169]. The Court therefore "can decide whether the plaintiffs should be permitted to amend their complaint or otherwise develop the record to pursue those claims here." *Id.* at 277–78. While Legislative Defendants do not agree with the Williams Plaintiffs' assertions on the merits, they do not oppose their motion for leave to file a supplemental complaint. That is because there are clear advantages to permitting amendment and supplemental record development over outright dismissal.

As shown below, the Court must proceed to adjudicate Plaintiffs' challenges to five other districts in North Carolina's congressional plan, and it would be wasteful and unwieldy for a separate suit to proceed against CD1, CD3 and the 2025 Plan as a whole. Because Plaintiffs have attempted to make their showing in part through statewide evidence, there is overlap in claims and evidentiary record, so this Court "likely will have done much—though not all—of the work necessary to analyze" the new claims. *Id.* at 277. Moreover, legislative motive concerning the 2023 configuration of CD1 will maintain some continued relevance in any challenge to the 2025 configuration. *See Abbott*, 585 U.S. at 607 ("we do not suggest . . . that the intent of the 2011 Legislature is irrelevant"). And, in the unlikely event of a liability finding, any remedies will need to be coordinated across districts, given their interrelatedness in one plan. *See Banerian v. Benson*, 597 F. Supp. 3d 1163, 1169 (W.D. Mich. 2022) (three-judge court) ("a districting plan is like a Rubik's Cube: every adjustment requires still more adjustments"). The Court's immense knowledge of case issues, as well as its statutory directive to resolve disputes of this nature, [D.E. 11],

5

and prior consolidation of all claims against the congressional plan, [D.E. 34 at 8], all indicate that this is the ideal forum to resolve any residual claim against CD1 as redrawn.

Accordingly, the Court should permit the Williams Plaintiffs to present their challenges to S.B. 249 in this forum.[2] Likewise, Legislative Defendants learned shortly before this filing was due that the NAACP Plaintiffs also intend to move to supplement their complaint. Pending further review, Legislative Defendants do not presently anticipate opposing such a request. If the Court grants both motions, Legislative Defendants request a unified deadline to respond to all permitted supplemental complaints by answer or motion.

3. Because S.B. 249 alters only CD1 and CD3, it does not moot Plaintiffs' challenges to CD5, CD6, CD10, CD12, and CD14 as drawn in 2023. Plaintiffs contend that these districts, too, were configured on the basis of race, and because they were not altered in 2025, the General Assembly's motive in 2023 remains the central question for Plaintiffs' challenges to these districts. That question is not significantly different today from what it was when tried to the Court. A challenge contending that districts are configured based on race proceeds district-by-district, not on a statewide basis. [*See* D.E. 98 at 10]; *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 262–63 (2015). Consequently, alterations to CD1 do not impact this Court's Article III power to adjudicate claims against

---

[2] To be clear, Legislative Defendants do not believe the Williams Plaintiffs have stated viable claims and intend to move to dismiss some or all of the new claims in due course. However, because this Court is best postured to consider arguments concerning these new claims, Legislative Defendants do not oppose the Williams Plaintiffs' motion for leave to supplement their complaint.

6

other congressional districts. *Cf. United States v. Hays*, 515 U.S. 737, 744 (1995) (explaining that knock-on effects in surrounding districts did not give plaintiffs standing to challenge district where they did not reside).

Insofar as the record is altered with respect to CD5, CD6, CD10, CD12, and CD14, this at most creates "'minor and insignificant' changes that do not address the essence of" the outstanding "claims." *Holloway*, 42 F.4th at 273 (citation omitted). Oddly, despite representing that their proposed supplemental pleading "does not alter existing claims against districts unaffected by the new map," [D.E. 169 at 2], Williams Plaintiffs took the liberty to revise their allegations at some length, including those concerning districts that were unaffected by the 2025 redistricting. [*Compare* D.E. 108 at ¶¶ 74-102 *with* D.E. 169-1 at ¶¶ 103-115]. Notwithstanding those revisions, and taking Plaintiffs at their word that the information submitted at trial is sufficient to resolve Plaintiffs' claims against CD5, CD6, CD10, CD12, and CD14, Legislative Defendants agree with the Williams Plaintiffs that "S.B. 249 does not moot their challenges to the congressional districts in the Piedmont Triad and Mecklenburg that were left unaffected by the 2025 Plan." [D.E. 169 at 4]. The Court should therefore proceed to address Plaintiffs' claims against these districts on the merits. The Court may exercise its discretion to forestall a decision concerning CD5, CD6, CD10, CD12, and CD14 until the record is developed concerning CD1 and CD3, or it may proceed to resolve the ripe claims at the Court's earliest convenience.

