# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>*Defendants*. | Civil Action No. 23 CV 1104 |

### NAACP PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs North Carolina State Conference of the NAACP, Common Cause, Mitzi Reynolds Turner, Dawn Daly-Mack, Corine Mack, Calvin Jones, Linda Sutton, and Syene Jasmin (collectively, "NAACP Plaintiffs"), by and through their undersigned counsel, hereby move for leave to file a Supplemental Complaint. The proposed Supplemental Complaint is attached as Exhibit A. State Board Defendants have indicated they take no position on this motion, and Legislative Defendants have indicated they do not oppose the motion.

NAACP Plaintiffs seek leave to file the Supplemental Complaint to address the changes to Congressional Districts 1 and 3 enacted via Senate Bill 249 (S.L. 2025-95) on October 22, 2025 by the North Carolina General Assembly after the conclusion of trial in this case. Specifically, NAACP Plaintiffs' proposed Supplemental Complaint sets forth additional factual allegations, alleges additional constitutional and statutory claims, and joins additional plaintiffs—Arthur Lee Johnson, Barbara Jean Sutton, and Courtney Patterson—harmed by the newly drawn Congressional Districts 1 and 3. The Supplemental Complaint does not alter the existing claims pending against districts unaffected by Senate Bill 249, nor allege harm beyond that arising as the result of the enactment of Senate Bill 249.

## BACKGROUND

On December 19, 2023, NAACP Plaintiffs brought this action to challenge North Carolina's 2023 Congressional Plan, which was enacted by Senate Bill 757 on October 25, 2023 as S.L. 2023-145 ("2023 Congressional Plan"). *N.C. State Conf. of the NAACP, et al. v. Berger, et al.*, No. 23-cv-1104 (M.D.N.C. Dec. 19, 2023), Doc. 1. The matter was

consolidated with *Williams v. Hall*, Doc. 34, and NAACP Plaintiffs filed their First Amended Complaint on April 22, 2025. Doc. 105. In June and July 2025, this Court held a bench trial. As of the time of this Motion, the Court has not issued a decision regarding NAACP Plaintiffs' challenges to the 2023 Congressional Plan.

On October 22, 2025, the North Carolina General Assembly enacted Senate Bill 249, altering the configuration of Congressional Districts 1 and 3. *See* Senate Bill 249 (S.L. 2025-95), available at https://www.ncleg.gov/BillLookup/2025/S249. The Supplemental Complaint alleges that the North Carolina General Assembly's decision to engage in the redistricting process and pass Senate Bill 249 was not motivated by any legitimate state interest (such as equalizing population imbalances), but rather by a desire to retaliate against voters. Specifically, the Supplemental Complaint alleges retaliation against Black voting communities, including the NAACP Plaintiffs and their members in Congressional District 1, for their electoral choices in 2024, their political associations and activities, and their decision to bring litigation against prior Congressional maps.

Senate Bill 249 reconfigures Congressional Districts 1 and 3 to diminish the voting power of North Carolina's Black voters even more severely than the 2023 Congressional Plan did. And even more so than the 2023 Congressional Plan, the process to enact Senate Bill 249 was intentionally rushed. In its rush, the General Assembly failed to ensure legal compliance with the Voting Rights Act, the United States Constitution, and other legal requirements. Overall, the process specifically targeted diluting the Black vote in Congressional District 1. The Supplemental Complaint pleads additional factual allegations and claims challenging newly drawn Congressional Districts 1 and 3, including

3

claims for retaliation, denial of the right to petition, and intentional discrimination under the First, Fifth, and Fourteenth Amendments and the North Carolina Constitution, and for intentional vote dilution in violation of Section 2 of the Voting Rights Act; and joins three additional individual plaintiffs who have been harmed by Senate Bill 249's reconfiguration of Congressional Districts 1 and 3.

The filing of NAACP Plaintiffs' Supplemental Complaint will not cause undue delay or prejudice because NAACP Plaintiffs timely seek to supplement their pleading less than one week after the North Carolina General Assembly enacted Senate Bill 249 redrawing Congressional Districts 1 and 3, and the new claims are related to the existing claims. Further, the filing of the Supplemental Complaint will not prevent this Court, pursuant to Federal Rule of Civil Procedure 54(b), from issuing a final judgment enjoining elements of the 2023 redistricting subject to separate claims, including challenges to the 2023 Senate Plan, that are unaffected by the General Assembly's changes to Congressional Districts 1 and 3. Accordingly, NAACP Plaintiffs seek leave to file the Supplemental Complaint, attached as Exhibit A, to challenge the aforementioned actions by the North Carolina General Assembly pursuant to Senate Bill 249 and pursue claims arising from those actions.

## ARGUMENT

Rule 15(d) of the Federal Rules of Civil Procedure provides, in relevant part, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Under Rule 15(d), a court may allow a party

4

Case 1:23-cv-01057-TDS-JLW   Document 175   Filed 10/27/25   Page 4 of 10

to file a supplemental pleading alleging facts or claims that have taken place subsequent to the pleading the party seeks to supplement, and to join new parties when appropriate. *See, e.g.*, *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) ("Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary.") (footnote omitted); *see also New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963). Rule 15(d) "is a useful device, enabling a court to award complete relief . . . in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." *New Amsterdam Cas. Co.*, 323 F.2d at 28. Supplemental pleadings are "of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears." *Id.* at 28-29; *see also Franks v. Ross*, 313. F.3d 184, 198 n.15 (4th Cir. 2002) ("Leave [to supplement] should be freely granted, and should be denied only where 'good reason exists …, such as prejudice to the defendants.") (citations omitted).

