IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> REPRESENTATIVE DESTIN HALL, in his official capacity as Chair of the House Standing Committee on Redistricting, et al., <br> *Defendants*. | 1:23CV1057 |
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al., <br><br> *Defendants.* | 1:23CV1104 |

**ORDER**

These cases are before the court on the court's October 22, 2025 Order directing the parties to address the effect of the North Carolina General Assembly's enactment of Senate Bill 249, which created new Congressional districts, on the pending claims. The parties have filed responses. (Docs. 171, 172, 173, and 174.) Each of the Plaintiffs has also

filed a motion for leave to assert claims arising from the new Congressional districts.  (Docs. 169, 175.)

The court has carefully considered these filings.  The Legislative Defendants do not oppose Plaintiffs' motion for leave to file a supplemental complaint (Doc. 173 at 5), and the State Board of Election Defendants take no position on it (Doc. 171 at 1-2).  The court has determined that it retains jurisdiction as a three-judge panel to consider supplements to the pleadings in these cases. Fed. R. Civ. P. 15(d); see Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 227 (1964) ("Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary.") (footnote omitted).  If any party believes otherwise, it shall so notify the court forthwith.  The court also concludes that for reasons of judicial efficiency, to avoid needless delay and repetition of evidence, and to preserve the extensive trial record in this case, Plaintiffs' motions for leave to supplement their complaints should be granted.

In order to permit the court to rule as expeditiously as

possible, the parties shall meet and confer and propose an abbreviated schedule for the prompt resolution of the claims in the supplemental complaints.

For these reasons, therefore,

IT IS ORDERED that the motions for leave to file supplemental complaints by the Williams and NAACP Plaintiffs (Docs. 169, 175) are GRANTED. These Plaintiffs shall file and serve their supplemental complaints forthwith.

IT IS FURTHER ORDERED that the parties shall meet and confer and file, <u>no later than November 3, 2025 at 5:00 p.m.</u>, a proposed schedule for the court's consideration that contemplates all deadlines necessary through trial. If the parties cannot agree on a schedule, they shall set out separately what it is they agree on and, as to any area of disagreement, their respective positions. In so doing, they should be guided by the court's intention to resolve all claims as expeditiously as possible.

<pre>
                              /s/   Allison J. Rushing
                         United States Circuit Judge

                              /s/   Richard E. Myers, II
                         Chief United States District Judge

                              /s/   Thomas D. Schroeder
                         United States District Judge
</pre>

October 30, 2025