UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHAUNA WILLIAMS, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>REPRESENTATIVE HUGH BLACKWELL, in his official capacity as Chair of the House Standing Committee on Elections, et al.,<br><br>    *Defendants*.<br><br>_____<br><br>NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>PHILIP BERGER, in his official capacity as the President Pro Tempore of the North Carolina Senate, et al.,<br><br>    *Defendants*. | Civil Action No. 23 CV 1057<br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No. 23 CV 1104 |

### *WILLIAMS* PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), *Williams* Plaintiffs, for the reasons set forth herein and in the memorandum of law filed concurrently with this motion, and as supported by the materials submitted therewith, respectfully move for an order preliminarily enjoining Defendants from enforcing the boundaries of the congressional districts as drawn in Senate Bill 249 ("S.B. 249" or "2025 Plan").

A preliminary injunction is warranted because Plaintiffs are likely to succeed on the merits of their claim. S.B. 249 intentionally discriminates against Black voters by targeting

and dismantling the Black opportunity district in CD-1 in violation of the Fourteenth Amendment's Equal Protection Clause. The plan dilutes Black voting strength in CD-1 by moving Black communities out of former CD-1 and into CD-3 and white communities out of CD-3 and into CD-1, so that Black voters in both CD-1 and CD-3 are extremely unlikely to elect their candidates of choice. S.B. 249 must also be enjoined as a per se violation of the U.S. Constitution on two grounds. First, the General Assembly's use of five-year-old Census data results in present-day population deviations that are not otherwise justified by a legitimate state objective, in violation of Article I, Section 2 and the Fourteenth Amendment's one-person one-vote guarantee. Second, the General Assembly's unnecessary and unjustified consideration of race and partisanship in the course of a voluntary mid-cycle redistricting of a legislatively-enacted plan violates the First and Fourteenth Amendments.

A preliminary injunction is necessary to ensure relief in advance of the 2026 midterm elections. If elections proceed under the 2025 Plan, Black voters in northeast North Carolina, including several *Williams* Plaintiffs, will be irreparably harmed, deprived of their fundamental constitutional rights to vote free from discrimination. The public interest and balancing of the equities are served by protecting the right of every North Carolinian to vote on equal footing. There is "tremendous public interest in safeguarding 'the integrity of our electoral processes,' which 'is essential to the functioning of our participatory democracy.'" *Griffin v. N.C. State Bd. of Elections*, 781 F. Supp. 3d 411, 454 (E.D.N.C. 2025) (Myers, C.J.) (quoting *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006)).

Plaintiffs therefore request that the Court issue a preliminary injunction enjoining Defendant from enforcing or giving any effect to the boundaries of the congressional districts as drawn in S.B. 249 and order North Carolina to continue to use the 2023 Plan pending resolution of Plaintiffs' Piedmont and Mecklenburg claims on the trial record.

Dated: October 31, 2025

| | |
|---|---|
| **PATTERSON HARKAVY LLP** | **ELIAS LAW GROUP LLP** |
| By: /s/ *Narendra K. Ghosh*<br>Narendra K. Ghosh, NC Bar No. 37649<br>100 Europa Dr., Suite 420<br>Chapel Hill, NC 27517<br>(919) 942-5200<br>nghosh@pathlaw.com<br><br>*Counsel for* Williams *Plaintiffs* | By: /s/ *Lalitha D. Madduri*<br>Lalitha D. Madduri\*<br>Lucas Lallinger\*<br>Qizhou Ge\*<br>James J. Pinchak\*<br>250 Massachusetts Ave., Suite 400<br>Washington, D.C. 20001<br>Phone: (202) 968-4490<br>Facsimile: (202) 968-4498<br>LMadduri@elias.law<br>LLallinger@elias.law<br>AGe@elias.law<br>JPinchak@elias.law<br><br>Abha Khanna\*<br>1700 Seventh Avenue, Suite 2100<br>Seattle, Washington 98101<br>Phone: (206) 656-0177<br>Facsimile: (206) 656-0180<br>AKhanna@elias.law<br><br>\* *Special Appearance pursuant to Local Rule 83.1(d)* |

## CERTIFICATE OF SERVICE

I certify that on October 31, 2025, I electronically filed the foregoing using the Court's CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by that system.

/s/ *Lalitha D. Madduri*
Lalitha D. Madduri