4. The analysis is even clearer as to the NAACP Plaintiffs' challenge to SD1, SD2, and SD8. S.B. 249 does not revise *any* state senate districts and thus bears no arguable relevance to these claims. The Court retains Article III jurisdiction to resolve the dispute

7

concerning these districts, and it should not await record development concerning the congressional plan to deliver a ruling on these districts. Given upcoming election-related deadlines, it would be ideal for all parties concerned to have the Court's judgment on these districts as soon as it is able to provide that ruling.[3]

For the foregoing reasons, Plaintiffs' challenge to CD1 is moot, but the Court should accept the Williams Plaintiffs' supplemental complaint challenging the revised version of CD1 and CD3 and the statewide claims. The Court should direct a unified response deadline after any permitted supplementation by which Legislative Defendants may answer or move to dismiss all supplemental complaints. If any claim withstands a motion to dismiss, the Court should direct the parties to meet-and-confer about a proposed scheduling order to govern forthcoming proceedings concerning new claims. The Court should not dismiss Plaintiffs' challenge to CD5, CD6, CD10, CD12, and CD14; it may choose to rule on these districts at its earliest convenience or defer a decision until after any residual challenge to CD1, CD3, or the 2025 Plan becomes ripe. Finally, the Court should not dismiss the NAACP Plaintiffs' challenge to SD1, SD2, and SD8; it should adjudicate those challenges at its earliest convenience.

---

[3] As Legislative Defendants previously noted to the Court, [D.E. 167], the Eastern District of North Carolina recently rejected a Section 2 challenge to SD1 and SD2. *Pierce v. N.C. State Bd. of Elections*, No. 4:23-cv-193, 2025 WL 2841008 (E.D.N.C. Sept. 30, 2025). The challengers in that case appealed to the Fourth Circuit and petitioned for initial hearing en banc. In opposing that petition, Legislative Defendants argued, *inter alia*, that this case presents the superior vehicle for resolution of Section 2 claims against SD1 and SD2 for various reasons stated in the opposition brief. *See* Opposition to Petition for Initial, Expedited Hearing En Banc, *Pierce v. N.C. State Bd. of Elections*, No. 25-2180. D.E. 27 (4th Cir. filed 10/14/25). Legislative Defendants reiterate these points here and urge the Court not to delay in resolving the claims against SD1, SD2, and SD8.

Respectfully submitted, this the 27th day of October, 2025.

| **BAKER & HOSTETLER LLP** | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
|---|---|
| By: /s/ Katherine L. McKnight | By: /s/ Phillip J. Strach |
| Richard B. Raile* | Phillip J. Strach |
| DC Bar No. 1015689 | North Carolina State Bar No. 29456 |
| Katherine L. McKnight* | Alyssa M. Riggins |
| DC Bar No. 994456 | North Carolina State Bar No. 52366 |
| Trevor Stanley* | Cassie A. Holt |
| DC Bar No. 991207 | North Carolina State Bar No. 56505 |
| 1050 Connecticut Ave. NW | Jordan A. Koonts |
| Suite 1100 | North Carolina State Bar No. 59363 |
| Washington, DC 20036 | 301 Hillsborough Street, Suite 1400 |
| Ph: (202) 861-1500 | Raleigh, North Carolina 27603 |
| rraile@bakerlaw.com | Ph: (919) 329-3800 |
| kmcknight@bakerlaw.com | phil.strach@nelsonmullins.com |
| tstanley@bakerlaw.com | alyssa.riggins@nelsonmullins.com |
|  | cassie.holt@nelsonmullins.com |
| Patrick T. Lewis* | jordan.koonts@nelsonmullins.com |
| Ohio State Bar No. 0078314 |  |
| Key Tower |  |
| 127 Public Square, Suite 2000 | *Attorneys for Legislative Defendants* |
| Cleveland, Ohio 44114 |  |
| Ph: (216) 621-0200 |  |
| plewis@bakerlaw.com |  |

Erika D. Prouty*
Ohio State Bar No. 0095821
Anna Croyts*
Ohio State Bar No. 0104620
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
Ph: (614) 462-4710
eprouty@bakerlaw.com
acroyts@bakerlaw.com


*Appeared via Special Notice*

## CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to counsel of record.

This the 27th day of October, 2025.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

/s/ Phillip J. Strach
Phillip J. Strach
N.C. State Bar No. 29456