In determining whether to permit a party to file a supplemental pleading, courts consider factors including similarity and relationship to the pleading to be supplemented, speediness and judicial economy, and whether there are particular reasons to deny supplemental pleading, such as bad faith, undue delay, or prejudice. *See, e.g.*, *Ohio Valley Env't Coal. v. U.S. Army Corps of Eng'rs*, 243 F.R.D. 253, 256 (S.D.W. Va. 2007); *Est. of Williams-Moore v. All. One Receivables Mgmt.*, 335 F. Supp. 2d 636, 644 (M.D.N.C. 2004).

5

Here, the allegations and claims in the Supplemental Complaint relate to events that occurred after NAACP Plaintiffs filed their First Amended Complaint: NAACP Plaintiffs filed the operative complaint in this matter, challenging the General Assembly's 2023 further round of redistricting, on April 22, 2025, *see* Doc. 105; six months later, on October 22, 2025, the North Carolina General Assembly passed Senate Bill 249, effectuating yet another round of redistricting targeting Congressional District 1, which is already the subject of the operative complaint. And the allegations and claims in the Supplemental Complaint are closely related to the facts and claims already at issue in this case. For example, the allegations in the Supplemental Complaint are necessarily related to those alleged in support of NAACP Plaintiffs' Counts 7 and 9 from the operative complaint, which allege intentional vote dilution with respect to 2023 Congressional District 1 in violation of Section 2 of the Voting Rights Act, and intentional discrimination with respect to the 2023 Congressional Plan in violation of the Fourteenth and Fifteenth Amendments. Moreover, a significant amount of the evidence already in the trial record in this case, including evidence of voting patterns in 2024, racially polarized voting in North Carolina, North Carolina's history of racial discrimination, racial disparities in the North Carolina, and testimony of NAACP Plaintiffs and other Black voters from Congressional District 1 and North Carolina's historic Black Belt, supports the claims in the Supplemental Complaint.

Given the similar nature of the claims currently before the Court and those articulated in the Supplemental Complaint, granting this motion is in the interests of judicial economy and expediency. This Court is already familiar with the nature of the

6

allegations and claims included in the Supplemental Complaint. Disallowing the filing of a supplemental pleading would require the parties to expend significant time and duplicative effort to bring the additional claims before another court, which would then need to familiarize itself anew with the totality of the circumstances surrounding redistricting in North Carolina.

Although many of NAACP Plaintiffs' claims from the operative complaint are not affected by Senate Bill 249, the claims with respect to Congressional District 1 are affected (although they are not mooted for the reasons stated in NAACP Plaintiffs' Brief in Response to the Courts October 22 Text Order, *see* Doc. 174). To promote judicial efficiency, the Supplemental Complaint provides an up-to-date set of allegations, claims, and plaintiffs, "enabling [the] court to award complete relief." *New Amsterdam Cas. Co.*, 323 F.2d at 28. That alone is a sufficient basis to grant this motion.

There are no relevant factors that weigh against allowing supplemental pleading here. NAACP Plaintiffs brought this motion in good faith and without dilatory motive to ensure complete and up-to-date allegations are included in their operative complaint. This motion is filed less than one week after the North Carolina General Assembly's enactment of Senate Bill 249. Nor is there reason to believe that allowing supplemental pleading would cause prejudice to Legislative Defendants or State Board Defendants.

## CONCLUSION

For the reasons stated above, NAACP Plaintiffs' unopposed motion for leave to file their proposed Supplemental Complaint should be granted.

Dated: October 27, 2025                    Respectfully submitted,

                                              */s/ Hilary Harris Klein*
                                                    Hilary Harris Klein

**HOGAN LOVELLS US LLP**

J. Tom Boer*
Olivia Molodanof*
Madeleine Bech*
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111
Telephone: 415-374-2300
Facsimile: 415-374-2499
tom.boer@hoganlovells.com
olivia.molodanof@hoganlovells.com
madeleine.bech@hoganlovells.com

Jessica L. Ellsworth*
Misty Howell*
Odunayo Durojaye*
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: 202-637-5600
Facsimile: 202-637-5910
jessica.ellsworth@hoganlovells.com
misty.howell@hoganlovells.com
odunayo.durojaye@hoganlovells.com

Harmony Gbe*
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: 310-785-4600
Facsimile: 310-785-4601
harmony.gbe@hoganlovells.com

*Appearing in this matter by Special Appearance pursuant to L-R 83.1(d)

**SOUTHERN COALITION FOR SOCIAL JUSTICE**

Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Christopher Shenton (State Bar #60442)
Lily Talerman (State Bar #61131)
5517 Durham Chapel Hill Blvd.
Durham, NC 27707
Telephone: 919-794-4213
Facsimile: 919-908-1525
hilaryhklein@scsj.org
jeffloperfido@scsj.org
chrisshenton@scsj.org
lily@scsj.org

**ACLU FOUNDATION**

Ari J. Savitzky**
Ethan Herenstein**
Clayton Pierce**
Sophia Lin Lakin**
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
asavitzky@aclu.org
eherenstein@aclu.org
cpierce@aclu.org
slakin@aclu.org

**Applications to appear specially forthcoming*

**ACLU OF NORTH CAROLINA LEGAL FOUNDATION**

Jaclyn Maffetore (State Bar #50849)
Kristi L. Graunke (State Bar #51216)

P. O. Box 28004  
Raleigh, NC 27611  
(919) 354-5070  
jmaffetore@acluofnc.org  
kgraunke@acluofnc.org

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2025, I electronically filed the foregoing and its exhibits with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                                                       /s/ *Hilary Harris Klein*
                                                                                       Hilary Harris Klein